AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    MAR -5 2014

WILLIAM W. BLEVINS
CLERK

| | |
|---|---|
| Lameeka McKinney | ) |
| _____ | ) |
| *Petitioner* | ) |
| v. | ) |
| Sheriff Newell Norman | ) |
| Jefferson Parish, Louisiana | ) |
| _____ | ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* | |

Case No. **14-489**

**SECT. F MAG 3**
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  Lameeka McKinney

    (b) Other names you have used: _____

2.  Place of confinement:

    (a) Name of institution:  Jefferson Parish Correctional Center

    (b) Address:  100 Dolhonde Street   Gretna, LA 70053

    _____

    (c) Your identification number:  CCN # 1000176279

3.  Are you currently being held on orders by:

    ☐ Federal authorities    ☑ State authorities    ☐ Other - explain:

4.  _____

    Are you currently:

    ☑ A pretrial detainee (waiting for trial on criminal charges)

    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you: _____

    (b) Docket number of criminal case: _____

    (c) Date of sentencing: _____

    ☐ Being held on an immigration charge

    ☐ Other *(explain):* _____

    _____

    _____

**TENDERED FOR FILING**

MAR 3 - 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee 5.00 pd
___ Process Page 2 of 10
X_ Dktd
___ CtRmDep___
___ Doc. No.___

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.   What are you challenging in this petition?

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☑ Other (explain):   Deprivation of counsel of choice, 6th & 14th Amendment violations, citing:

Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.158 (1932);

Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692 1697, 100 L.Ed.2d 140 (1988).

6.   Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:   Judge Nancy Miller,

24th Judicial District for the Parish of Jefferson

(b)  Docket number, case number, or opinion number:   NUMBER:455-947 SEC. "L" ,

(c)  Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed):

Trial court judge removed retained counsel and then refused to allow that same counsel of choice to enroll after

Ms. Mckinney consulted with court appointed independent counsel and the two perfected a well executed

affidavit containing an acknowledgment of and waiver of conflict.

(d)  Date of the decision or action:   06/21/2013

## Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes             ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:   Louisiana Fifth Circuit Court of Appeal

(2)  Date of filing:   07/01/2013

(3)  Docket number, case number, or opinion number:   No. 13-K-548

(4)  Result:   Writ Denied.

(5)  Date of result:   08/09/2013

(6)  Issues raised:   Denial of retained counsel of choice, after consultation with an independent court

appointed attorney, Ms. McKinney executed a well plead and particularized, "Waiver of Conflict".

Violation of the Sixth Amendment right to counsel and Fourteenth Amendment.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(b)  If you answered "No," explain why you did not appeal: _____

_____
_____

8.      **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes             ☐ No

(a)  If "Yes," provide:

   (1)  Name of the authority, agency, or court:   Louisiana Supreme Court  _____

   _____

   (2)  Date of filing:   09/09/2013

   (3)  Docket number, case number, or opinion number:      No. 2013-KK-2166

   (4)  Result:      La. S. Ct. DENIED WRIT-Chief Justice Johnson  & Justice Hughes would have granted*

   (5)  Date of result:   12/06/2013

   (6)  Issues raised:    Denial of retained counsel of choice.  Ms. McKinney reasserted her choice of

   counsel after consulting an independent court appointed attorney and he prepared and she executed an

   affidavit recognizing and waiving any and all alleged and/or imagined basis for "a conflict."

   Further Ms. McKinney contested the trial court's analysis and determination that there  was "a conflict."

   _____

      *Citing: Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed.158 (1932)

         Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692 1697, 100 L.Ed.2d 140 (1988)

(b)  If you answered "No," explain why you did not file a second appeal:  _____

_____
_____

9.      **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                 ☑ No

(a)  If "Yes," provide:

   (1)  Name of the authority, agency, or court:  _____

   _____

   (2)  Date of filing:  _____

   (3)  Docket number, case number, or opinion number:   _____

   (4)  Result:  _____

   (5)  Date of result:  _____

   (6)  Issues raised:  _____

   _____
   _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal: _____

The only higher court from which to seek appellate relief is the United States Supreme Court at this juncture.

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes                    ☑ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes              ☐ No

If "Yes," provide:

(1) Name of court:     _____
(2) Case number:       _____
(3) Date of filing:    _____
(4) Result:            _____
(5) Date of result:    _____
(6) Issues raised:     _____
_____
_____
_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes              ☑ No

If "Yes," provide:

(1) Name of court:     _____
(2) Case number:       _____
(3) Date of filing:    _____
(4) Result:            _____
(5) Date of result:    _____
(6) Issues raised:     _____
_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____

(c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
        conviction or sentence:   Pre-trial deprivation of retained counsel of choice. Sixth Amendment Violation.
        Ms. McKinney is facing a Second Degree Murder prosecution and to force her to trial without counsel of
        choice and to suffer conviction and being sentenced to natural life in prison prior to receiving
        relief for the violation and deprivation of the rights guaranteed to every criminally accused person in
        our country is inappropriate given the proceedural posture of this matter.
        Ms. McKinney is  is being held in a parish jail and there is no adequate remedy at state law.
        Appelate remidies at the state level were exhaused and petitioner did not file a petition for certiorari to
        the US Supreme Court, which is not a prerequisite to the filing of this petition.

11.     **Appeals of immigration proceedings**

        Does this case concern immigration proceedings?

        ☐ Yes                ☑ No

        If "Yes," provide:

(a)     Date you were taken into immigration custody: _____

(b)     Date of the removal or reinstatement order: _____

(c)     Did you file an appeal with the Board of Immigration Appeals?

        ☐ Yes                ☐ No

        If "Yes," provide:

        (1) Date of filing: _____

        (2) Case number: _____

        (3) Result: _____

        (4) Date of result: _____

        (5) Issues raised: _____

        _____
        _____
        _____
        _____
        _____
        _____

(d)     Did you appeal the decision to the United States Court of Appeals?

        ☐ Yes                ☑ No

        If "Yes," provide:

        (1) Name of court: _____

        (2) Date of filing: _____

        (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes              ☑ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

### Grounds for Your Challenge in This Petition

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE:**   Sixth Amendment Violation.

Recognized by the Chief Justice of the Louisiana Supreme Court

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

Mr. Martin Regan, Jr. was hired by Ms. McKinney before she was formally charged in this matter. On the

morning of trial, the trial court judge removed counsel, on the basis of a purported "waivable conflict." The trial

court rejected Ms. Mckinney's sworn waiver of the purported conflict and removed counsel. The court appointed

attorney Vasquez. He met with Ms. McKinney and drafted a Acknowledgment and Waiver of Conflict, which the

two executed in affidavit form. Mr. Regan filed a new Motion to Enroll, accompanied by the affidavit and a

Memorandum of Law. The trial court denied enrollment, the Fifth Circuit and Supreme Courts affirmed her action.

(b) Did you present Ground One in all appeals that were available to you?

☑ Yes             ☐ No


**GROUND TWO**:  Failure to conduct a "Garcia Hearing."


(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

When the Motion to Enroll with Attached Affidavit of Ms. McKinney and Memorandum of Law, was filed,

Ms. McKinney requested that a "Garcia" hearing be conducted and attached the relevant pages from the

bench book of the US District Court for the Eastern District of Louisiana.

The trial court judge opined that Ms. McKinney's Affidavit, which was executed with court appointed counsel,

did not constitute "new evidence" and presented "nothing" for the court to consider.

No hearing was conducted, the Motion to Enroll, was "stricken" from the record.


(b) Did you present Ground Two in all appeals that were available to you?

☑ Yes             ☐ No


**GROUND THREE**:  Erroneous determination that a mere violation of a Rule of Professional Conduct

required removal  and that "such conflict" was not waivable, despite it being waived in open court under oath

by both Ms. McKinney and Robert Scott her co-defendant and "husband."


(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The trial court ruled when former counsel for Mr. Scott, who had assumed a position as a paralegal for Mr. Regan

prepared a pleading to secure funding for an independent forensic pathologist, pursuant to "Ake" , a "waivable

conflict" was engendered. Each defendant swore in open court that they were aware of the joint efforts and

waived any "conflict"in open court. La. R. P. R. 1.7, (b.), (4.) dictates that the waiver be "in writing."

Despite Ms. McKinney's constitutional right to counsel and the fact that she and Mr. Scott, her co-defendant

had incontrovertibly acknowledged  the joint efforts the technical requisite of Louisiana Rules of Professional

Responsibility, trumped Ms. McKinney's federal constitutional right to counsel of choice..

(b) Did you present Ground Three in all appeals that were available to you?

☑ Yes             ☐ No

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
       not: _____

_____

_____

_____

### Request for Relief

15. State exactly what you want the court to do:   To order me released or that the State of Louisiana

honor the rights guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution

Constitution and the jurisprudence pertinent thereto and allow me to have privatively retained counsel of choice.

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 2-20-14

_____
                              *Signature of Petitioner*


_____
                        *Signature of Attorney or other authorized person, if any*

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1. **Who Should Use This Form**. You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**. You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**. The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. **A false statement may lead to prosecution.**

   All questions must be answered clearly and concisely in the space on the form. If needed, you may attach additional pages or file a memorandum in support of the petition. If you attach additional pages, number the pages and identify which section of the petition is being continued. Note that some courts have page limitations. All filings must be submitted on paper sized 8½ by 11 inches. **Do not use the back of any page.**

4. **Supporting Documents**. In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

5. **Required Filing Fee**. You must include the $5 filing fee required by 28 U.S.C. § 1914(a). If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

6. **Submitting Documents to the Court**. Mail your petition and _____ copies to the clerk of the United States District Court for the district and division in which you are confined. For a list of districts and divisions, see 28 U.S.C. §§ 81-131. All copies must be identical to the original. Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

7. **Change of Address**. You must immediately notify the court in writing of any change of address. If you do not, the court may dismiss your case.

Dear Sir/Madam:

I was appointed to represent Ms. McKinney on January 29th 2013, after Judge Nancy Miller removed Ms. McKinney's privately retained counsel of choice, after Ms. McKinney waived any/all actual or purported "conflicts" in open court under oath and over Ms. McKinney's objection.

After I was appointed, I met with Ms. McKinney.  Her primary concern was to be able to understand why and how she had been stripped of counsel the very morning that jury selection was set to begin for her Second Degree Murder trial.

We discussed Judge Miller's *Per Curium*, which set forth her reasoning. I extensively explained the law of conflicts to her.  Our discussion encompassed both actual conflicts and potential conflicts.

I explained to Ms. Mckinney that Judge Miller's *Per Curium* stated that Mr. Regan was removed for what the judge wrote was a "waivable" conflict and that the judge refused to accept her waiver of the conflict.  Ms. McKinney inquired why had the judge refused to accept Ms. McKinney's acknowledgment of the issue and waiver under oath.

As a result of my independent consultation with Ms. McKinney, I am confident that she had and continues to have no objection what Mr. Wainwright did; participating as a paralegal with the permission of the Louisiana Supreme Court and drafting the pleading that secured the funding for Dr. Nicholls, the independent forensic pathologist, to appear and testify on Ms. McKinney's behalf.  Both Ms. McKinney's and Mr. Scott's families had jointly secured the initial fee to secure the preliminary review of the medical records and autopsy records of their



deceased child by Dr. Nicholls.  However, the families were unable to raise the funds to secure

his presence for their trials.  Ms. McKinney had no objection to Mr. Wainwright working as a

paralegal in Mr. Martin Regan's firm, and she repeatedly has stated as much on numerous

occasions under oath.

The discussions that <u>I independently conducted with Ms. McKinney</u> were memorialized

in her February 8th 2013, sworn, detailed and particularized Waiver of Conflict-Affidavit. I was

the Notary.

I support Ms. McKinney's right to retained counsel of choice.  She is facing natural life

imprisonment.  I support the filing of these pleadings and do not object to seeking reinstatement

of Mr. Martin Regan, Jr., as Ms. McKinney's counsel.


Signed:

Cesar J. Vazquez, Esq. LSBA#19195
828 2nd St, 3rd Floor
Gretna, LA 70054
(504) 364-2824

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAMEEKA MCKINNEY | ) | CIVIL ACTION NO. _____ |
| *Petitioner* | ) | |
| | ) | |
| versus | ) | CASE NO. _____ |
| | ) | |
| NEWELL NORMAND, SHERIFF | ) | DIVISION _____ |
| *Respondent* | ) | |
| | ) | |

PRO SE
PETITION FOR HABEAS RELIEF UNDER 28 U.S.C. §2241
from a detention in the
24th Judicial District Court, Jefferson Parish, Louisiana

**EXHIBITS FOR THE PRO SE**
**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241**

IN THE

SUPREME COURT

STATE OF LOUISIANA

CASE NO. _____

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY, ET AL.

DEFENDANT'S APPLICATION FOR WRIT OF CERTIORARI AND
PROHIBITION TO REVIEW THE RULING OF THE
LOUISIANA FIFTH CIRCUIT COURT OF APPEAL IN NO. 2013-K-0548,
24TH DISTRICT COURT CASE NO. 11-5008, DIV. "I,"
THE HONORABLE NANCY MILLER, PRESIDING

APPENDIX

MARTIN E. REGAN, JR., # 11153
Regan & Sandhu, P.L.C.
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.:  504.522.7260
Fax:  504.522.7507

## INDEX

1. Bill of Information for Case No. 11-5008

2. "Docket Master" for Case No. 11-5008

3. Defendant's Application for Writs to the Louisiana Fifth Circuit Court of Appeal,
   with exhibits.

4. Defendant's Supplement to writ application, with exhibits

5. State's Motion to Use Another Record

6. State's Reply

7. Defendant's Response to State's Reply

THE STATE OF LOUISIANA

Twenty-Fourth Judicial
Parish of Jefferson

LAMEEKA MCKINNEY B / F (12/15/1987)
ROBERT L SCOTT B/M (11/18/1985)

On the __19__ day of _January_, _2012_ the Grand Jurors of the State of Louisiana,
duly empanelled and sworn, in and for the body of the PARISH OF JEFFERSON, in the name
and by the authority of the said State, upon their Oath, present: That one

LAMEEKA MCKINNEY Jail
ROBERT L SCOTT, III Jail

late of the Parish of Jefferson, on or between December 14th, 2010 and February 20th in the year
of our Lord, Two Thousand Eleven with force of arms, in the parish aforesaid, and within the
jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish
aforesaid, violated LA R.S. 14:30.1 in that they did commit the second degree murder of a Known
Juvenile (DOB 10/3/10),

contrary to the form and Statute of the State of Louisiana, and against the peace and
dignity of the State.

_Sunny Funk_
Sunny D. Funk
Assistant District Attorney

A True Bill

_Ann Costny_
Foreperson of the Grand Jury,
Parish of Jefferson

2012 JAN 19 AM 10:48
DEPUTY CLERK
PARISH OF JEFFERSON, LA
FILE FOR RECORD

IMAGED   JAN 19 2012

| Cnt | Def | Arrest Track | Item Num | Statute | Cls | Description |
|---|---|---|---|---|---|---|
| I | Lameeka McKinney | B1123249 | B1961911 | 14:30.1 | 2 | Murder/Second Degree |
| II | Robert Scott | B1123349 | B1961911 | 14:30.1 | 2 | Murder/Second Degree |

Indictment for:  Class 2          031-166756

Filed:  January  19  2012     Deputy Clerk: _____

11-5008

Exhibit
1

**CASE:** 11-05008   **STATE vs LAMEEKA MCKINNEY, ROBERT SCOTT**

**File Date:** 01/19/2012      **Close Date:** OPEN      **Div:** I

**Defendant #1:** LAMEEKA MCKINNEY **Class:** 2      **DA Case Nbr:** 51166756

### Address

| Name: | LAMEEKA MCKINNEY | | |
|---|---|---|---|
| Address: | 2800 MT KENNEDY DRV | | |
| | MARRERO LA | | |
| Phone1: | | | |
| Phone2: | | **SID:** | 2719665 |
| SSN: | | **DL:** | |
| DOB: | 12/16/1987 | **CCN:** | 1000176279 |
| Race/Sex: | B/F | **B of I:** | |

### Charge

| Item NBR | Count | Statute | Type | Class | Description | Charge | Disp DT | Disposition |
|---|---|---|---|---|---|---|---|---|
| B1961911 | 1 | 14:30.1 | F | 2 | MURDER/SECOND DEGREE | (Grand Jury Indictment A 'TRUE BILL" | | |

### Motion

| By | Motion | Disposition | Date |
|---|---|---|---|
| ATD | Other motion; | | |
| ATD | Omnibus motions; | | |
| ATD | Disclose Impeaching Information; | | |
| ATD | Discovery and Inspection; | | |
| ATD | Other motion; | | |
| ATD | Preliminary hearing; | | |
| ATD | Produce police report; | | |
| ATD | Suppress confession; | | |
| ATD | Suppress evidence; | | |
| ATD | Suppress Identification; | | |
| ATD | Reduce bond; | | |
| ATD | Subpoena Duces Tecum; | | |
| ATD | Continue; | | |
| ATD | Other motion; | | |
| ATD | Other motion; | | |

### Calendar

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 08/28/2013 | 10/10/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 08/28/2013 |
| 06/21/2013 | 08/28/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 06/21/2013 (set at 10:00 a.m.) |
| 05/13/2013 | 06/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 05/13/2013 (set at 10:00 a.m.), Hearing on Motion to Enroll |
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/04/2013 | 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |
| 01/30/2013 | 02/04/2013 | JSR | Court Status Hearing: |
| 01/29/2013 | 01/30/2013 | JSR | Trial: trial continued from 01/29/2013 |
| 01/28/2013 | 01/29/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 11/05/2012 | 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 01/22/2013 | 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/18/2013 | 01/22/2013 | JSR | Pre-trial conference: |
| 10/18/2012 | 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| 09/14/2012 | 10/18/2012 | JSR | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 a.m.) |
| 09/10/2012 | 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |

12

9/9/2013 12:51 PM



| 08/21/2012 | 09/10/2012 | JSR | Trial: |
|---|---|---|---|
| 08/27/2012 | 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/22/2012 | 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 07/23/2012 | 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |

**Minute**

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 08/28/2013 | 10/10/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 08/28/2013 |
| 08/28/2013 | 08/28/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: attorney is in Court in another Parish. |
| 08/14/2013 | 08/14/2013 | MAM3 | Case active: 5th Circuit Court of Appeals Writ Denied 13-K-548 filed |
| 08/09/2013 | 08/09/2013 | MAM3 | Docket minute: 5th Circuit Court of Appeals Writ Denied 13K548 filed |
| 06/21/2013 | 08/28/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 06/21/2013 (set at 10:00 a.m.) |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: motions need to be heard. |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: Mr. Aidan Shah and Mr. Martin Regan was present on a re-hearing on a Motion to Enroll, the State moved to strike this motion, the Court finds an actual conflict does exist, the Court strikes the Motion to Enroll filed by Mr. Martin Regan, objection by Mr. Regan noted. Mr. Regan requested 10 days to take a writ, 10 days granted by the Court. |
| 05/20/2013 | 05/20/2013 | AMJ | Case active: Motion to enroll and incorporated memorandum in support filed (SIGNED) |
| 05/14/2013 | 05/14/2013 | JSR | Case active: copy of fax from Fifth Circuit, rehearing was this day refused in the case entitled |
| 05/13/2013 | 06/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 05/13/2013 (set at 10:00 a.m.), Hearing on Motion to Enroll |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pursuant to a bench conference. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: The Court ordered the State to turn over discovery to the Defense by close of business today. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: 3 CD's were given to the Defense in open Court today. |
| 04/05/2013 | 04/05/2013 | MAM3 | Docket minute: Letter from Supreme Court of La 2013KK725 filed |
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: The Motion to Set Aside Order is moot, Mr. Martin Regan was present on this motion only. |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/21/2013 | 02/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: Mr. Regan filed a motion for rehearing in the 5th Circuit Court. |
| 02/13/2013 | 02/13/2013 | DBD | Docket minute: Application For Rehearing With Incorporated Brief In Support filed |
| 02/08/2013 | 02/08/2013 | AMJ | Case active: Lameeka McKinney Affidavit Filed and walked up |
| 02/07/2013 | 02/07/2013 | JHS | Case active: Motion to set aside order filed and walked up (SIGNED) |
| 02/04/2013 | 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |

9/9/2013 12:51 PM

| | | | |
|---|---|---|---|
| 02/04/2013 | 02/04/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: pursuant to a bench conference. |
| 01/30/2013 | 01/30/2013 | MAM3 | Docket minute: 5th Circuit Court of Appeals Writ Denied 13K68 filed |
| 01/30/2013 | 02/04/2013 | JSR | Court Status Hearing: |
| 01/30/2013 | 01/30/2013 | DH1 | Motions: Motions Filed;Notice Of Intent To Seek Emergency Writs - Other motion |
| 01/30/2013 | 01/30/2013 | DH1 | Case active: Affidavit Filed |
| 01/30/2013 | 01/30/2013 | DH1 | Case active: Application For Writ Of Certiorari And Prohibition To Review The Ruling Of The Honorable Nancy Miller,Judge,Division I The Parish Of Jefferson |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: a general hearing |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a general hearing. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant is currently incarcerated In Jefferson Parish Prison. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: Writ that Mr. Regan filed yesterday was denied by the 5th Circuit Court today. The Defense advised the Court that he wants to take a writ to the State Supreme Court. The Court asked the Defendant If she could afford an attorney, she said she could not, therefore the Court appointed IDB to represent this Defendant. The Court set this matter for status on 2/4/13 at 9:00 a.m. |
| 01/30/2013 | 01/30/2013 | SYS | Case active: IDB REQUEST FOR APPT OF COUNSEL FILED |
| 01/30/2013 | 01/30/2013 | JSR | Case active: copy of application for writs from 5th Circuit, Writ denied |
| 01/29/2013 | 01/30/2013 | JSR | Trial: trial continued from 01/29/2013 |
| 01/29/2013 | 01/29/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pending ruling from the 5th Circuit Court. |
| 01/29/2013 | 01/29/2013 | JSR | Case active: Order signed by Judge Miller (SIGNED) |
| 01/29/2013 | 01/29/2013 | KH | Case active: NOITCE OF INTENT TO SEEK EMERGENCY WRITS WALKED TO DIV |
| 01/28/2013 | 01/28/2013 | ENJ | Docket minute: Motion for preliminary examination to perpetuate testimony filed and walked to div (SIGNED) |
| 01/28/2013 | 01/28/2013 | ENJ | Docket minute: Motion and incorporated memorandum for conflict of Interest inquiry filed and walked to div (SIGNED) |
| 01/28/2013 | 01/28/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 01/28/2013 | 01/28/2013 | JHS | Motions: Motions Filed---Motion to compel testimony - Other motion |
| 01/28/2013 | 01/28/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: additional motions to be heard. |
| 01/28/2013 | 01/28/2013 | JSR | Docket minute: The State filed a Motion for Conflict of Interest Inquiry and Motion for Preliminary Examination, the Court set these motions for hearing on 1/29/13 at 9:00 a.m. |
| 01/25/2013 | 01/25/2013 | JSR | Case active: Order signed by Judge Miller, that the JP Public Defenders Office pay defense expert costs to George R. Nichols, II, M.D. In the amount of $5,075.00 (SIGNED) |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: a pre-trial conference |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: The Defendant is currently Incarcerated in Jefferson Parish Prison. |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: The Court issued an order to the Jefferson Parish Public Defenders Office to pay for expert costs to George R. Nichols, II M.D. In the amount of $5,075.00. Order served upon Mr. Richard Tompson personally this morning, per Judge Miller. |
| 01/25/2013 | 01/25/2013 | JSR | Docket minute: Motion in Limine filed by the Defense is premature, the Court will address this at the end of the Defense examination of Dr. Nichols, objection by the Defense counsel noted. The Court advised Mr. Regan that this trial is set to go forth on Tuesday,1/29/13 at 9:00 a.m. Pre-trial conference is satisfied. |
| 01/25/2013 | 01/25/2013 | JHS | Case active: Motion for the issuance of a subpoena duces tecum filed (SIGNED) |
| 01/24/2013 | 01/24/2013 | JHS | Case active: Notice of State's Discovery Materials provided to defense filed |
| 01/23/2013 | 01/23/2013 | JHS | Docket minute: Motion for continuance filed (SIGNED) |
| 01/23/2013 | 01/23/2013 | JHS | Motions: Motions Filed--Motion in Liminae filed (SIGNED) - Continue |
| 01/23/2013 | 01/23/2013 | JHS | Case active: Motion in Liminae filed |
| 01/22/2013 | 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: a pre-trial conference |

| | | | |
|---|---|---|---|
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: Pre-Trial Conference was held in chambers, additional Pre-Trial Conference set for 1/25/13 at 9:30 a.m. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: Richard Tompson was present representing the IDB. Pre-Trial Conference is concerning |
| 01/22/2013 01/22/2013 | JSR | Docket minute: IDB Funds and a possible Motion in Limine by the Defense. |
| 01/18/2013 01/22/2013 | JSR | Pre-trial conference: |
| 01/18/2013 01/18/2013 | JHS | Case active: Motion to set status conference filed and walked up (SIGNED) |
| 11/28/2012 11/28/2012 | DBD | Docket minute: Out of State subpoena return service |
| 11/05/2012 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 11/05/2012 11/05/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: waiting on Dr's report. |
| 10/18/2012 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| 10/18/2012 10/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: to obtain completed reports from the Dr.. |
| 09/25/2012 09/25/2012 | JHS | Case active: Notice of State's supplemental discovery filed |
| 09/19/2012 09/19/2012 | DH1 | Case active: Subpoena Return |
| 09/18/2012 09/18/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 09/18/2012 10/18/2012 | JSR | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 a.m.) |
| 09/14/2012 09/14/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 09/14/2012 09/14/2012 | JSR | Docket minute: The Court took up the Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology: |
| 09/14/2012 09/14/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 09/14/2012 09/14/2012 | JSR | Docket minute: W - Robert Scott |
| 09/14/2012 09/14/2012 | JSR | Docket minute: Exhibit #1 - copy of fees and expenses - Defense Evidence |
| 09/14/2012 09/14/2012 | JSR | Docket minute: Exhibit #2 - Curriculum Vitae of Dr. George R. Nichols, II, M.D. - Defense Evidence |
| 09/14/2012 09/14/2012 | JSR | Docket minute: this matter was continued for status on 10/18/12 at 11:00 a.m. |
| 09/13/2012 09/13/2012 | JSR | Case active: (3) orders signed by Judge Miller for subpoena duces tecum |
| 09/12/2012 09/12/2012 | PWB | Motions: Motion And Order For Subpoena Duces Tecum filed (Children's Hospital) - Subpoena Duces Tecum |
| 09/12/2012 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (East Jefferson General Hospital) |
| 09/12/2012 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (Ochsner Medical Center) |
| 09/10/2012 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 09/10/2012 09/10/2012 | JSR | Docket minute: continuance: Requested jointly. reason: No reason given |
| 08/27/2012 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/27/2012 08/27/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 08/22/2012 08/22/2012 | JHS | Docket minute: waiver of right to speedy trial filed and walked up |
| 08/22/2012 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 08/22/2012 08/22/2012 | JHS | Case active: Ex-Parte motion for I.D.B. funds for expert assistance in the field of forensic pathology filed and walked up |
| 08/22/2012 08/22/2012 | JSR | Case active: Order signed by Judge Miller, setting Motion for IDB Funds for hearing on 8/27/12 |
| 08/21/2012 09/10/2012 | JSR | Trial: |
| 08/21/2012 08/21/2012 | JSR | Docket minute: a pre-trial hearing |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The defense attorney waives the presence of the Defendant, LAMEEKA MCKINNEY. |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The Defendant is presently incarcerated at the Jefferson Parish Correctional Center. |

en

| | | | |
|---|---|---|---|
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: The Court reset the trial in this matter for 9/10/12 at 9:00 a.m., objection by the Defense |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: counsel noted. |
| 08/20/2012 | 08/20/2012 | KH | Case active: CERTIFIED ELECTRONIC SIGNATURE RETURN RECEIPT FILED |
| 08/20/2012 | 08/20/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 08/09/2012 | 08/09/2012 | HTS | Case active: SERVICE - Subpoena sent Certified Mail - (Scott Benton,MD FAAP) |
| 08/08/2012 | 08/08/2012 | JHS | Docket minute: State Witness List filed |
| 08/08/2012 | 08/08/2012 | JSR | Case active: Order signed by Judge Steib, State's Motion for Discovery and Alibi Defense |
| 08/07/2012 | 08/07/2012 | TAG | Docket minute: States motion for discovery and alibi defense filed |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: a general hearing |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a Pre-Trial Conference. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant was represented by WILLIAM M. DOYLE. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant is currently Incarcerated in Jefferson Parish Prison. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: Pre-Trial Conference is satisfied, by lack of attendance of trial counsel, Mr. Martin Regan. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: Trial is currently set for 8/20/12 at 9:00 a.m. |
| 07/23/2012 | 07/23/2012 | JHS | Docket minute: Motion to withdraw as counsel of record filed and walked up |
| 07/23/2012 | 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 07/23/2012 | 07/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 07/23/2012 | 07/23/2012 | JSR | Docket minute: The Court ordered that Mr. Regan appear in person on 7/26/12 at 9:00 a.m. to update the status of this case, and that this case will go to trial on 8/20/12. |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 06/18/2012 | 06/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 06/18/2012 | 06/18/2012 | JSR | Docket minute: Pre-trial Conference is continued by the Defense to 7/23/12 at 9:00 a.m. |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: a pre-trial conference |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: Pre-trial conference is satisfied, Defense received all medical records. Defense wants to hire |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: a medical expert. |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/24/2012 | 05/24/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 05/21/2012 | 05/21/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 04/25/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 5/21/12 at 9:00 a.m. |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 6/18/12 at 9:00 a.m. |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: At the hour of 3:15 p.m. the Court took up the Motion to Suppress Statement and Evidence: |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Det. Jeffery Rodrigue, JPSO |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#7 - copy of rights of arrestee or suspects form - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Matthew Vasquez, JPSO |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#1 - copy of JPSO rights of arrestee or suspects form - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#2 - transcribed taped statement of Lameeka McKinney - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#3 - copy of consent to search form - State Evidence |

| | | | |
|---|---|---|---|
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#4 - search warrant for telephone - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#5 - application for search warrant - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#6 - return on search warrant for telephone - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: heard - submitted - at the hour of 4:21 p.m. the Motion to Suppress Statement and Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: were denied by the Court, objection by the Defense counsel noted. |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 03/23/2012 | 03/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/27/2012 | 02/27/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: 3 disks of discovery was provided to the Defense today in open Court. |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: Set for status. |
| 02/02/2012 | 02/02/2012 | JHS | Docket minute: State witness list |
| 02/01/2012 | 02/01/2012 | JSR | Motions: Motions Filed - Reduce bond |
| 02/01/2012 | 02/01/2012 | JSR | Case active: Order signed by Judge Miller, setting omnibus motions for hearing on 2/13/12 |
| 01/31/2012 | 01/31/2012 | SMD | Motions: Motions Filed: OMNIBUS MOTIONS AND ORDER FOR PRE-TRIAL MOTIONS - Omnibus motions, Disclose impeaching information, Discovery and inspection, Other motion, Preliminary hearing, Produce police report, Suppress confession, Suppress evidence, Suppress identification |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Written notice given to the Defendant |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: arraignment |
| 01/20/2012 | 01/20/2012 | JMP | Plea: Plea NOT GUILTY |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/20/2012 | 01/20/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/19/2012 | 01/19/2012 | VBL | Docket minute: Indictment Filed - Case re-allotted - To Division I Judge NANCY A. MILLER |
| 01/19/2012 | 01/19/2012 | VBL | Charge: Cnt 1 Item B1961911 RS 14:30.1 |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: a general hearing |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Motion continued to 1-24-12. |
| 01/17/2012 | 01/17/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 1 MOTION PRELIM HEAR V |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 2 MOTION TO REDUCE BND V |
| 01/03/2012 | 01/03/2012 | JHS | Motions: Motions Filed - Other motion |
| 01/03/2012 | 01/03/2012 | JHS | Case active: Motion for release pursuant to article 701 filed |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: a preliminary hearing |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Probable cause was found to hold on the 14:30.1 under item number B-19619-11. |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Motion for Bond Reduction - Denied |
| 11/16/2011 | 11/16/2011 | JMP | Case active: JAIL COURT DISPO |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 1 MOTION PRELIM HEAR V (PROBABLE CAUSE FOUND) |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 2 MOTION TO REDUCE BND V (DENIED) |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: continuance: Requested jointly. reason: officer not available. |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |

9/9/2013 12:51 P

11/02/2011 11/02/2011 JMP   Docket minute: ADA requested If co - defendant has a Preliminary hearing filed before
this day to set it the same day.

| | | | |
|---|---|---|---|
| 11/02/2011 | 11/02/2011 | JMP | Case active: JAIL COURT DISPO |
| 11/07/2011 | 11/07/2011 | GMV | Docket minute: ORDER PE MBR AND MOTION TO ENROLL SIGNED BY COMMISSIONER |
| 10/05/2011 | 10/05/2011 | VBL | Docket minute: Case allotted - Class V Division A Judge Raymond S. Steib Jr. |
| 10/05/2011 | 10/05/2011 | VBL | : Cnt 1 Item B1961911 RS MOTION PRELIM HEAR |
| 10/05/2011 | 10/05/2011 | VBL | : Cnt 2 Item B1961911 RS MOTION TO REDUCE BND |

**Party**

| PartyType | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| Attorney | CESAR J VAZQUEZ | 848 2ND STREET THIRD FLOOR | GRETNA | LA | 70053 |
| Witness | BRADY J BUCKLEY | | | | |
| Witness | CHARLES SCHIBER | | | | |
| Witness | DANA TROXCLAIR | | | | |
| Witness | DR. ERIC ZICKERMAN | | | | |
| Witness | DWANA BAILEY | | | | |
| Witness | EDWIN J KLEIN | | | | |
| Witness | ELIZABETH KLEIN | | | | |
| Witness | JARROD J GERVAIS | | | | |
| Witness | JEFFERY E RODRIGUE | | | | |
| Witness | MATTHEW A VASQUEZ | | | | |
| Witness | MICHELLE RUDA MD | | | | |
| Witness | RENOID BERTHELOT | | | | |
| Witness | RICHARD TOMPSON | | | | |
| Witness | SCOTT BENTON MD FAAP | | | | |
| Witness | WAYNE G RUMORE JR. | | | | |

**Subpoena**

| Schedule | Printed | Hearing | Type | SVC | Date | Party | Name |
|---|---|---|---|---|---|---|---|
| 10/10/2013 | 09/03/2013 | OTH | Subpoena | | | DEF | LAMEEKA MCKINNEY |
| 10/10/2013 | 09/03/2013 | OTH | Subpoena | | | DEF | ROBERT L SCOTT III |
| 10/10/2013 | 09/03/2013 | OTH | Subpoena | P | 09/05/2013 | ATD | CESAR J VAZQUEZ |
| 10/10/2013 | 09/03/2013 | OTH | Subpoena | P | 09/06/2013 | ATD | FRANK G DESALVO |
| 10/10/2013 | 09/03/2013 | OTH | Subpoena | O | 06/28/2013 | ATD | FRANK G DESALVO |
| 08/28/2013 | 06/21/2013 | OTH | Subpoena | P | 07/03/2013 | DEF | LAMEEKA MCKINNEY |
| 08/28/2013 | 06/21/2013 | OTH | Subpoena | P | 07/03/2013 | DEF | ROBERT L SCOTT III |
| 08/28/2013 | 06/21/2013 | OTH | Subpoena | P | 06/26/2013 | ATD | CESAR J VAZQUEZ |
| 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/24/2013 | DEF | LAMEEKA MCKINNEY |
| 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/17/2013 | ATD | CESAR J VAZQUEZ |
| 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/24/2013 | DEF | ROBERT L SCOTT III |
| 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/21/2013 | ATD | FRANK G DESALVO |
| 05/13/2013 | 03/26/2013 | OTH | Subpoena | O | 03/26/2013 | DEF | LAMEEKA MCKINNEY |
| 05/13/2013 | 03/26/2013 | OTH | Subpoena | P | 04/08/2013 | DEF | ROBERT L SCOTT III |
| 05/13/2013 | 03/26/2013 | OTH | Subpoena | P | 04/08/2013 | ATD | FRANK G DESALVO |
| 05/13/2013 | 03/20/2013 | OTH | Subpoena | P | 03/27/2013 | ATD | CESAR J VAZQUEZ |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | ELIZABETH KLEIN |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JEFFERY E RODRIGUE |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/04/2013 | WTS | MICHELLE RUDA MD |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | WAYNE G RUMORE JR. |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/08/2013 | WTS | CHARLES SCHIBER |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DANA TROXCLAIR |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DWANA BAILEY |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/05/2013 | WTS | SCOTT BENTON MD FAAP |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | RENOID BERTHELOT |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | BRADY J BUCKLEY |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JARROD J GERVAIS |

9/9/2013 12:51 P

| | | | | | | |
|---|---|---|---|---|---|---|
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | EDWIN J KLEIN |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | MATTHEW A VASQUEZ |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/06/2013 | WTS | DR. ERIC ZICKERMAN |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | ROBERT L SCOTT III |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | ATD | FRANK G DESALVO |
| 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |
| 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/01/2013 | ATD | MARTIN E REGAN |
| 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |
| 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/08/2013 | ATD | CESAR J VAZQUEZ |
| 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/26/2013 | DEF | LAMEEKA MCKINNEY |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | BRADY J BUCKLEY |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/25/2013 | WTS | JARROD J GERVAIS |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | MICHELLE RUDA MD |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | WAYNE G RUMORE JR. |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | CHARLES SCHIBER |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | MATTHEW A VASQUEZ |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DR. ERIC ZICKERMAN |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTD | RICHARD TOMPSON |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | JEFFERY E RODRIGUE |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DANA TROXCLAIR |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | ATD | FRANK G DESALVO |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | O | 02/14/2013 | WTS | SCOTT BENTON MD FAAP |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DWANA BAILEY |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | RENOID BERTHELOT |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/25/2013 | WTS | EDWIN J KLEIN |
| 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | ELIZABETH KLEIN |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DWANA BAILEY |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JARROD J GERVAIS |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | BRADY J BUCKLEY |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | EDWIN J KLEIN |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | ELIZABETH KLEIN |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | A | 11/16/2012 | DEF | LAMEEKA MCKINNEY |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/04/2012 | ATD | FRANK G DESALVO |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/15/2012 | WTD | RICHARD TOMPSON |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | RENOID BERTHELOT |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | ATD | MARTIN E REGAN |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | WAYNE G RUMORE JR. |
| 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | WTS | DR. ERIC ZICKERMAN |

9/9/2013 12:51 PM

| | Date | Date | Type | Action | Flag | Date | Code | Name |
|---|---|---|---|---|---|---|---|---|
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| | 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | ATD | MARTIN E REGAN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | ATD | FRANK G DESALVO |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | A | 10/24/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTD | RICHARD TOMPSON |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/29/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DWANA BAILEY |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/31/2012 | WTS | JARROD J GERVAIS |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/01/2012 | WTS | RENOID BERTHELOT |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | EDWIN J KLEIN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/26/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | MARTIN E REGAN |
| 📄 | 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/19/2012 | ATD | FRANK G DESALVO |
| 📄 | 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | MARTIN E REGAN |
| 📄 | 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/11/2012 | WTD | RICHARD TOMPSON |
| 📄 | 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | FRANK G DESALVO |
| | 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | LAMEEKA MCKINNEY |
| | 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | ROBERT L SCOTT III |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | LAMEEKA MCKINNEY |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | ATD | MARTIN E REGAN |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DWANA BAILEY |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | BRADY J BUCKLEY |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 09/10/2012 | 08/21/2012 | TRL | Subpoena | P | 08/23/2012 | ATD | WILLIAM M DOYLE |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | EDWIN J KLEIN |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | ELIZABETH KLEIN |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | WAYNE G RUMORE JR. |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DR. ERIC ZICKERMAN |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |

9/9/2013 12:51 PM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | ROBERT L SCOTT III |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | MARTIN E REGAN |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | ATD | FRANK G DESALVO |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | WTD | RICHARD TOMPSON |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DWANA BAILEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | EDWIN J KLEIN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | CHARLES SCHIBER |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/20/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Instanter | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Instanter | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| | 08/20/2012 | 08/13/2012 | TRL | Instanter | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY É RODRIGUE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/29/2012 | DEF | ROBERT L. SCOTT III |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/28/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | DWANA BAILEY |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | DANA TROXCLAIR |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WILLIAM M DOYLE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | EDWIN J KLEIN |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 06/08/2012 | WTS | MATTHEW A VASQUEZ |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | MARTIN E REGAN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | ROBERT L SCOTT III |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | JARROD J GERVAIS |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | CHARLES SCHIBER |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/30/2012 | WTS | MICHELLE RUDA MD |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | MATTHEW A VASQUEZ |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | WILLIAM M DOYLE |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | JEFFERY E RODRIGUE |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | DANA TROXCLAIR |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | DEF | LAMEEKA MCKINNEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | ATD | C. GARY WAINRIGHT |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | LAMEEKA MCKINNEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | WILLIAM M DOYLE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | MARTIN E REGAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | CHARLES SCHIBER |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DANA TROXCLAIR |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | DR. ERIC ZICKERMAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | DEF | LAMEEKA MCKINNEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |

f 12

9/9/2013 12:51 PM

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/21/2012 | WTS | BRADY J BUCKLEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | ELIZABETH KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | EDWIN J KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | MARTIN E REGAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DWANA BAILEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | JEFFERY E RODRIGUE |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | MICHELLE RUDA MD |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | WAYNE G RUMORE JR. |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | MATTHEW A VASQUEZ |
| 02/27/2012 | 01/24/2012 | TRL | Subpoena | P | 01/24/2012 | DEF | ROBERT L SCOTT III |
| 02/27/2012 | 01/25/2012 | TRL | Subpoena | P | 01/30/2012 | ATD | C. GARY WAINWRIGHT |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | WILLIAM M DOYLE |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | JARROD J GERVAIS |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | WILLIAM M DOYLE |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | MARTIN E REGAN |
| 02/13/2012 | 01/20/2012 | TRL | Subpoena | P | 01/20/2012 | DEF | LAMEEKA MCKINNEY |
| 01/24/2012 | 01/23/2012 | ARR | Subpoena | P | 01/23/2012 | DEF | ROBERT L SCOTT III |

**Case**

| Case Nbr | DA Case Nbr | File DT | Class | Close DT | State vs |
|---|---|---|---|---|---|
| 1105008 | 51166756 | 01/19/2012 | 2 | null | LAMEEKA MCKINNEY, ROBERT SCOTT |

IN THE

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL

NO. 2013K-K- 548

—————————————————

~~COURT OF APPEAL~~
~~FIFTH CIRCUIT~~

STATE OF LOUISIANA   *postmarked 7/1/13-SB*
FILED JUL 0 2 2013

VERSUS

LAMEEKA MCKINNEY                    CLERK
                        Cheryl Quirk Landrieu

—————————————————

APPLICATION FOR WRIT OF SUPERVISORY REVIEW AND PROHIBITION
TO REVIEW THE RULING OF
THE HONORABLE NANCY A. MILLER, DIVISION "I"
24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON,
CASE NO. 11-5008

—————————————————

REGAN & SANDHU, P.L.C.

MARTIN E. REGAN, JR., # 11153
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

EXHIBIT
3

## TABLE OF CONTENTS

NEXT COURT PROCEEDING ................................................................. ii

STATEMENT OF JURISDICTION ........................................................ 1

STATEMENT OF THE CASE AND FACTS ........................................... 1

ISSUES PRESENTED .......................................................................... 3

LAW AND ARGUMENT ...................................................................... 3

CONCLUSION ..................................................................................... 8

CERTIFICATE OF SERVICE .............................................................. 9

VERIFICATION AFFIDAVIT ............................................................. 10

### EXHIBITS

TRUE BILL OF INDICTMENT .............................................................. A

DOCKET MASTER ............................................................................... B

MINUTE ENTRY OF June 21, 2013 .................................................... C

DEFENDANT'S MOTION TO ENROLL WITH ATTACHED

    AFFIDAVIT OF LAMEEKA MCKINNEY ....................................... D

MOTION HEARING TRANSCRIPT ...................................................... E

## NEXT COURT PROCEEDING

Notice of intent to seek writs in this matter was made before the trial court on June 21, 2013. The trial court granted a return date of July 1, 2013, and denied a stay of proceedings pending this Honorable Court's action on the instant application for supervisory review. A status hearing has been set for August 28, 2013.  **No trial date is currently been set.**

## JURISDICTION

This Honorable Court has jurisdiction over this case pursuant to Article V, §10 of the Louisiana Constitution of 1974. The defendant has no remedy of appeal from this adverse ruling.

## STATEMENT OF THE CASE AND FACTS

On January 19, 2012, Ms. McKinney and Robert Scott, III, were charged by bill of indictment with one count each of second degree murder, for the December 14, 2010, death of Known Juvenile (DOB 10/31/10), their infant child. Exh. A. On January 20, 2012, Ms. McKinney, represented by Mr. Regan, and Mr. Scott, represented by C. Gary Wainwright, appeared for arraignment and pled not guilty. By State's motion, the defendants were severed for trial purposes. Exh. B. On April 23, 2012, the trial court heard pretrial motions regarding Ms. McKinney, on the suppression of evidence and statements. These motions were denied. Id.

On May 30, 2012, the defense received all medical records and stated the intent for a medical expert.[1] Id. On August 22, 2012, the defense moved for IDB Funds for Expert Assistance in the Field of Forensic Pathology.[2] Id. The matter was set for hearing and continued. Id. On September 25, 2012, the State filed a notice of supplemental discovery. Id. On October 18, 2012, the status on IDB Funds was continued to allow for the defense to obtain completed medical reports. On January 22, 2013, the parties appeared for pretrial conference and Ms.

---

[1] On May 30, 2012, medical records were produced to the defense. The records revealed a marked issue in the Jefferson Parish Coroner's Report. Specifically, the State had based its entire prosecution of both defendants on the questionable interpretation of certain scientific evidence. As a result, the defense would require an independent forensic pathologist to provide expert assistance in evaluating the Coroner's findings. The families of both defendants jointly raised the funds necessary to retain a preliminary expert assessment by an independent medical examiner (IME). Each defendant's family bore one-half of the cost for the expert's initial assessment. Defense teams for Ms. McKinney and Mr. Scott reviewed the IME's Opinion and concluded that in order to adequately represent their respective clients, the IME would be needed for trial.

[2] Because neither defendant's family was able to raise the necessary funds for the IME's travel to Louisiana and his associated fees for testifying, funds to secure the IME's expert testimony would be required. On August 22, 2012, the defense moved for IDB funding to secure the IME for trial. Ultimately, IDB funds were made available to assist the defense in securing the attendance of the independent forensic pathologist. It should be noted that C. Gary Wainwright took part in preparing the pleading. Mr. Wainwright was employed at Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

McKinney moved to exclude 404(B) evidence from introduction at trial.[3]   On January 25, 2013, the trial court ruled that defendants' *Motion in Limine* was prematurely filed and would be addressed after defense examination of the expert was completed, further ordering trial to begin on January 29, 2013. Id.

On January 28, 2013, the eve of trial, the State moved for a conflict of interest inquiry and moved to compel co-defendant Robert Scott's testimony, as well as for a preliminary examination to perpetuate testimony.   On January 29, 2013, the State's Motion for Conflict of Interest Inquiry and for Preliminary Examination to Perpetuate Testimony came for hearing at which time both defendants affirmatively testified under oath that they "had no problems" with Mr. Regan representing Ms. McKinney, that both had been aware of Mr. Wainwright's employment as a paralegal of Mr. Regan and that each independently "waived" any alleged conflict. The trial court ordered that counsel for defendant Lameeka McKinney be removed from representation, for an actual conflict of interest. The defense filed notice of intent to seek writs and was granted a return date of January 30, 2013, at 8:30 a.m.   The trial court continued trial until January 30, 2013, at 9:30 a.m., pending ruling by the Circuit Court.

**On January 30, 2013, defendant's writ application was denied with one dissent.** On January 30, the trial court appointed the Jefferson Parish Defender's Office to represent Ms. McKinney over undersigned counsel's objection. Attorney Cesar Vasquez was assigned to the matter. Newly assigned and completely independent counsel for Ms. McKinney met with Ms. McKinney, extensively discussed this matter and the reason for his appointment to her case.   Ms. McKinney maintained that she wished to have counsel of her choice, Mr. Regan, remain her counsel.

---

[3] It should be noted that C. Gary Wainwright took part in preparing the pleading. Mr. Wainwright was employed at Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

On February 8, 2013, Mr. Vasquez met with Ms. McKinney and discussed with her a well-particularized and comprehensive Conflict of Interest Waiver. Ms. McKinney executed the Waiver in the form of a sworn affidavit. Exh. D. Mr. Vasquez's appointment, his meeting with Ms. McKinney and the execution of Ms. McKinney's Conflict of Interest Waiver, each occurred subsequent to the Louisiana Fifth Circuit Court of Appeal acting upon Ms. McKinney's Emergency Writ Application. The defendant timely applied for rehearing with the Circuit Court on February 13, 2013, attaching to it Ms. McKinney's February 8, 2013, affidavit, with a request for remand, wherein the affidavit could be considered by the trial court.[4] Upon ruling by the Circuit Court, an application for writ of supervisory review was made to the Louisiana Supreme Court. The application was later withdrawn, however, to allow for the trial court to consider the affidavit properly.

The affidavit of Ms. McKinney was presented to the trial court for its consideration with the present Motion to Enroll, which came for hearing on June 13, 2013. Exh. D, E. The trial court "struck" the Motion to Enroll per the State's request, finding the matter had been adjudicated previously. The trial court granted a return date of July 1, 2013. This writ timely follows.

## ISSUES PRESENTED

I.    **Whether the trial court denied the defendant due process and her constitutional right to choose counsel by striking the defendant's Motion to Enroll.**

II.   **Whether the trial court erred by refusing to consider the new evidence it was presented in support of Counsel's Motion to Enroll and refusing to reconsider her prior ruing finding an actual unwaivable conflict.**

## LAW AND ARGUMENT

I.    **The defendant has been denied due process and her constitutional right to retain counsel of her own choice.**

---

[4] The Motion for Rehearing was refused on March 4, 2013.

On June 21, 2013, the trial court "struck" Counsel's Motion to Enroll, thereby depriving the defendant of her constitutional right to counsel of her choice and access to the courts. Deprivation of this constitutional guarantee, especially under the attending circumstances of this case, is unwarranted and unprecedented. Motions to Strike exist as a form of civil pleading.[5] Such a pleading has no place in the present proceedings and is an inappropriate vehicle for resolving a question regarding a constitutional right. Indeed, due process mandates that a defendant's right to retain his own counsel of choice NOT be *stricken* in the way a party might object to the responsiveness of a specific answer or validity of a demand or cause of action, or compliance with discovery rules in a civil matter. *See Innes v. City of New Orleans*, 2003 U.S. Dist. LEXIS 7238 (April 29, 2003).

Moreover, even in the context where such pleadings are properly considered—in civil matters—motions to strike are disfavored, for such reasons including their often use as a dilatory tactic by the movant. *Buras v. Parish of*

---

[5] La.C.C.P. art. 964 provides for motions to strike in the following:
The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.
The Code's historical notes (1960) further inform the issue of appropriateness in motions practice of striking sections or the entirety of pleadings:
 (a) The motion to strike from the pleadings formerly was recognized by the jurisprudence. *Frank v. Magee*, 49 La.Ann. 1250, 22 So. 739 (1897); *Vicknair v. Terracina*, 164 La. 117, 113 So. 787 (1927); *In re Buller's Estates*, 192 La. 644, 188 So. 728 (1939); *Cox v. Cox*, 193 La. 268, 190 So. 401 (1939). Later decisions of the supreme court, however, expressly repudiated the earlier position, and announced that the motion to strike had no place in the procedure of Louisiana. *State ex rel. Sutton v. Caldwell*, 195 La. 507, 197 So. 214 (1940); *Perez v. Meraux*, 195 La. 987, 197 So. 683 (1940); *Stanley v. Jones*, 197 La. 627, 2 So.2d 45 (1941); *Central Sav. Bank & Trust Co. v. Oilfield Supply & S. Mat. Co.*, 202 La. 787 12 So.2d 819 (1943); Id., 12 So.2d 815 (La.App.1942); *Atchley v. Horne*, 13 So.2d 75 (La.App.1943); *Davies v. Consolidated Underwriters*, 14 So.2d 494 (La.App.1943). However, it was reinstated for the reason that there is not other procedural device, either in the 1870 Code of Practice or under the system proposed by this Code, which would effectively perform the functions of the motion to strike.
 (b) Fed. Rule 12(f) provides that "Upon motion made by a party before responding to a pleading or, if not responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any sufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, to prevent its use for dilatory tactics, fifteen days is provided in this article as a reasonable delay for filing a motion to strike matter from the petition and ten days is allowed for moving to strike matter from other pleadings. The motion to strike is made available to a defendant wishing to strike an insufficient demand from a petition, as well as to a plaintiff wishing to strike an insufficient defense from an answer.

4

*Tangipahoa*, 28 So.3d 1066, 1069 (La.App. 1 Cir. 9/23/09) (*citing Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp.*, 01-0345, pp. 6-7 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, *writ denied*, 01-2115 (La. 7/26/01), 794 So. 2d 834). As recognized by the Louisiana Supreme Court, a motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a cause of action. *Buras*, 28 So.3d at 1069 (*citing Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151, 1162 (La. 1988)).

In the present case—a *criminal* matter—the use of a motion to strike is inappropriate and not provided by the law. Moreover, given the circumstances of this matter, permitting such a vehicle is inappropriate. La.C.Cr.P. art. 3. Accordingly, this matter should be remanded for further proceedings.

## II. The trial court erred when she refused to consider the newly submitted evidence offered in support of Counsel's Motion to Enroll.

Assuming *arguendo*, that the State's motion to strike can be considered, it is well settled under Louisiana law that the caption of the pleading is not controlling, but rather, that courts are obligated to determine the substance of the pleading and proceed accordingly. *Goldbach v. Atchley*, (La. App. 5 Cir. 5/30/01), 788 So2d 690. More importantly, the rights of the defendant, as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, should be properly observed and not regarded as casualties of a questionable ruling.

The trial court erroneously considered the State's "Motion to Strike" and granted same, without considering the contents, purpose or legal ramifications of the affidavit Ms. McKinney executed with Mr. Vasquez, her court-appointed lawyer. For all intents and purposes, the State's oral "Motion to Strike" was actually before the trial court as an opposition to the Defendant's Motion for Enrollment of Counsel. Accordingly, it is apparent that the trial court, in granting the State's oral motion to "strike," denied the Defendant's Motion to Enroll.

A.   **Ms. McKinney is entitled to select and be represented by her own choice of counsel.**

"In all criminal prosecutions the accused shall enjoy the right ... . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI.   The Sixth Amendment right to the assistance of counsel guarantees the right of a defendant who can afford counsel, to retain counsel of his own choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). This right to choice of counsel is recognized by the Louisiana Constitution. La. Const. art. I §13; *State v. Seiss*, 428 So.2d 444, 447 (La. 1983).   The right to counsel includes the "right to representation that is free from any conflict of interest." *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir. 1993).

The erroneous denial of counsel of choice is a constitutional violation requiring reversal. *United States v. Gonzalez-Lopez, supra; Fuller v. Diesslin*, 868 F.2d 604, 608 (3rd Cir.), *cert. denied*, 493 U.S. 873, 110 S. Ct. 203, 107 L. Ed. 2d 156 (1989). A trial court's erroneous deprivation of a criminal defendant's choice of counsel entitles him to reversal of his conviction.   *Gonzalez-Lopez, supra.* Deprivation of counsel of choice is a "structural defect" and, therefore, immune from "harmless-error" analysis.   Deprivation of the right is *complete* when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.   *Gonzalez-Lopez*, 548 U.S. at 148, 126 S.Ct. at 2563.

In the present case, the trial court erroneously denied the defendant the right to choice of her own counsel. Mr. Regan does not represent any other party in this matter.   Competing interests between concurrent clients or competing loyalties among parties is not an issue. Mr. Regan's actions on behalf of Ms. McKinney will not be limited, much less *materially* limited, by representation of any other

party to this case. Pursuant to Rule 1.7 of the ABA Rules of Professional Conduct,
a conflict of interest exists *if* there is a significant risk that a lawyer's <u>action on
behalf of one client</u> will materially limit the lawyer's effectiveness <u>in representing
*another* client</u> in a different case. The Rules specifically cite the example of such a
conflict where a decision favoring one client will create a precedent likely to
seriously weaken the position taken on behalf of the *other* client. Such a conflict
does not arise in this matter. Consequently, the trial court erroneously considered
an *actual* conflict to be present.

**B.    Ms. McKinney has validly waived the potential conflict of interest.**

Where a defendant chooses to proceed with representation by counsel with a
conflict of interest, a court must ensure a valid waiver by the defendant of his Sixth
Amendment right to conflict-free counsel by conducting a *"Garcia* hearing."
*United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other
grounds by Flanagan v. United States*, 465 U.S. 259, 263, 104 S. Ct. 1051, 79 L.
Ed. 2d 288 & n.2, 465 U.S. 259, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984). During
a *Garcia* hearing, the trial court must inquire into the voluntariness of defendant's
waiver to ensure that the defendant:

> (1)  is aware that a conflict of interest exists;
> (2)  knows the potential hazards or consequences to her defense by
>       continuing with such counsel under the onus of a conflict; and
> (3)  understands that she has the right to counsel unfettered by the conflict
>       of interest.

*United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992).

Counsel presented to the trial court, relevant portions of the Federal Bench
Book delineating the guidelines for conducting an inquiry into an alleged or actual
conflict.[6]   Exh. D.   No such inquiry was considered by the trial court before

---

[6] The Louisiana Supreme Court in *State v. Kahey*, defined an actual conflict of interest as being:
established when the defendant proves that his attorney was placed in a situation inherently
conducive to divided loyalties. *Zuck v. Alabama*, 588 F.2d 436 (5th Cir.), *cert. denied*. 444
U.S. 833, 100 S. Ct. 63, 62 L. Ed. 2d 42 (1979).

7

removing counsel in prior proceedings, or conducted by the trial court in the present enrollment proceedings.  Counsel strenuously argued for an evidentiary hearing on this issue, but was denied. Exh. E, p. 20.  Counsel maintains that such a hearing will fully and expeditiously resolve the conflicts inquiry in this matter.

Mr. Regan has not been placed in a position of competing loyalties.  He owes no duties to other parties in these proceedings.  Ms. McKinney's severed co-defendant, Robert Scott, is represented by attorney Frank DeSalvo.  Additionally, it has never even been intimated that Mr. Wainwright disclosed to Mr. Regan, any privileged information from his prior representation of Mr. Scott. The undersigned is not seeking to enroll to represent any defendant other than Ms. McKinney. Accordingly, the trial court erred in denying the defendant's motion to enroll.

## CONCLUSION

For the foregoing reasons, the defendant's writ application should be granted.

Respectfully submitted,

34761

MARTIN E. REGAN, JR., # 11153
REGAN & SANDHU, P.L.C.
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax:  504.522.7507

---

If a defense attorney owes duties to a party whose interests are adverse to those of the
defendant, then an actual conflict exists. The interest of the other client and the
defendant are sufficiently adverse if it is shown that the attorney owes a duty to the
defendant to take some action that could be detrimental to his other client.
588 F.2d at 439.
*Kahey*, 436 So.2d 475, 485 (La. 1983); *see also State v. Carter*, 84 So.3d 499 (La. 2012).

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing writ application on opposing counsel by hand delivery and/or U.S. Mail this the _____/_____ day of

July, 2013.

Frank DeSalvo
739 Baronne St.
New Orleans, LA 70113
Counsel for defendant, Robert Scott

Cesar Vasquez, Esq.
Jefferson Parish Public Defender's Office
848 2nd Street, 3rd Floor
Gretna, LA 70053
Counsel for Lameeka McKinney

The Honorable Nancy Miller
24th Judicial District Court
200 Derbigny St.
Gretna, LA 70053

Terry Boudreaux, Assistant District Attorney
Jefferson Parish District Attorney's Office
200 Derbigny St.
Gretna, La 70053

34761
_____
Attorney

9

## VERIFICATION AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, appeared

_Ardan Shah_, to me personally known, who, after being

duly sworn, did depose and say:

1. That he is an attorney for the defendant.

2. That he has reviewed the foregoing application and attachments thereto and that

   the allegations contained therein are truthful.

3. That he has delivered a copy of this application and the attachment thereto to

   the District Attorney and District Court Judge.

_____
Affiant

SWORN TO AND SUBSCRIBED

BEFORE ME, THIS THE ___1___

DAY OF ___July___, 2013.

_____
NOTARY PUBLIC   ID 92285, LSB 30340
STATEWIDE JURISDICTION
COMMISSION FOR LIFE

10

TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

Judge: HANS J. LILJEBERG                                      Division N
Date: January 19, 2012.
Court Reporter:  RICK SUMMERS

Partial return of the Jefferson Parish Grand Jury;


Present were:
              Foreperson:   ANN CONSTANZA - FOREPERSON
                            F. V. GRANDE
                            JEANNINE COMPEAUX
                            JUANITA MEANY
                            VINCENT TERRITO JR.
                            WILBERT REYNOSO
                            CYNTHIA GRAHAM
                            SHIRLEY SWEENY
                            DANIEL KELLY


After being sworn and taking the stand, the following report was made by the foreperson,
ANN CONSTANZA

LAMEEKA MCKINNEY B/F (12/16/0987)
INDICTMENT FILED "A TRUE BILL" FOR THE FOLLOWING CHARGES:
Count 1 – R.S.14:30.1 SECOND DEGREE MURDER

ROBERT L. SCOTT B/M (11/16/1985)
INDICTMENT FILED "A TRUE BILL" FOR THE FOLLOWING CHARGES:
Count 1 – R.S.14:30.1 SECOND DEGREE MURDER


The Defendants are presently incarcerated in JPCC. Bonds in this matter were already set
at $750,000.00. The State requested the bonds remain the same at this time. The Court
granted this request. This was acceptable to the State.

Representing the Assistant District Attorney's Office on this matter was Sunny Funk.

IT IS ORDERED BY THE COURT that the finding of the Grand Jury of the Partial
Return be filed with the Clerk of Court and the accused for Whom "A True Bill" was
found, be brought to Court to be Arraigned, if the accused for whom "A True Bill" was
found is not in custody, let a warrant be issued for their arrest. Those for whom "A No
True Bill" was returned, their bond(s) is (are) cancelled, if any, and they are to be
released from custody if incarcerated.


REANNA TURNER, Minute Clerk

IMAGED   JAN 19 2012

CASE: 11 205008                    STATE VS LAMEEKA MCKINNEY, ROBERT SCOTT
File Date: 01/19/2012             Close Date: OPEN              Div: 1
Defendant #1  LAMEEKA MCKINNEY Class: 2                DA Case Nbr: 51166756

## Address

| | |
|---|---|
| Name: | LAMEEKA MCKINNEY |
| Address: | 2800 MT KENNEDY DRV |
| | MARRERO LA |
| Phone1: | |
| Phone2: | |
| SSN: | |
| DOB: | 12/16/1987 |
| Race/Sex: | B/F |

| | |
|---|---|
| SID: | 2719665 |
| DL: | |
| CCN: | 1000176279 |
| B of I: | |

## Charge

| Item NBR | Count | Statute | Type | Class | Description | Charge | Disp DT | Disposition |
|---|---|---|---|---|---|---|---|---|
| B1961911 | 1 | 14:30.1 | F | 2 | MURDER/SECOND DEGREE | (Grand Jury Indictment A 'TRUE BILL" | | |

## Motion

| By | Motion | Disposition | Date |
|---|---|---|---|
| ATD | Other motion; | | |
| ATD | Omnibus motions; | | |
| ATD | Disclose impeaching information; | | |
| ATD | Discovery and Inspection; | | |
| ATD | Other motion; | | |
| ATD | Preliminary hearing; | | |
| ATD | Produce police report; | | |
| ATD | Suppress confession; | | |
| ATD | Suppress evidence; | | |
| ATD | Suppress Identification; | | |
| ATD | Reduce bond; | | |
| ATD | Subpoena Duces Tecum; | | |
| ATD | Continue; | | |
| ATD | Other motion; | | |
| ATD | Other motion; | | |

## Calendar

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 06/21/2013 | 08/28/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 06/21/2013 (set at 10:00 a.m.) |
| 05/13/2013 | 06/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 05/13/2013 (set at 10:00 a.m.), Hearing on Motion to Enroll |
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/04/2013 | 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |
| 01/30/2013 | 02/04/2013 | JSR | Court Status Hearing: |
| 01/29/2013 | 01/30/2013 | JSR | Trial: trial continued from 01/29/2013 |
| 01/28/2013 | 01/29/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 11/05/2012 | 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 01/22/2013 | 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/18/2013 | 01/22/2013 | JSR | Pre-trial conference: |
| 10/18/2012 | 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| | | | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 |


EXHIBIT
B

| | | | |
|---|---|---|---|
| 09/14/2012 | 10/18/2012 | JSR | a.m.) |
| 09/10/2012 | 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 08/21/2012 | 09/10/2012 | JSR | Trial: |
| 08/27/2012 | 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/22/2012 | 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 07/23/2012 | 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |

**Minute**

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 06/21/2013 | 08/28/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 06/21/2013 (set at 10:00 a.m.) |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: motions need to be heard. |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: Mr. Aidan Shah and Mr. Martin Regan was present on a re-hearing on a Motion to Enroll, the State moved to strike this motion, the Court finds an actual conflict does exist, the Court strikes the Motion to Enroll filed by Mr. Martin Regan, objection by Mr. Regan noted. Mr. Regan requested 10 days to take a writ, 10 days granted by the Court. |
| 05/20/2013 | 05/20/2013 | AMJ | Case active: Motion to enroll and incorporated memorandum in support filed (SIGNED) |
| 05/14/2013 | 05/14/2013 | JSR | Case active: copy of fax from Fifth Circuit, rehearing was this day refused in the case entitled |
| 05/13/2013 | 06/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 05/13/2013 (set at 10:00 a.m.), Hearing on Motion to Enroll |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pursuant to a bench conference. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: The Court ordered the State to turn over discovery to the Defense by close of business today. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: 3 CD's were given to the Defense in open Court today. |
| 04/05/2013 | 04/05/2013 | MAM3 | Docket minute: Letter from Supreme Court of La 2013KK725 filed |
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: The Motion to Set Aside Order is moot, Mr. Martin Regan was present on this motion only. |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/21/2013 | 02/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: Mr. Regan filed a motion for rehearing in the 5th Circuit Court. |
| 02/13/2013 | 02/13/2013 | DBD | Docket minute: Application For Rehearing With Incorporated Brief In Support filed |

| | | | |
|---|---|---|---|
| 02/08/2013 02/08/2013 | AMJ | Case active: Lameeka Mckinney Affidavit Filed and walked up |
| 02/07/2013 02/07/2013 | JHS | Case active: Motion to set aside order filed and walked up (SIGNED) |
| 02/04/2013 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |
| 02/04/2013 02/04/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: pursuant to a bench conference. |
| 01/30/2013 01/30/2013 | MAM3 | Docket minute: 5th Circuit Court of Appeals Writ Denied 13K68 filed |
| 01/30/2013 02/04/2013 | JSR | Court Status Hearing: |
| 01/30/2013 01/30/2013 | DH1 | Motions: Motions Filed;Notice Of Intent To Seek Emergency Writs - Other motion |
| 01/30/2013 01/30/2013 | DH1 | Case active: Affidavit Filed |
| 01/30/2013 01/30/2013 | DH1 | Case active: Application For Writ Of Certiorari And Prohibition To Review The Ruling Of The Honorable Nancy Miller,Judge,Division I The Parish Of Jefferson |
| 01/30/2013 01/30/2013 | JSR | Docket minute: a general hearing |
| 01/30/2013 01/30/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a general hearing. |
| 01/30/2013 01/30/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/30/2013 01/30/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/30/2013 01/30/2013 | JSR | Docket minute: Writ filed by Mr. Regan filed yesterday was denied by the 5th Circuit Court today. The Defense advised the Court that he wants to take a writ to the State Supreme Court. The Court asked the Defendant if she could afford an attorney, she said she could not, therefore the Court appointed IDB to represent this Defendant. The Court set this matter for status on 2/4/13 at 9:00 a.m. |
| 01/30/2013 01/30/2013 | SYS | Case active: IDB REQUEST FOR APPT OF COUNSEL FILED |
| 01/30/2013 01/30/2013 | JSR | Case active: copy of application for writs from 5th Circuit, Writ denied |
| 01/29/2013 01/30/2013 | | Trial: trial continued from 01/30/2013 |
| 01/29/2013 01/29/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pending ruling from the 5th Circuit Court. |
| 01/29/2013 01/29/2013 | JSR | Case active: Order signed by Judge Miller (SIGNED) |
| 01/29/2013 01/29/2013 | KH | Case active: NOITCE OF INTENT TO SEEK EMERGENCY WRITS WALKED TO DIV |
| 01/28/2013 01/28/2013 | ENJ | Docket minute: Motion for preliminary examination to perpetuate testimony filed and walked to div (SIGNED) |
| 01/28/2013 01/28/2013 | ENJ | Docket minute: Motion and incorporated memorandum for conflict of interest inquiry filed and walked to div (SIGNED) |
| 01/28/2013 01/28/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 01/28/2013 01/28/2013 | JHS | Motions: Motions Filed---Motion to compel testimony - Other motion |
| 01/28/2013 01/28/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: additional motions to be heard. |
| 01/28/2013 01/28/2013 | JSR | Docket minute: The State filed a Motion for Conflict of Interest Inquiry and Motion for Preliminary Examination, the Court set these motions for hearing on 1/29/13 at 9:00 a.m. |
| 01/25/2013 01/25/2013 | JSR | Case active: Order signed by Judge Miller, that the JP Public Defenders Office pay defense expert costs to George R. Nichols, II, M.D. in the amount of $5,075.00 (SIGNED) |
| 01/25/2013 01/25/2013 | JSR | Docket minute: a pre-trial conference |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Court issued an order to the Jefferson Parish Public Defenders Office to pay for expert costs to George R. Nichols, II M.D. in the amount of $5,075.00. Order served upon Mr. Richard Tompson personally this morning, per Judge Miller. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: Motion in Limine filed by the Defense is premature, the Court will address this at the end of the Defense examination of Dr. Nichols, objection by the Defense counsel noted. The Court advised Mr. Regan that this trial is set to go forth |

on Tuesday, 1/29/13 at 9:00 a.m. Pre-trial conference is satisfied.

| | | | |
|---|---|---|---|
| 01/25/2013 | 01/25/2013 | JHS | Case active: Motion for the issuance of a subpoena duces tecum filed (SIGNED) |
| 01/24/2013 | 01/24/2013 | JHS | Case active: Notice of State's Discovery Materials provided to defense filed |
| 01/23/2013 | 01/23/2013 | JHS | Docket minute: Motion for continuance filed (SIGNED) |
| 01/23/2013 | 01/23/2013 | JHS | Motions: Motions Filed--Motion in Liminae filed (SIGNED) - Continue |
| 01/23/2013 | 01/23/2013 | JHS | Case active: Motion in Liminae filed |
| 01/22/2013 | 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: a pre-trial conference |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: Pre-Trial Conference was held in chambers, additional Pre-Trial Conference set for 1/25/13 at 9:30 a.m. |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: Richard Tompson was present representing the IDB. Pre-Trial Conference is concerning |
| 01/22/2013 | 01/22/2013 | JSR | Docket minute: IDB Funds and a possible Motion in Limine by the Defense. |
| 01/18/2013 | 01/22/2013 | JSR | Pre-trial conference: |
| 01/18/2013 | 01/18/2013 | JHS | Case active: Motion to set status conference filed and walked up (SIGNED) |
| 11/28/2012 | 11/28/2012 | DBD | Docket minute: Out of State subpoena return service |
| 11/05/2012 | 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 11/05/2012 | 11/05/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: waiting on Dr's report. |
| 10/18/2012 | 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| 10/18/2012 | 10/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: to obtain completed reports from the Dr.. |
| 09/25/2012 | 09/25/2012 | JHS | Case active: Notice of State's supplemental discovery filed |
| 09/19/2012 | 09/19/2012 | DH1 | Case active: Subpoena Return |
| 09/18/2012 | 09/18/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 09/14/2012 | 10/18/2012 | JSR | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 a.m.) |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: The Court took up the Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology: |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: W - Robert Scott |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: Exhibit #1 - copy of fees and expenses - Defense Evidence |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: Exhibit #2 - Curriculum Vitae of Dr. George R. Nichols, II, M.D. - Defense Evidence |
| 09/14/2012 | 09/14/2012 | JSR | Docket minute: this matter was continued for status on 10/18/12 at 11:00 a.m. |
| 09/13/2012 | 09/13/2012 | JSR | Case active: (3) orders signed by Judge Miller for subpoena duces tecum |
| 09/12/2012 | 09/12/2012 | PWB | Motions: Motion And Order For Subpoena Duces Tecum filed (Children's Hospital) - Subpoena Duces Tecum |
| 09/12/2012 | 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (East Jefferson General Hospital) |
| 09/12/2012 | 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (Ochsner Medical Center) |
| 09/10/2012 | 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 09/10/2012 | 09/10/2012 | JSR | Docket minute: continuance: Requested jointly. reason: No reason given |
| 08/27/2012 | 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic |

| | | | |
|---|---|---|---|
| | | | Pathology continued from 08/27/2012 |
| 08/27/2012 | 08/27/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 08/22/2012 | 08/22/2012 | JHS | Docket minute: waiver of right to speedy trial filed and walked up |
| 08/22/2012 | 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 08/22/2012 | 08/22/2012 | JHS | Case active: Ex-Parte motion for I.D.B. funds for expert assistance in the field of forensic pathology filed and walked up |
| 08/22/2012 | 08/22/2012 | JSR | Case active: Order signed by Judge Miller, setting Motion for IDB Funds for hearing on 8/27/12 |
| 08/21/2012 | 09/10/2012 | JSR | Trial: |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: a pre-trial hearing |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: The defense attorney waives the presence of the Defendant, LAMEEKA MCKINNEY. |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: The Defendant is presently incarcerated at the Jefferson Parish Correctional Center. |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: The Court reset the trial in this matter for 9/10/12 at 9:00 a.m., objection by the Defense |
| 08/21/2012 | 08/21/2012 | JSR | Docket minute: counsel noted. |
| 08/20/2012 | 08/20/2012 | KH | Case active: CERTIFIED ELECTRONIC SIGNATURE RETURN RECEIPT FILED |
| 08/20/2012 | 08/20/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 08/09/2012 | 08/09/2012 | HTS | Case active: SERVICE - Subpoena sent Certified Mail - (Scott Benton, MD FAAP) |
| 08/08/2012 | 08/08/2012 | JHS | Docket minute: State Witness List filed |
| 08/08/2012 | 08/08/2012 | JSR | Case active: Order signed by Judge Stelb, State's Motion for Discovery and Alibi Defense |
| 08/07/2012 | 08/07/2012 | TAG | Docket minute: States motion for discovery and alibi defense filed |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: a general hearing |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a Pre-Trial Conference. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant was represented by WILLIAM M. DOYLE. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: Pre-Trial Conference is satisfied, by lack of attendance of trial counsel, Mr. Martin Regan. |
| 07/26/2012 | 07/26/2012 | JSR | Docket minute: Trial is currently set for 8/20/12 at 9:00 a.m. |
| 07/23/2012 | 07/23/2012 | JHS | Docket minute: Motion to withdraw as counsel of record filed and walked up |
| 07/23/2012 | 07/23/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 07/23/2012 | 07/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 07/23/2012 | 07/23/2012 | JSR | Docket minute: The Court ordered that Mr. Regan appear in person on 7/26/12 at 9:00 a.m. to update the status of this case, and that this case will go to trial on 8/20/12. |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 06/18/2012 | 06/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 06/18/2012 | 06/18/2012 | JSR | Docket minute: Pre-trial Conference is continued by the Defense to 7/23/12 at 9:00 a.m. |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: a pre-trial conference |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: Pre-trial conference is satisfied, Defense received all medical records. Defense wants to hire |
| 05/30/2012 | 05/30/2012 | JSR | Docket minute: a medical expert. |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/24/2012 | 05/24/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No |

|  |  |  |  |
|---|---|---|---|
|  |  |  | reason given |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 05/21/2012 | 05/21/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 04/25/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 5/21/12 at 9:00 a.m. |
| 04/25/2012 | 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 6/18/12 at 9:00 a.m. |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: At the hour of 3:15 p.m. the Court took up the Motion to Suppress Statement and Evidence: |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Det. Jeffery Rodrigue, JPSO |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#7 - copy of rights of arrestee or suspects form - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Matthew Vasquez, JPSO |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#1 - copy of JPSO rights of arrestee or suspects form - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#2 - transcribed taped statement of Lameeka McKinney - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#3 - copy of consent to search form - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#4 - search warrant for telephone - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#5 - application for search warrant - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#6 - return on search warrant for telephone - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: heard - submitted - at the hour of 4:21 p.m. the Motion to Suppress Statement and Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: were denied by the Court, objection by the Defense counsel noted. |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 03/23/2012 | 03/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/27/2012 | 02/27/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: 3 disks of discovery was provided to the Defense today in open Court. |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: Set for status. |
| 02/02/2012 | 02/02/2012 | JHS | Docket minute: State witness list |
| 02/01/2012 | 02/01/2012 | JSR | Motions: Motions Filed - Reduce bond |
| 02/01/2012 | 02/01/2012 | JSR | Case active: Order signed by Judge Miller, setting omnibus motions for hearing on 2/13/12 |
| 01/31/2012 | 01/31/2012 | SMD | Motions: Motions Filed: OMNIBUS MOTIONS AND ORDER FOR PRE-TRIAL MOTIONS - Omnibus motions, Disclose impeaching information, Discovery and inspection, Other motion, Preliminary hearing, Produce police report, Suppress confession, Suppress evidence, Suppress identification |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Written notice given to the Defendant |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: arraignment |
| 01/20/2012 | 01/20/2012 | JMP | Plea: Plea NOT GUILTY |

| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/20/2012 | 01/20/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/19/2012 | 01/19/2012 | VBL | Docket minute: Indictment Filed - Case re-allotted - To Division I Judge NANCY A. MILLER |
| 01/19/2012 | 01/19/2012 | VBL | Charge: Cnt 1 Item B1961911 RS 14:30.1 |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: a general hearing |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Motion continued to 1-24-12. |
| 01/17/2012 | 01/17/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 1 MOTION PRELIM HEAR V |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 2 MOTION TO REDUCE BND V |
| 01/03/2012 | 01/03/2012 | JHS | Motions: Motions Filed - Other motion |
| 01/03/2012 | 01/03/2012 | JHS | Case active: Motion for release pursuant to article 701 filed |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: a preliminary hearing |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Probable cause was found to hold on the 14:30.1 under item number B-19619-11. |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Motion for Bond Reduction - Denied |
| 11/16/2011 | 11/16/2011 | JMP | Case active: JAIL COURT DISPO |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 1 MOTION PRELIM HEAR V (PROBABLE CAUSE FOUND) |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 2 MOTION TO REDUCE BND V (DENIED) |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: continuance: Requested jointly. reason: officer not available. |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: ADA requested if co - defendant has a Preliminary hearing filed before this day to set it the same day. |
| 11/02/2011 | 11/02/2011 | JMP | Case active: JAIL COURT DISPO |
| 10/07/2011 | 10/07/2011 | GMV | Docket minute: ORDER PE MBR AND MOTION TO ENROLL SIGNED BY COMMISSIONER |
| 10/05/2011 | 10/05/2011 | VBL | Docket minute: Case allotted - Class V Division A Judge Raymond S. Steib Jr. |
| 10/05/2011 | 10/05/2011 | VBL | : Cnt 1 Item B1961911 RS MOTION PRELIM HEAR |
| 10/05/2011 | 10/05/2011 | VBL | : Cnt 2 Item B1961911 RS MOTION TO REDUCE BND |

**Party**

| PartyType | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| Attorney | CESAR J VAZQUEZ | 848 2ND STREET THIRD FLOOR | GRETNA | LA | 70053 |
| Witness | BRADY J BUCKLEY | | | | |
| Witness | CHARLES SCHIBER | | | | |
| Witness | DANA TROXCLAIR | | | | |
| Witness | DR. ERIC ZICKERMAN | | | | |
| Witness | DWANA BAILEY | | | | |
| Witness | EDWIN J KLEIN | | | | |
| Witness | ELIZABETH KLEIN | | | | |
| Witness | JARROD J GERVAIS | | | | |
| Witness | JEFFERY E RODRIGUE | | | | |
| Witness | MATTHEW A VASQUEZ | | | | |
| Witness | MICHELLE RUDA MD | | | | |
| Witness | RENOID BERTHELOT | | | | |
| Witness | RICHARD TOMPSON | | | | |

Witness       SCOTT BENTON MD FAAP
Witness       WAYNE G RUMORE JR.

**Subpoena**

| | Schedule | Printed | Hearing | Type | SVC | Date | Party | Name |
|---|---|---|---|---|---|---|---|---|
| | 08/28/2013 | 06/21/2013 | OTH | Subpoena | | | DEF | LAMEEKA MCKINNEY |
| | 08/28/2013 | 06/21/2013 | OTH | Subpoena | | | DEF | ROBERT L SCOTT III |
| 📄 | 08/28/2013 | 06/21/2013 | OTH | Subpoena | P | 06/26/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 08/28/2013 | 06/21/2013 | OTH | Subpoena | O | 06/28/2013 | ATD | FRANK G DESALVO |
| 📄 | 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/24/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/17/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/24/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 06/21/2013 | 05/14/2013 | OTH | Subpoena | P | 05/21/2013 | ATD | FRANK G DESALVO |
| 📄 | 05/13/2013 | 03/26/2013 | OTH | Subpoena | P | 04/08/2013 | ATD | FRANK G DESALVO |
| 📄 | 05/13/2013 | 03/20/2013 | OTH | Subpoena | O | 03/26/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 05/13/2013 | 03/26/2013 | OTH | Subpoena | P | 04/08/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 05/13/2013 | 03/20/2013 | OTH | Subpoena | P | 03/27/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/08/2013 | WTS | CHARLES SCHIBER |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DANA TROXCLAIR |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | MATTHEW A VASQUEZ |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/06/2013 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JARROD J GERVAIS |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | EDWIN J KLEIN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | ELIZABETH KLEIN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JEFFERY E RODRIGUE |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/04/2013 | WTS | MICHELLE RUDA MD |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | WAYNE G RUMORE JR. |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | ATD | FRANK G DESALVO |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DWANA BAILEY |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/05/2013 | WTS | SCOTT BENTON MD FAAP |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | RENOID BERTHELOT |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | BRADY J BUCKLEY |
| 📄 | 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/01/2013 | ATD | MARTIN E REGAN |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/08/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/26/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | CHARLES SCHIBER |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | MATTHEW A VASQUEZ |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | ATD | FRANK G DESALVO |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | O | 02/14/2013 | WTS | SCOTT BENTON MD FAAP |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | BRADY J BUCKLEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | JARROD J GERVAIS |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | MICHELLE RUDA MD |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | WAYNE G RUMORE JR. |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | EDWIN J KLEIN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | ELIZABETH KLEIN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTD | RICHARD TOMPSON |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | JEFFERY E RODRIGUE |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DANA TROXCLAIR |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DWANA BAILEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | RENOID BERTHELOT |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DWANA BAILEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JARROD J GERVAIS |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | EDWIN J KLEIN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | ATD | MARTIN E REGAN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | A | 11/16/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/04/2012 | ATD | FRANK G DESALVO |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/15/2012 | WTD | RICHARD TOMPSON |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | RENOID BERTHELOT |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | ATD | MARTIN E REGAN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | A | 10/24/2012 | DEF | LAMEEKA MCKINNEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTD | RICHARD TOMPSON |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTS | DR. ERIC ZICKERMAN |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/29/2012 | DEF | ROBERT L SCOTT III |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DWANA BAILEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/31/2012 | WTS | JARROD J GERVAIS |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | ATD | FRANK G DESALVO |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/01/2012 | WTS | RENOID BERTHELOT |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | ELIZABETH KLEIN |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | EDWIN J KLEIN |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/26/2012 | WTS | WAYNE G RUMORE JR. |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | WTS | BRADY J BUCKLEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | ROBERT L SCOTT III |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | WILLIAM M DOYLE |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | MARTIN E REGAN |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/19/2012 | ATD | FRANK G DESALVO |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | LAMEEKA MCKINNEY |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | MARTIN E REGAN |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/11/2012 | WTD | RICHARD TOMPSON |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | FRANK G DESALVO |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | LAMEEKA MCKINNEY |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | ROBERT L SCOTT III |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | LAMEEKA MCKINNEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | ATD | MARTIN E REGAN |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DWANA BAILEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | BRADY J BUCKLEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | P | 08/23/2012 | ATD | WILLIAM M DOYLE |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | EDWIN J KLEIN |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | ELIZABETH KLEIN |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | WAYNE G RUMORE JR. |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DR. ERIC ZICKERMAN |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | ROBERT L SCOTT III |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | MARTIN E REGAN |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | ATD | FRANK G DESALVO |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | WTD | RICHARD TOMPSON |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/10/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DWANA BAILEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Instanter | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Instanter | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| | 08/20/2012 | 08/13/2012 | TRL | Instanter | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | EDWIN J KLEIN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | CHARLES SCHIBER |
| | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/20/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/29/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/28/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |

| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY E RODRIGUE |
|---|---|---|---|---|---|---|---|---|
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DWANA BAILEY |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | BRADY J BUCKLEY |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DANA TROXCLAIR |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | EDWIN J KLEIN |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 06/08/2012 | WTS | MATTHEW A VASQUEZ |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| | 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| | 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| | 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| | 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| | 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| | 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| | 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| | 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | ATD | C. GARY WAINWRIGHT |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | MARTIN E REGAN |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/30/2012 | WTS | MICHELLE RUDA MD |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | MATTHEW A VASQUEZ |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | WILLIAM M DOYLE |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | JEFFERY E RODRIGUE |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | DANA TROXCLAIR |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | DEF | LAMEEKA MCKINNEY |
| | 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | CHARLES SCHIBER |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| | 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | ROBERT L SCOTT III |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | JARROD J GERVAIS |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | MARTIN E REGAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | LAMEEKA MCKINNEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | WILLIAM M DOYLE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | CHARLES SCHIBER |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DANA TROXCLAIR |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | DR. ERIC ZICKERMAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | DEF | LAMEEKA MCKINNEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/21/2012 | WTS | BRADY J BUCKLEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | ELIZABETH KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | EDWIN J KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | MARTIN E REGAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DWANA BAILEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | JEFFERY E RODRIGUE |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | MICHELLE RUDA MD |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | WAYNE G RUMORE JR. |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | MATTHEW A VASQUEZ |
| 02/27/2012 | 01/24/2012 | TRL | Subpoena | P | 01/24/2012 | DEF | ROBERT L SCOTT III |
| 02/27/2012 | 01/25/2012 | TRL | Subpoena | P | 01/30/2012 | ATD | C. GARY WAINWRIGHT |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | WILLIAM M DOYLE |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | JARROD J GERVAIS |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | WILLIAM M DOYLE |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | MARTIN E REGAN |
| 02/13/2012 | 01/20/2012 | TRL | Subpoena | P | 01/20/2012 | DEF | LAMEEKA MCKINNEY |
| 01/24/2012 | 01/23/2012 | ARR | Subpoena | P | 01/23/2012 | DEF | ROBERT L SCOTT III |

Case

| Case Nbr | DA Case Nbr | File DT | Class | Close DT | State vs |
|----------|-------------|---------|-------|----------|----------|
| 1105008 | 51166756 | 01/19/2012 | 2 | null | LAMEEKA MCKINNEY, ROBERT SCOTT |

| | | | |
|---|---|---|---|
| 09/14/2012 | 10/18/2012 | JSR | a.m.) |
| 09/10/2012 | 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 08/21/2012 | 09/10/2012 | JSR | Trial: |
| 08/27/2012 | 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/22/2012 | 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 07/23/2012 | 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |

**Minute**

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 06/21/2013 | 08/28/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 06/21/2013 (set at 10:00 a.m.) |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: motions need to be heard. |
| 06/21/2013 | 06/21/2013 | JSR | Docket minute: Mr. Aidan Shah and Mr. Martin Regan were present on a re-hearing on a Motion to Enroll, the State moved to strike this motion, the Court finds an actual conflict does exist, the Court strikes the Motion to Enroll filed by Mr. Martin Regan, objection by Mr. Regan noted. Mr. Regan requested 10 days to take a writ, 10 days granted by the Court. |
| 05/20/2013 | 05/20/2013 | AMJ | Case active: Motion to enroll and incorporated memorandum in support filed (SIGNED) |
| 05/14/2013 | 05/14/2013 | JSR | Case active: copy of fax from Fifth Circuit, rehearing was this day refused in the case entitled |
| 05/13/2013 | 06/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 05/13/2013 (set at 10:00 a.m.), Hearing on Motion to Enroll |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pursuant to a bench conference. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: The Court ordered the State to turn over discovery to the Defense by close of business today. |
| 05/13/2013 | 05/13/2013 | JSR | Docket minute: 3 CD's were given to the Defense in open Court today. |
| 04/05/2013 | 04/05/2013 | MAM3 | Docket minute: Letter from Supreme Court of La 2013KK725 filed |
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: The Motion to Set Aside Order is moot, Mr. Martin Regan was present on this motion only. |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/21/2013 | 02/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: Mr. Regan filed a motion for rehearing in the 5th Circuit Court. |
| 02/13/2013 | 02/13/2013 | DBD | Docket minute: Application For Rehearing With Incorporated Brief In Support filed |

## 24th Judicial District Court
## Parish of Jefferson - State of Louisiana

State of Louisiana
Versus
LAMEEKA MCKINNEY
DOB:              12/16/1987
Judge:           NANCY A. MILLER
ADA:             Douglas W. Freese, Sunny
                 Funk

| | |
|---|---|
| Case Number: | 11-5008 |
| Division: | I |
| Complaint: | B1961911 |
| Date: | 06/21/2013 |
| Court Reporter: | Cherie Mollere |

The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for Court Status Hearing.

The Defendant was represented by CESAR J. VAZQUEZ.

The Defendant is in Jefferson Parish Prison.

Mr. Aidan Shah and Mr. Martin Regan was present on a re-hearing on a Motion to Enroll, the State moved to strike this motion, the Court finds an actual conflict does exist, the Court strikes the Motion to Enroll filed by Mr. Martin Regan, objection by Mr. Regan noted. Mr. Regan requested 10 days to take a writ, 10 days granted by the Court.

The Court Status Hearing was ordered continued and re-set for Wednesday, August 28, 2013 at 10:00 a.m.

The continuance was requested by the Court.

The reason for the continuance is: motions need to be heard.

/s/Janet Ryan

_____
Janet Ryan, Deputy Clerk

Entry:                                               Continuance

TWENTY FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 11-5008                                  DIVISION: "I"

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

FILED: _____        _____
                                            DEPUTY CLERK

## MOTION TO ENROLL AND
## INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes the defendant, Lameeka McKinney, who respectfully moves for counsel, Martin E. Regan, Jr., to be enrolled as attorney of record on her behalf and herein attaches a Waiver of Potential Conflicts executed by court-appointed counsel.

On January 19, 2012, Ms. McKinney and Robert Scott, III, were charged by bill of indictment with one count each of second degree murder, for the December 14, 2010, death of Known Juvenile (DOB 10/31/10), their infant child.  On January 20, 2012, Ms. McKinney, represented by Mr. Regan, and Mr. Scott, represented by C. Gary Wainwright, appeared for arraignment and pled not guilty.  By State's motion, the defendants were severed for trial purposes.  On April 23, 2012, the trial court heard pretrial motions regarding Ms. McKinney, on the suppression of evidence and statements.  These motions were denied.

On May 30, 2012, the defense received all medical records and stated it's intent to consult with an independent medical expert.[1]  On August 22, 2012, the defense moved for IDB Funds for Expert Assistance in the Field of Forensic Pathology.[2]  The matter was set for hearing

---

[1] On May 30, 2012, medical records were produced to the defense.  The records revealed a marked issue in the Jefferson Parish Coroner's Report.  Specifically, the State had based its entire prosecution of both defendants on the questionable interpretation of certain scientific evidence.  As a result, the defense would require an independent forensic pathologist to provide expert assistance in evaluating the Coroner's findings.  The families of both defendants jointly raised the funds necessary to retain a preliminary expert assessment by an independent medical examiner (IME).  Each defendant's family bore one-half of the cost for the expert's initial assessment.  Defense teams for Ms. McKinney and Mr. Scott reviewed the IME's Opinion and concluded that in order to adequately represent their respective clients, the IME would be needed for trial.

[2] Because neither defendant's family was able to raise the necessary funds for the IME's travel to Louisiana and his associated fees for testifying, funds to secure the IME's expert testimony would be required.  On August 22, 2012, the defense moved for IDB funding to secure the IME for trial.  Ultimately, IDB funds were made available to assist the defense in securing the attendance of the independent forensic pathologist.  It should be noted that



EXHIBIT
D

and continued. On September 25, 2012, the State filed a notice of supplemental discovery. On October 18, 2012, the status on IDB Funds was continued to allow for the defense to obtain completed medical reports. On January 22, 2013, the parties appeared for pretrial conference and moved to exclude 404(B) evidence from introduction at trial.[3] On January 25, 2013, the trial court ruled that defendants' *Motion in Limine* was prematurely filed and would be addressed after defense examination of the expert was completed, further ordering trial to begin on January 29, 2013.

On January 28, 2013, the eve of trial, the State moved for a conflict of interest inquiry and for a preliminary examination to perpetuate testimony. On January 29, the trial court conducted an evidentiary hearing on the conflict of interest raised by the State, at which time both defendants affirmatively testified under oath that they "had no problems" with Mr. Regan representing Ms. McKinney, that both had been aware of Mr. Wainwright's employment as a paralegal of Mr. Regan and that each independently "waived" any alleged conflict. Exh. _A. Transcript of Ms. McKinney's and Mr. Scott's testimony.

On January 30, this court appointed the Jefferson Parish Defender's Office to represent Ms. McKinney over undersigned counsel's objection. Attorney Cesar Vasquez was assigned the matter. Newly assigned and completely independent counsel for Ms. McKinney met with Ms. McKinney, extensively discussed this matter and the reason for his appointment to her case. Ms. McKinney maintained that she wished to have counsel of her choice, Mr. Regan, remain her counsel.

On February 8, 2013, Mr. Vasquez met with Ms. McKinney and discussed with her a well-particularized and comprehensive Conflict of Interest Waiver. Ms. McKinney executed the Waiver in the form of a sworn affidavit. Exh. B_.

Mr. Vasquez's appointment, his meeting with Ms. McKinney and the execution of Ms. McKinney's Conflict of Interest Waiver, each occurred subsequent to the Louisiana Fifth Circuit Court of Appeal acting upon Ms. McKinney's Emergency Writ Application. The affidavit of Ms. McKinney is herein attached for the court's consideration. Exh. B_.

---

C. Gary Wainwright took part in preparing the pleading. Mr. Wainwright was employed at Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

[3] It should be noted that C. Gary Wainwright took part in preparing the pleading. Mr. Wainwright was employed at Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

IMAGED MAY 2 0 2013

## LAW AND ARGUMENT

A.   **Ms. McKinney is entitled to select and be represented by her own choice of counsel.**

"In all criminal prosecutions the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI.   The Sixth Amendment right to the assistance of counsel guarantees the right of a defendant who can afford counsel, to retain counsel of his own choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). This right to choice of counsel is recognized by the Louisiana Constitution. La. Const. art. I §13; *State v. Seiss*, 428 So.2d 444, 447 (La. 1983). The right to counsel includes the "right to representation that is free from any conflict of interest." *United States v. Vaquero*, 997 F.2d 78, 89 (5th Cir. 1993).

The erroneous denial of counsel of choice is a constitutional violation requiring reversal. *United States v. Gonzalez-Lopez, supra; Fuller v. Diesslin*, 868 F.2d 604, 608 (3rd Cir.), *cert. denied*, 493 U.S. 873, 110 S. Ct. 203, 107 L. Ed. 2d 156 (1989).   Deprivation of counsel of choice is a "structural defect" and, therefore, immune from "harmless-error" analysis. Deprivation of the right is *complete* when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. A trial court's erroneous deprivation of a criminal defendant's choice of counsel entitles her to reversal of her conviction. *Gonzalez-Lopez*, 548 U.S. at 148, 126 S.Ct. at 2563.

In the present case, competing interests between concurrent clients or competing loyalties among parties is not an issue. Mr. Regan does not represent any other party in this matter. Mr. Regan's actions on behalf of Ms. McKinney will not be limited, much less *materially* limited, by representation of any other party to this case.

Pursuant to Rule 1.7 of the ABA Rules of Professional Conduct, a conflict of interest exists *if* there is a significant risk that a lawyer's action on behalf of one client will materially limit the lawyer's effectiveness in representing *another* client in a different case. The Rules specifically cite the example of such a conflict where a decision favoring one client will create a precedent likely to seriously weaken the position taken on behalf of the *other* client. Such a conflict does not arise in this matter.

IMAGED MAY 2 0 2013

B.    Ms. McKinney has validly waived the potential conflict of interest.

Where a defendant chooses to proceed with representation by counsel who may have a conflict of interest, a court must ensure a valid waiver by the defendant of his Sixth Amendment right to conflict-free counsel by conducting a "*Garcia* hearing." *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263, 104 S. Ct. 1051, 79 L. Ed. 2d 288 & n.2, 465 U.S. 259, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984). During a *Garcia* hearing, the trial court must inquire into the voluntariness of defendant's waiver to ensure that the defendant:

(1)    is aware that a conflict of interest exists;
(2)    knows the potential hazards or consequences to her defense by continuing with such counsel under the onus of a conflict; and
(3)    understands that she has the right to counsel unfettered by the conflict of interest.

*United States v. Greig*, 967 F.2d 1018, 1022 (5th Cir. 1992).

Counsel has attached relevant portions of the Federal Bench Book delineating the guidelines for conducting an inquiry into an alleged or actual conflict.[4] Exh. C.

Mr. Regan has not been placed in a position of competing loyalties. He owes no duties to other parties in these proceedings. Additionally, Mr. Wainwright never disclosed to Mr. Regan, any privileged information from his prior representation of Mr. Scott.

## CONCLUSION

Ms. McKinney's severed co-defendant, Robert Scott, is represented by attorney Frank DeSalvo. It is well-noted in these proceedings that the undersigned is not seeking to enroll to represent any defendant other than Ms. McKinney.

---

[4] The Louisiana Supreme Court in *State v. Kahey*, defined an actual conflict of interest as being: established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. *Zuck v. Alabama*, 588 F.2d 436 (5th Cir.), *cert. denied*, 444 U.S. 833, 100 S. Ct. 63, 62 L. Ed. 2d 42 (1979).

If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client. 588 F.2d at 439.

*Kahey*, 436 So.2d 475, 485 (La. 1983); *see also State v. Carter*, 84 So.3d 499 (La. 2012).

Page 4 of 5

IMAGED MAY 2 0 2013

WHEREFORE, undersigned, respectfully prays that he be allowed to enroll as attorney of record in the instant matter.

Respectfully Submitted,

Martin E. Regan, Jr., # 11153
Regan & Sandhu, P.L.C.
2125 St. Charles Avenue
New Orleans, LA 70130
Tel.: 504-522-7260
Fax: 504-522-7507

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MOTION TO ENROLL** has been served upon the District Attorney by either hand delivery or by United States Mail, postage prepaid:

This _____20th_____ day of _____May_____, 2013_____, New Orleans, La.

MARTIN E. REGAN, JR. (11153)

IMAGED MAY 2 0 2013

TWENTY-FOURTH JUDICIAL DISTRICT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 11-5008                                      DIVISION: "I"

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

FILED: _____          _____
                                              DEPUTY CLERK


ORDER

Considering the foregoing Motion to Enroll and Incorporated Memorandum in

Support,

IT IS ORDERED that this matter is set for hearing on the:

_____ 21st _____ day of _____ June _____, 2013. at 10:00AN


GRETNA, LOUISIANA, this 21st day of _____ May _____ 2013..

_____
JUDGE N. MILLER

IMAGED MAY 2 0 2013

24TH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

STATE OF LOUISIANA

DIVISION "I"

VERSUS

DOCKET NO. 11-5008

LAMEEKA MCKINNEY
ROBERT L. SCOTT, III

TRANSCRIPT OF PROCEEDINGS taken before the Honorable Nancy A. Miller, Judge Presiding, Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, on Tuesday, January 29, 2013, in Gretna, Louisiana.

REPORTED BY:

CHERIE J. MOLLERE, CCR, OCR, CDR
Certified Court Reporter
Official Court Reporter
Digital Court Reporter
Certificate No. 1642010

IMAGED MAY 20 2013



24TH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA


STATE OF LOUISIANA

                            DIVISION "I"

VERSUS                      DOCKET NO. 11-5008


LAMEEKA MCKINNEY
ROBERT L. SCOTT, III


        TRANSCRIPT OF PROCEEDINGS taken before
the Honorable Nancy A. Miller, Judge
Presiding, Twenty-Fourth Judicial District
Court, Parish of Jefferson, State of
Louisiana, on Tuesday, January 29, 2013,
in Gretna, Louisiana.


REPORTED BY:

    CHERIE J. MOLLERE, CCR, OCR, CDR
    Certified Court Reporter
    Official Court Reporter
    Digital Court Reporter
    Certificate No. 1642010

Exhibit A

A P P E A R A N C E S

Representing the State of Louisiana:

    DOUGLAS "DOUG" W. FREESE, ESQ.
    SUNNY FUNK, ESQ.
    BLAIR CONSTANT, ESQ.
    REGINA RIBANDO, INVESTIGATOR
    District Attorney's Office
    200 Derbigny Street
    Gretna, Louisiana  70056
    (504) 368-1020

Representing the Defendant, Lameeka McKinney:

    MARTIN E. REGAN, JR., ESQ.
    Regan & Associates
    2125 Saint Charles Avenue
    New Orleans, Louisiana 70130
    (504) 522-7260

Representing the Defendant, Robert Scott:

    FRANK G. DESALVO
    Frank G. DeSalvo, APLC
    739 Baronne Street
    New Orleans, Louisiana 70113


Also Present:

    Janet Ryan, Deputy Clerk
    Madeleine S. Escudier, Law Clerk
    Peter Nelson, Bailiff
    Richard Thompson, Public Defender's
    Office

MR. DESALVO:

I have no questions, Your Honor.

THE COURT:

All right.  Mr. Wainwright, thank you very much.  You're free to go.

THE WITNESS:

Thank you, Your Honor.

THE WITNESS:

(Whereupon, the witness stepped down from the witness stand.)

THE COURT:

Miss McKinney.

THE DEFENDANT:

Yes.

THE COURT:

Can you swear in Miss McKinney?

MADAM CLERK:

Raise your right hand, Miss McKinney.

THE DEFENDANT:

(Defendant complies.)

MADAM CLERK:

Do you solemnly swear the testimony you're about to give in this matter be the truth, the whole truth and nothing but the truth, so help you God?

THE DEFENDANT:

85

IMAGED MAY 2 0 2013

1    Yes, ma'am.

2    (LAMEEKA McKINNEY, After

3    Having Been First Duly Sworn

4    Under Oath, Did Testify As

5    Follows:)

6    MADAM CLERK:

7    State your name and address.

8    THE WITNESS:

9    Lameeka McKinney.  I'm

10   currently --

11   MADAM COURT REPORTER:

12   Speak a little louder, please.

13   THE DEFENDANT:

14   My current address is

15   Jefferson Parish Correctional

16   (inaudible).

17   THE COURT:

18   Ms. McKinney, I'm having a

19   hard time hearing you.  Can you

20   scoot over one --

21   THE DEFENDANT:

22   Uh-huh.

23   THE COURT:

24   Remember, the black button is

25   the microphone.

26   THE DEFENDANT:

27   (Defendant complies.)

28   DIRECT EXAMINATION

29   BY THE COURT:

30   Q.  Miss McKinney, you've been

31   represented by Mr. Regan?

32   A.  Yes, ma'am.

86

Q. All right. At any time, were you told of a potential conflict with Mr. Wainwright representing -- or I'm sorry -- with Mr. Wainwright working in Mr. Regan's office?

A. No, ma'am.

Q. You were never told of that?

A. That he was working there? Yeah, I was told.

Q. That he was working --

A. Yeah.

Q. You were told he was working --

A. Yes.

Q. -- there?

A. Yes.

Q. All right. Did anyone point out that there may be a potential conflict with Mr. Wainwright working in Mr. Regan's office after Mr. Wainwright had represented your co-defendant and your husband?

A. No, ma'am.

Q. Has anyone discussed that potential conflict with you up until today?

A. No, ma'am.

Q. So you've not had the opportunity to discuss that with Mr. Regan?

A. No, ma'am.

Q. Okay. All right.

THE COURT:

Mr. Freese. Be very careful.

87

MR. FREESE:

No questions, Your Honor.

THE COURT:

Perfect.

Mr. Regan.

MR. REGAN:

Oh, definite. Yes, ma'am.

CROSS-EXAMINATION

BY MR. REGAN:

Q. Miss McKinney, do you -- did you -- when you became aware of -- of Gary Wainwright's suspension, did you know that your -- the husband, or the father of your children had to get a different attorney?

A. Yes, I did.

Q. Okay. And -- and why is it that -- that he -- and again, I'm going to just talk to you in layman's terms. Why did you understand that he -- that your -- Mr. Scott needed a separate attorney?

A. I know we couldn't have the same attorney and, um --

Q. Right. And -- and I know you're not a lawyer.

A. Yet.

Q. What's your educational background?

A. Uh, Tenth (10th) Grade.

Q. I'm sorry?

A. Tenth (10th) Grade.

Q. Tenth (10th) Grade. But you

88

1   understand -- you understood that he --
2   he needed another lawyer.  Correct?
3        A.  Yes.
4        Q.  Okay.  And -- and do you know who
5   is lawyer -- who volunteered to come
6   onboard and represent your husband?
7        A.  Yes.
8        Q.  And who is that?
9        A.  Um, Mr. DeSalvo.
10       Q.  Okay.  And -- and do you know why
11  Mr. DeSalvo, a totally separate lawyer
12  had to be on the case?
13       A.  No, I didn't.
14       Q.  Okay.  But that occurred, as far
15  as you knew.
16       A.  Yes.
17       Q.  Did you have any objection to Mr.
18  DeSalvo representing Mister -- Mr.
19  Scott?
20       A.  No, I didn't.
21       Q.  Okay.  Did -- did I, in fact,
22  meet with you in the jail a multitude of
23  times?
24       A.  Yes.
25       Q.  Did you ever tell me you objected
26  to -- to Mr. DeSalvo representing your
27  husband?
28       A.  No.
29       Q.  Did you ever have any complaints
30  that Gary Wainwright had -- who
31  previously represented your husband, was
32  working as a paralegal in my law firm?

89

IMAGED MAY 2 0 2013

A. No.

Q. Do you, today, have any objections to the fact that Gary Wainwright worked in my office after he was suspended?

A. No, I don't.

Q. Do you have any objections to me continuing to represent you?

A. No.

Q. And with respect to the fact that Gary Wainwright was present when we interviewed the medical expert, do you have any problems with that?

A. No, I don't.

Q. Okay. Do you have any objections to going to trial today?

A. No, I don't.

Q. Do you want to go to trial today?

A. Yes.

Q. Okay. And -- and do you have any complaint at this point that -- that Mr. Wainwright is to work in my firm as a paralegal? Any kind of complaint.

A. No, I don't.

Q. All right. And -- and as -- after having heard all the testimony -- you've been here for all the testimony. Does that cause you any problems based on what Mr. Wainwright has said --

A. No.

Q. -- for my continued representation of you?

90

IMAGED MAY 20 2013

A.   No.  No problem.

MR. REGAN:

Thank you.  I have no further questions.

THE COURT:

Mr. DeSalvo, any questions?

MR. DESALVO:

I have none, Your Honor.

THE COURT:

Thank you.

Mr. Scott.

MADAM CLERK:

Raise your right hand, please.

THE DEFENDANT:

(Defendant complies.)

MADAM CLERK:

Do you solemnly swear the testimony you're about to give in this matter be the truth, the whole truth and nothing but the truth, so help you God?

THE DEFENDANT:

Yes, ma'am.

(ROBERT L. SCOTT, III, After Having Been First Duly Sworn Under Oath, Did Testify As Follows:)

MADAM CLERK:

State your name and address.

THE WITNESS:

My name is Robert Scott, III. I'm currently housed here in

91

IMAGED MAY 2 0 2013

Jefferson Parish Correctional
Facility.
DIRECT EXAMINATION
BY THE COURT:
    Q.  Mr. Scott, you were previously
represented by Mr. Wainwright; is that
correct?
    A.  Yes, ma'am.
    Q.  All right.  And since Mr.
Wainwright's suspension, you've been
represented by Mr. DeSalvo?
    A.  Yes, ma'am.
    Q.  Has anyone discussed with you any
potential conflicts that may exist?
    A.  Uh --
    Q.  I simply want a yes or no answer.
I don't want anything -- any meat of the
conversation.  Do you understand that?
    A.  Yes -- yes, ma'am.
    Q.  Someone has discussed with you a
potential conflict?
    A.  No, ma'am.
    Q.  No.  Okay.  Were you aware that
your attorney was working in Mr. Regan's
office as a paralegal?
    A.  Yes, ma'am.
    Q.  Did you have any objection to Mr.
Regan -- or I'm sorry -- to your
attorney working for your wife's
attorney?
    A.  I'm sorry.  Say that again.
    Q.  Did you have any objection to

92

IMAGED MAY 2 0 2013

your former attorney --

A. Oh, no, ma'am.

Q. -- working for your wife's attorney?

A. No, ma'am.

Q. Okay. No one has discussed with you what potential conflict that may lead to.

A. No, ma'am. Uh -- uh -- I'm sorry. Other than, what I've heard.

Q. What do you mean, "Other than what you've heard."? You're being informed for the first time what the potential conflicts are today?

A. No, ma'am.

Q. After Mr. DeSalvo began representing you, how did you come to learn that Mr. Wainwright was going to be working for Mr. Regan?

A. (No audible response.)

Q. Do you remember?

A. Um, I was, uh -- I -- I was notified that, uh, he -- he was going to be working -- working for, uh, Mister, uh --

Q. Regan.

A. -- Regan.

Q. And was that in the letter that he sent to you explaining that he had been suspended and Mr. DeSalvo was going to take over your case?

A. Well --

93

IMAGED MAY 2 0 2013

Q.  If you remember.

A.  Uh, I don't -- I don't remember. I don't remember the -- the details in the letter, but --

Q.  Okay.  Did anyone ask you to waive any potential conflict?

A.  Waive?  Like -- what?

Q.  To -- well, then -- no one explained to you that there may be a potential conflict; is that correct?

A.  Yes, ma'am.  No -- no one, uh, really --

Q.  All right.  I think it's safe to say, if nobody told you there was a potential conflict, nobody would've asked you to waive a potential conflict, right, to -- to say it didn't matter.

A.  To say it didn't matter.  I guess.  I don't understand.

THE COURT:

Mr. Freese.

MR. FREESE:

No questions.

THE COURT:

Mr. Regan.

MR. REGAN:

Yes, sir.

CROSS-EXAMINATION

BY MR. REGAN:

Q.  To the best of you -- you and I have never met.  I've never gone to the jail and interviewed you, have I?

94

IMAGED MAY 2 0 2013

A.  No, sir.

Q.  Okay.  And to the best of your knowledge, do you know if your attorney's ever given me permission to even talk to you?

A.  No, sir.

Q.  Okay.  And -- and then, finally, this is the ultimate question:  You've heard everything at this point.

A.  That's what I'm saying.

Q.  And -- and -- and here's where we are today.  Do you -- knowing what you've heard at this point --

A.  Uh-huh.

Q.  -- do you have any objection to me work -- representing Miss McKinney?

A.  No, sir.

Q.  Do you have any concern whatsoever of -- of the fact that Gary Wainwright came to work at my firm after he was suspended?

A.  No, sir.

Q.  Okay.  And is it -- do you have any objection to me going forward with a jury trial for Mrs. McKinney today?

A.  No, sir.

Q.  And finally, did Mr. DeSalvo ever ask you to do anything in writing concerning a conflict?

A.  No, sir.

Q.  Okay.  And -- and did Mr. DeSalvo ever sit down and say to you, "Hey,

95

1   look, fellow, there may be a conflict,
2   because Gary is working?
3        A.  Oh, no, sir.  No, sir.
4        Q.  Okay.  Did he ever say to you --
5   did Mr. DeSalvo, with all his
6   experience, say to you, "Sir, please
7   consider the potential for conflict if
8   -- if the State calls you as a
9   witness."?  Was that ever discussed?
10       A.  No, sir.
11       Q.  And -- and prior to coming here
12  today, did you anticipate that -- first
13  of all, do you know that the cases were
14  severed?  That -- that they're separate
15  trials from your wife, or your -- the
16  mother of the children?
17       A.  Now.
18       Q.  You -- okay.  Okay.
19       A.  Yes, sir.
20       Q.  And -- and at this point, to the
21  best of your knowledge, was there ever a
22  potential for conflict since you had
23  your own attorney?
24       A.  No, sir.
25       MR. REGAN:
26            No further questions.
27       THE COURT:
28            Mr. DeSalvo.
29       MR. DESALVO:
30            I have no questions, Your
31       Honor.
32       THE COURT:

96

Page 1 of 3

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DIVISION: "I"

NO. 11-5008

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

DEPUTY CLERK:

FILED: _____

LAMEEKA MCKINNEY AFFIDAVIT

CONFLICT OF INTEREST WAIVER[1]

I, LaMeeka McKinney, having first being duly sworn declare that I am of the full age of

majority and of sound mind, do hereby freely, voluntarily and with full knowledge of the

consequences do hereby solemnly swear:

1.) I was aware the C. Gary Wainwright, represented my husband, Robert Scott, III virtually

from the day of Robert Scott, III's arrest and in all court proceedings thereafter until he

was suspended from the practice of law.

2.) I was aware C. Gary Wainwright was suspended from the practice of law and my co-

defendant Robert Scott, III, was required to secure a new lawyer and Frank DiSalvo in

July of 2012.

3.) I was aware that C. Gary Wainwright went to work for the law office of my lawyer Martin

Regan, Jr., as a paralegal July 1, 2012 and provided all confidential materials of Mr.

Robert Scott to Mr. DiSalvo immediately upon his retention. I have every confidence in

Mr. Regan and no basis whatsoever to believe that Mr. Wainwright shared any

information with Mr. Regan or any other member of his law firm.

4.) I am aware that a conflict of interest exists. That conflict consists of the fact that Mr.

Wainwright represented my husband in the same matter, that Mr. Regan is representing

me in. I am also aware of the measures that were taken to keep my husband's file and

confidences secure. I have no information and no reason to believe that any client

---

[1] United States v. Garcia, 517 F.2d 272, 278 (5th Cir.1975) and United States v.
Hernandes, 690 F.3d 613 (5th. Cir., 2012).

IMAGED MAY 2 0 2013



confidence has been violated of mine or my husband's.

6.) I realize that there may be potential hazards to my defense by continuing to have Martin Regen represent me.

I understand the things Mr. Wainwright did in my case as a paralegal working under Mr. Regan's direction and I waive any conflict that his doing the things that have been testified to in court in my presence may have created or may create in the future.

I further waive any and all conflicts of any sort or nature that may exist or may come into existence with respect to my defense by virtue of Mr. Wainwright working as a paralegal in Mr. Regan's law firm.

8.) It has been explained to me and I clearly understand that I have the right to secure new counsel given the conflict that exists.

I have a great attorney client relationship with Mr. Regan and I am confident of his abilities and his loyalty.

I have no reason to believe that he will not ardently represent my interests, to the best of his ability.

I also understand that my trial is going to be conducted separately from my husbands and there is the potential that Robert Scott, III, may be called as a witness in my trial and that Mr. Regan will have to ask him questions.

I, LaMeeka McKinney, being of the full age of majority and of sound mind, have read carefully the above statements of fact and I fully understand them.

I have been provided access to independent court appointed counsel to fully discuss the contents, their meaning and import of this affidavit and I do hereby freely, voluntarily and with full knowledge of the consequences,  do hereby solemnly swear, that I waive any and all actual or potential conflicts created by Mr. Wainwright working as a paralegal in Mr. Regan's law firm and this is the truth.

I have previously waived this conflict in open court while under oath and do so again now after consultation with Court Appointed Counsel Caesar Vasquez.

I want my 6th Amendment right to counsel of my choice and he is Martin E. Regan, Jr.

IMAGED
MAY 2 0 2013

I, LaMeeka McKinney, having first being duly sworn declare that I am of the full age of majority and of sound mind, do hereby freely, voluntarily and with full knowledge of the consequences do hereby solemnly swear:

LAMEEKA MCKINNEY

I, Caesar Vasquez, have been appointed by the court to represent Ms. Lameeka McKinney. I have fully and thoroughly discussed what a conflict is and how it may affect Mr. Regan's ability to represent her. Further I was present for the court proceeding wherein the trial Judge conducted her inquiry and am satisfied that I am competent to advise Ms. McKinney as to the law of conflict in the above captioned and numbered matter.

Signed this _8th_ Day of February, 2013, before me, Notary Public.

Caesar Vasquez
LSBA # 19195
909 W. Esplanade Ave.
Ste 202
Kenner, LA 70065
(504) 465-0908

IMAGED MAY 2 0 2013

Page 1 of 1

| STATE OF LOUISIANA | NUMBER: 11-5008   DIV 1 |
| | 24th JUDICIAL DISTRICT COURT |
| VS. | PARISH OF JEFFERSON |
| Lameeka McKinney | STATE OF LOUISIANA |

CHARGE(S):  14:30.1                              COURT DATE:

### REQUEST FOR APPOINTMENT OF COUNSEL

**OATH**

I,  Lameeka McKinney
2800 MT. KENNEDY DRIVE APT 1302
MARRERO, LA 70072

Phone  5043733171
DOB 12/16/1987    .   SSN 439716366
under penalty of perjury and in accord
with Act 653 of 1976, as amended,
state under Oath that I am unable
financially to obtain counsel. The court
is respectfully requested to direct the
24th Judicial District Indigent
Defender Board to provide an Attorney
to represent me concerning the above
charges, all in accordance with
LSA-R.S. 15:144 et.seq. I understand
that the Court may, at any time,
determine the extent of my ability to
pay for an attorney, other necessary
services and facilities of
representation and court costs and
order me to pay in installments, or
otherwise, which the Court believes
reasonable and compatible with my
financial ability. The financial
information given below is true and
correct.

ORDERED BY COMM.

**COURT ORDER**

THE oath of applicant and relevant
financial information considered, the
Court declares Applicant to be
indigent and is entitled to have
Counsel under the provisions of Act
653 of 1976, as amended, and

ATTORNEY
Vazquez Cesar
848 2nd St, 3rd Floor
Gretna, LA 70053

is herewith appointed to represent in
accordance with the aforesaid Act
653, as amended and in accordance
with the highest traditions of the legal
profession.

GRETNA, LA. THE
30 DAY OF   Jan  .   2013

_____
JUDGE

NON REFUNDABLE APPLICATION
FEE PURSUANT TO L.R.S. 15:147

| STATUS | RECEIPT |
| IN JAIL:  ? | COLLECTED: |
| JAIL LOCATION: | WAIVED: |

IMAGED MAY 2 0 2013

IDB FILE NO.
(Facsimile: Original on file at IDB Office)

# Benchbook

## for U.S. District Court Judges

### FIFTH EDITION

**Federal Judicial Center**
**September 2007**

IMAGED MAY 20 2013



# 1.08   Joint representation of codefendants

### Fed. R. Crim. P. 44(c)(2)

[*Note*: Under the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(2) and (3), any victim of the offense has the right to notice of "any public court proceeding . . . involving the crime . . . of the accused," and to attend that proceeding. It may be advisable to ask the prosecutor if there are any victims and, if so, whether the government has fulfilled its duty to notify them.]

## Introduction

Fed. R. Crim. P. 44(c)(2) provides as follows in cases of joint representation:

> The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

When a trial court becomes aware of a potential conflict of interest, it must pursue the matter, even if counsel does not. Judges should strongly recommend to codefendants that they avoid dual representation and should make clear that a court-appointed attorney is available to represent each defendant or to consult with each defendant concerning dual representation. This section is a hearing procedure for so advising defendants and for obtaining a waiver of the right to separate counsel. Note, however, that in certain situations, a district court may disqualify an attorney, despite a defendant's voluntary, knowing, and intelligent waiver of the right to conflict-free counsel. See *Wheat v. United States*, 486 U.S. 153, 163 (1988) ("district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses").

IMAGED MAY 2 2013

*Section 1.08: Joint representation of codefendants*

**Procedure**

A. Determine if the defendant is competent.

   1. Ask the defendant:

      (a) Mr., Ms., Mrs., Miss _____, how old are you?

      (b) How far did you go in school?

      [If you are not sure the defendant can understand English, ask:]

      (c) Are you able to speak and understand English?

      [Ask defense counsel if he or she has been able to communicate with the defendant in English. If you doubt the defendant's capacity to understand English, use a certified interpreter. See 28 U.S.C. § 1827.]

      (d) Have you taken any drugs, medicine, or pills or drunk any alcoholic beverage in the past twenty-four hours? Do you understand what is happening today?

   2. Then ask defense counsel and prosecutor:

      Do either of you have any doubt as to the defendant's competence at this time?

   3. State your finding on the record of the defendant's competence.

B. Emphasize the seriousness of the charges. Tell the defendant the maximum punishment for each count.

C. Tell the defendant:

   1. If at any time you do not understand something or have a question, consult your lawyer or ask me any questions.

   2. This proceeding can be continued to another day if you wish to consult another lawyer.

D. Advise the defendant about the apparent conflict of interest in his or her lawyer's representation. For example, state:

      The United States Constitution gives every defendant the right to effective assistance of counsel. When one lawyer represents two or more defendants in a case,

*Section 1.08: Joint representation of codefendants*

the lawyer may have trouble representing all of the defendants with the same fairness. This is a conflict of interest that denies the defendant the right to effective assistance of counsel. Such conflicts are always a potential problem because different defendants may have different degrees of involvement. Each defendant has the right to a lawyer who represents only him or her.

E.  Point out the various ways in which dual representation might work to the defendant's disadvantage. This may be done by giving the defendant a form to read or by advising the defendant in the following way:

1.  Dual representation may inhibit or prevent counsel from conducting an independent investigation in support of each defendant's case. For example, the attorney–client privilege may prevent your lawyer from communicating to you information gathered from another defendant.

2.  The government may offer immunity or offer to recommend a lesser sentence to one defendant for cooperating with the government. Should you receive such an offer, your lawyer ought to advise you whether or not to accept it. But if your lawyer advises you to accept the offer, it may harm the cases of the other defendants represented by that lawyer.

3.  The government may let a defendant who is not as involved as other defendants plead guilty to lesser charges than the other defendants. After the guilty plea, however, the government may require the defendant to testify. A lawyer who represents more than one defendant might recommend that the first defendant not plead guilty in order to protect the other defendants that the lawyer represents. On the other hand, the lawyer might recommend that the first defendant plead guilty, which might harm the cases of the other defendants.

4.  Dual representation may affect how your lawyer exercises peremptory challenges or challenges for cause during jury selection. Potential jurors who may be perceived as favorable to you may be perceived as

IMAGED MAY 2 0 2013

*Section 1.08: Joint representation of codefendants*

harmful to another defendant, or jurors who may be perceived as favorable to other defendants may be harmful to you.

5. Sometimes one of the defendants represented by a lawyer will take the stand to testify in his or her own behalf. In order to represent the other defendants fairly, the lawyer should question the defendant on the stand as completely as possible. However, the lawyer may not be able to do that because he or she cannot ask the defendant as a witness about anything that the defendant has told the lawyer in confidence.

6. The best defense for a single defendant often is the argument that while the other defendants may be guilty, he or she is not. A lawyer representing two or more defendants cannot effectively make such an argument.

7. Evidence that helps one defendant might harm another defendant's case. When one lawyer represents two or more defendants, the lawyer might offer or object to evidence that could help one defendant but harm another.

8. Regarding sentencing, dual representation would prohibit the lawyer from engaging in post-trial negotiations with the government as to full disclosure by one defendant against the other. It would also prohibit the lawyer from arguing the relative culpability of the defendants to the sentencing judge.

F. An attorney proposing to represent codefendants should be required to assure the court that there will be no conflict that could result in a lack of effective assistance of counsel or other prejudice to any defendant.

G. Consider recommending that the defendant consult with other, independent counsel about the wisdom of waiving the right to separate counsel. Offer to make CJA counsel available (if appropriate) and allow adjournment for that purpose.

H. If the defendant wants to waive the right to separate counsel, get a clear, on-the-record oral waiver by him or her of the right to separate counsel. In addition, you may want the defendant to sign a written waiver.

IMAGED MAY 2 0 2013

TWENTY FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 11-5008                                          DIVISION: "I"

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

FILED: _____                    DEPUTY CLERK

## MOTION TO ENROLL AND
## INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes the defendant, Lameeka McKinney, who respectfully moves for counsel, Martin E. Regan, Jr., to be enrolled as attorney of record on her behalf and herein attaches a Waiver of Potential Conflicts executed by court-appointed counsel.

On January 19, 2012, Ms. McKinney and Robert Scott, III, were charged by bill of indictment with one count each of second degree murder, for the December 14, 2010, death of Known Juvenile (DOB 10/31/10), their infant child.  On January 20, 2012, Ms. McKinney, represented by Mr. Regan, and Mr. Scott, represented by C. Gary Wainwright, appeared for arraignment and pled not guilty.  By State's motion, the defendants were severed for trial purposes.  On April 23, 2012, the trial court heard pretrial motions regarding Ms. McKinney, on the suppression of evidence and statements.  These motions were denied.

On May 30, 2012, the defense received all medical records and stated it's intent to consult with an independent medical expert.[1]  On August 22, 2012, the defense moved for IDB Funds for Expert Assistance in the Field of Forensic Pathology.[2]  The matter was set for hearing

---

[1]
On May 30, 2012, medical records were produced to the defense.  The records revealed a marked issue in the Jefferson Parish Coroner's Report.  Specifically, the State had based its entire prosecution of both defendants on the questionable interpretation of certain scientific evidence.  As a result, the defense would require an independent forensic pathologist to provide expert assistance in evaluating the Coroner's findings.  The families of both defendants jointly raised the funds necessary to retain a preliminary expert assessment by an independent medical examiner (IME).  Each defendant's family bore one-half of the cost for the expert's initial assessment.  Defense teams for Ms. McKinney and Mr. Scott reviewed the IME's Opinion and concluded that in order to adequately represent their respective clients, the IME would be needed for trial.

Because neither defendant's family was able to raise the necessary funds for the IME's travel to Louisiana and his associated fees for testifying, funds to secure the IME's expert testimony would be required.  On August 22, 2012, the defense moved for IDB funding to secure the IME for trial.  Ultimately, IDB funds were made available to assist the defense in securing the attendance of the independent forensic pathologist.  It should be noted that

Page 1 of 5

and continued. On September 25, 2012, the State filed a notice of supplemental discovery. On October 18, 2012, the status on IDB Funds was continued to allow for the defense to obtain completed medical reports. On January 22, 2013, the parties appeared for pretrial conference and moved to exclude 404(B) evidence from introduction at trial.[3] On January 25, 2013, the trial court ruled that defendants' *Motion in Limine* was prematurely filed and would be addressed after defense examination of the expert was completed, further ordering trial to begin on January 29, 2013.

On January 28, 2013, the eve of trial, the State moved for a conflict of interest inquiry and for a preliminary examination to perpetuate testimony. On January 29, the trial court conducted an evidentiary hearing on the conflict of interest raised by the State, at which time both defendants affirmatively testified under oath that they "had no problems" with Mr. Regan representing Ms. McKinney, that both had been aware of Mr. Wainwright's employment as a paralegal of Mr. Regan and that each independently "waived" any alleged conflict. Exh. _A. Transcript of Ms. McKinney's and Mr. Scott's testimony.

On January 30, this court appointed the Jefferson Parish Defender's Office to represent Ms. McKinney over undersigned counsel's objection. Attorney Cesar Vasquez was assigned the matter. Newly assigned and completely independent counsel for Ms. McKinney met with Ms. McKinney, extensively discussed this matter and the reason for his appointment to her case. Ms. McKinney maintained that she wished to have counsel of her choice, Mr. Regan, remain her counsel.

On February 8, 2013, Mr. Vasquez met with Ms. McKinney and discussed with her a well-particularized and comprehensive Conflict of Interest Waiver. Ms. McKinney executed the Waiver in the form of a sworn affidavit. Exh. B_.

Mr. Vasquez's appointment, his meeting with Ms. McKinney and the execution of Ms. McKinney's Conflict of Interest Waiver, each occurred subsequent to the Louisiana Fifth Circuit Court of Appeal acting upon Ms. McKinney's Emergency Writ Application. The affidavit of Ms. McKinney is herein attached for the court's consideration. Exh. B_.

---

C. Gary Wainwright took part in preparing the pleading. Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

[3] It should be noted that C. Gary Wainwright took part in preparing the pleading. Mr. Wainwright was employed at Mr. Regan's firm as a paralegal after his suspension from the practice of law, with authorization of the Louisiana Supreme Court in July 2012.

1  necessary to address the issue
2  of conflict.  And that is a
3  very inaccurate betrayal of the
4  circumstances, and I don't
5  believe that this second bite
6  at the apple should be
7  permitted.
8  THE COURT:
9    .  All right.
10  MR. REGAN:
11      If I might just respond
12  briefly to Mr. Freese.
13        REBUTTAL ARGUMENT
14  MR. REGAN:
15      This -- this is not anything
16  that's improper or anything
17  else.  It is a matter of trust.
18  The Record's replete with the
19  fact that it was my law firm
20  that found the expert, got the
21  expert ready to go, was ready
22  to go to trial, at this point.
23  My -- my client, Miss McKinney,
24  as well as, Mr. Scott, knows
25  that we've worked extensively
26  in this case, and we believe
27  we've come up with a complete
28  defense to the charges.  My
29  client knows that -- that's
30  Miss McKinney -- knows that
31  we've worked extensively.
32      She has counsel, and -- and

he's present at this time. And
Mr. Vazquez has met with her.
What happened is that, after
you took me off the case, and
before -- we didn't have a
record of her being interviewed
by separate counsel. We -- we
have that now.

At this time, we could go
forward, with the Court's
permission -- and -- and again,
we have not heard a single
objection by Mr. Scott's
attorney, at this point, and I
think he should be interviewed
at this point as to whether he
objects to my law firm
representing Miss McKinney. I
don't think he will. We
haven't heard a thing from Mr.
Desalvo or his -- his associate
who's present with us -- and I
appreciate her being here.
There is no objection. And
there's no objection by Miss
McKinney.

What -- what's being
created, if I read the Court's
ruling, is you're concerned
there will be an issue to
reverse a conviction. That --
that's what we heard, okay. I

1   think what we're doing is --

2   THE COURT:

3       That's not what you heard.

4   MR. REGAN:

5       -- just the opposite.

6   THE COURT:

7       What -- what you heard was

8   me say that you have an actual

9   conflict of interest.  "You

10  have an actual conflict of

11  interest."  That's what you

12  heard.  That's what went to the

13  Fifth (5th) Circuit.

14  MR. REGAN:

15      Okay.

16  THE COURT:

17      That was affirmed.

18  MR. REGAN:

19      Yes, ma'am.  And

20  unfortunately, I -- I disagree

21  from a factual standpoint, both

22  from the law and a factual

23  basis.

24  THE COURT:

25      But -- and -- and you can

26  disagree, Mr. Regan.  And --

27  and -- and you have disagreed.

28  And --

29  MR. REGAN:

30      Now --

31  THE COURT:

32      -- you've taken me to the

1   Fifth (5th) Circuit, because

2   you disagreed.

3   MR. REGAN:

4       And the question --

5   THE COURT:

6       But the Fifth (5th) Circuit

7   affirmed my decision, and, in

8   fact, says you were acting

9   under an actual conflict of

10  interest.

11  MR. REGAN:

12      Unfortunately, at this

13  point, Your Honor, you held a

14  hearing the day we were

15  supposed to start a trial, at

16  this point.  She did not have

17  -- that's Miss McKinney -- had

18  no benefit of an independent

19  attorney to advise her, counsel

20  her, in this matter, at this

21  point.  And -- and the Court

22  appointed, at this point, Mr.

23  Vazquez to represent her.  Mr.

24  Vazquez represented her.  He

25  met with her.  There -- Your

26  Honor, if there is a conflict,

27  it is waivable, at this point.

28  It is a waivable conflict.  She

29  has a right to choose counsel,

30  at this point.

31      I would ask, at this time,

32  that we, with -- now that she

19

1    has counsel, that we have the

2    proper procedure here to permit

3    Miss McKinney with counsel,

4    Vazquez, to put on the Record

5    what her feelings are.  And I

6    think, at the end of that, if

7    there is a potential conflict,

8    if should there be a potential

9    conflict, it is a waivable

10   conflict.  Period.

11        Please let us go forward

12   with some testimony.  I'd ask

13   you to -- before we go -- on

14   this Motion, I'd ask that Mr.

15   Vazquez, who is present with us

16   -- and I thank him for being

17   here, as well as, Mr. Scott's

18   attorney  -- I would ask at

19   this point for Mr. Vazquez to

20   -- or -- or permit me to Miss

21   -- let Miss McKinney testify

22   under oath now that she's had

23   advice by independent counsel.

24        I have not done anything.  I

25   have not spoken to Miss

26   McKinney since you've removed

27   me from the case.  Mr. Vazquez

28   has been her attorney.  I have

29   done nothing to influence her

30   in any adverse way.  So please

31   permit us to have a brief

32   hearing, so we can get the

20

1       Record straight.  Please.

2             COURT'S RULING

3       THE COURT:

4           As far as this Court's

5       concerned, the Record is

6       straight.  The issue of whether

7       or not a conflict existed was

8       taken up, heard and affirmed by

9       the Fifth (5th) Circuit.  An

10      actual conflict does exist, and

11      the Court is going to strike

12      the Motion to Enroll.

13      MR. REGAN:

14          Yes, ma'am.

15      THE COURT:

16          All right.  We are set here

17      today for a status -- a Court

18      status hearing in order that we

19      can get this case moving to

20      trial.

21      MR. REGAN:

22          Respectfully, note an

23      objection.

24      THE COURT:

25          So noted, Mr. Regan.

26      MR. REGAN:

27          And my intent is to take a

28      -- a writ.  I'd ask for ten

29      (10) days.

30      THE COURT:

31          You can have ten (10) days,

32      but this case is not stalling.

21

I'm proceeding.  You are not
enrolled in this matter.  You
can take a writ, but I'm not
staying or delaying any
proceedings in this matter.
MR. REGAN:

   Your Honor, I -- I certainly
agree with not staying
anything, or stopping this.  We
were prepared to go over a
month ago to trial.
THE COURT:

   Now, you -- Mr. Regan --
MR. REGAN:

   Yes, ma'am.
THE COURT:

   No, you weren't.  You sat in
my office, and you told me you
couldn't go, because your
expert couldn't come, because
it was Super Bowl, and they
didn't have a witness -- and
they didn't have a hotel room.
This Court got on the phone, in
the presence of Mr. Freese and
Ms. Funk and Mr. Richard
Thompson, and made hotel
reservations.
MR. REGAN:

   Yes.
THE COURT:

   And then you told me, you

22

1    couldn't go, because your
2    expert had to leave at three
3    o'clock (3:00) in the
4    afternoon.  There was no other
5    flight.  Expert couldn't be
6    present for the State expert;
7    therefore, you needed a
8    continuance.  The Court went on
9    the web -- on the Internet and
10   found a flight that left at
11   7:30 in the evening.
12        So I am tired of you telling
13   me and putting on the Record
14   things that are simply not
15   true.
16   MR. REGAN:
17        Oh.  I do object.
18   THE COURT:
19        You were not ready to go.
20   You came, after Ms. Funk filed
21   a motion for a status
22   conference in front of me,
23   where you surprised everyone
24   and told them you weren't ready
25   to go.
26   MR. REGAN:
27        We were ready Tuesday
28   morning to go to trial, and the
29   Record should --
30   THE COURT:
31        That --
32   MR. REGAN:

1          I was here for trial.
2     THE COURT:
3          That --
4     MR. REGAN:
5          Ready to go.
6     THE COURT:
7          After you asked the Court
8     for a continuance, and the
9     Court had to make all of your
10    arrangements to have --
11    MR. REGAN:
12         Well --
13    THE COURT:
14         -- your expert here.
15    MR. REGAN:
16         I'm sorry.  It would --
17    THE COURT:
18         That's a --
19    MR. REGAN:
20         -- had nothing to do with
21    not being prepared to go --
22    THE COURT:
23         -- strike.
24    MR. REGAN:
25         -- number one; number two,
26    our expert was coming, was
27    available and could've gone,
28    and I -- I strongly object to
29    the Court suggesting, at this
30    point, that we were delaying
31    the case in any way whatsoever.
32         But for our efforts, and --

24

1   and the Record is replete, you

2   wanted to go to trial, Your

3   Honor, multiple times before we

4   had the funding, before we had

5   an expert, and -- and we had to

6   fight every inch of the way to

7   get an expert.

8   THE COURT:

9       You had to fight every inch

10  of the way, Mr. Regan --

11  MR. REGAN:

12      Yes.

13  THE COURT:

14      -- because every time I set

15  a status conference, you didn't

16  appear.  You sent someone who

17  could not tell me whether or

18  not you had medical records.  I

19  have set this case for status,

20  after status, after status to

21  get this case moving.

22      So I -- I don't want to hear

23  one more time how much -- how

24  ready you are for trial,

25  because it is not true, and it

26  is not an accurate reflection

27  of what has occurred in this

28  case.

29  MR. REGAN:

30      I'll stand by the Record.

31  I'll --

32  THE COURT:

1      I'll stand by the Record, as
2  well.
3  MR. REGAN:
4      I'm going to ask for a
5  transcript of every hearing and
6  for our Motion, at this point,
7  to take a writ and --
8  THE COURT:
9      You've already put that on
10  the Record.
11  MR. REGAN:
12      Thank you.
13  THE COURT:
14      Thank you very much, Mr.
15  Regan.
16      Mr. Vazquez, Mr. Freese, Ms.
17  Collins, where are we, and what
18  do we need to do?
19  MR. FREESE:
20      Your Honor, there are a
21  couple of outstanding motions
22  that need to be dealt with in
23  advance of setting the case for
24  trial.  Specifically, the State
25  has filed a Motion to Compel of
26  Mr. Scott's testimony, and a
27  Motion to Perpetuate his
28  testimony.  I believe we need
29  to conduct a hearing on those
30  two motions.  And once that
31  hearing is complete, the State
32  will advise the Court and

1    Defense counsel as to which of
2    the two defendants we will
3    proceed to trial with first.
4    THE COURT:
5         Mr. Vazquez, I'm assuming
6    you want to participate heavily
7    in that hearing, and I need to
8    know when do you believe you
9    will be prepared to proceed.
10   MR. VAZQUEZ:
11        As far as that hearing is
12   concerned?
13   THE COURT:
14        As far as that hearing is
15   concerned.
16   MR. VAZQUEZ:
17        Thirty (30) days.
18   THE COURT:
19        Thirty (30) days?
20        All right.  Let's get to the
21   bigger question.  Let's make
22   the assumption that hearing is
23   held in the next thirty (30)
24   days, and it is determined that
25   Miss McKinney is going first.
26   Can you even give me a clue?
27   MR. VAZQUEZ:
28        Today I can't give you a
29   clue.
30   THE COURT:
31        Today you can't.
32   MR. VAZQUEZ:

27

1      I'll be quite honest, I
2   don't know if there are any
3   other motions that -- although,
4   obviously Mr. Regan is
5   extremely competent, I don't
6   know if there are motions that
7   lie that haven't been filed, or
8   something that my brain could
9   think of that needs to get
10  filed, so -- I'll be in a
11  better position --
12  THE COURT:
13      In thirty (30) days.
14  MR. VAZQUEZ:
15      -- thirty (30) days out to
16  -- to answer that question,
17  Your Honor.
18  THE COURT:
19      All right.  Are Fridays good
20  for all parties?
21  MR. VAZQUEZ:
22      Yes --
23  MR. FREESE:
24      Apparently, so.
25  MR. VAZQUEZ:
26      Yes, ma'am.
27  MS. COLLINS:
28      Yes, Your Honor.
29  THE COURT:
30      All right.  August 29th,
31  nine (9:00) a.m.  That's a
32  little more than thirty (30)

28

1     days.

2     MADAM CLERK:

3         That's a Thursday, Judge.

4     THE COURT:

5         Oh, that's a Thursday.

6     Okay.  The 30th, August 30th.

7     MR. VAZQUEZ:

8         That's -- I'm sorry.  I'm

9     flying out of town that

10    evening.

11    THE COURT:

12        That evening?

13    MR. VAZQUEZ:

14        To Dallas.

15    THE COURT:

16        Okay.  What about the 28th?

17    MR. VAZQUEZ:

18        Yes.  That's --

19    THE COURT:

20        That's a Wednesday.

21    MR. VAZQUEZ:

22        That's fine for me, Your

23    Honor.  28th.

24    MS. COLLINS:

25        That's fine.

26    THE COURT:

27        Wednesday, the 28th, we will

28    have the hearing on

29    perpetuation of Mr. Scott's

30    testimony; is that correct?

31    MR. FREESE:

32        Motion to Compel, first;

29

1   then --
2   THE COURT:
3       Okay.
4   MR. FREESE:
5       Then, the Motion to
6   Perpetuate.
7   MS. COLLINS:
8       All on the same day?
9   THE COURT:
10      All on the same day.
11  MS. COLLINS:
12      Okay.
13  MR. FREESE:
14      And what time do you want to
15  set that hearing, Your Honor?
16  THE COURT:
17      Nine (9:00) a.m.
18  MR. FREESE:
19      Okay.
20  THE COURT:
21      Actually, let's do it at ten
22  (10:00).
23  MR. FREESE:
24      Okay.
25  MR. VAZQUEZ:
26      Yes, ma'am.
27  MADAM CLERK:
28      You're just going to put the
29  status for that day too, Judge?
30  THE COURT:
31      And, yes, we will keep a
32  status on that day --

1    MR. VAZQUEZ:

2        Okay.

3    THE COURT:

4        -- so we can see --

5    MR. VAZQUEZ:

6        Yes, ma'am.

7    THE COURT:

8        -- where we are and how much

9    more time we need.

10       All right.  Thank you, guys,

11   very much.

12   MR. VAZQUEZ:

13       Thank you, Your Honor.

14   MADAM CLERK:

15       This is going to be a Court

16   continuance?

17   THE COURT:

18       Yes.  Today is a Court

19   continuance.

20       (WHEREUPON, THESE

21   PROCEEDINGS WERE CONCLUDED.)

22

23

24

25

26

27

28

29

30

31

32

REPORTER'S PAGE

I, CHERIE J. MOLLERE, Certified
Court Reporter, in and for the State
of Louisiana, the officer before whom
this sworn testimony was taken, do
hereby state:

That due to the spontaneous
discourse of this proceeding, where
necessary, dashes (--) have been used
to indicate pauses, changes in
thought, and/or talk-overs:  That
same is the proper method for a Court
Reporter's transcription of a
proceeding, and that dashes (--) do
not indicate that words or phrases
have been left out of this
transcript;

That any words and/or names which
could not be verified through
reference material have been denoted
with the phrase (phonetic).

_____
CHERIE J. MOLLERE, CCR, OCR, CDR
CERTIFIED COURT REPORTER
OFFICIAL COURT REPORTER
CERTIFIED DIGITAL REPORTER
CERTIFICATE NO. 1642010

32

REPORTER'S CERTIFICATE

I, CHERIE J. MOLLERE, CCR, OCR, CDR, Certified Court Reporter, Certified Digital Reporter, employed as an official or deputy official court reporter by the Twenty-Fourth Judicial District Court, Parish of Jefferson, in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify this testimony was reported by me in the digital reporting method, was prepared and transcribed by me or under my direction and supervision, and is a true and correct transcription of proceedings to the best of my ability and understanding before the Honorable Nancy A. Miller, Judge Presiding, Division "I", on June 24, 2013.

That I am not of Counsel, nor related to Counsel or the parties hereto, and in no way interested in the outcome of this event.

This certificate is valid only for a transcript accompanied by my original signature and original seal on this page.

_____

CHERIE J. MOLLERE, CCR, OCR, CDR
CERTIFIED COURT REPORTER
OFFICIAL COURT REPORTER
CERTIFIED DIGITAL REPORTER
CERTIFICATE NO. 1642010

IN THE

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL

FILE FOR RECORD

2013 JUL 23 PM 1: 14

DEPUTY CLERK
5TH CIRCUIT COURT OF APPEAL
STATE OF LOUISIANA

NO. 2013-K- 548 _____

---

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

---

APPLICATION FOR WRIT OF SUPERVISORY REVIEW AND PROHIBITION
TO REVIEW THE RULING OF
THE HONORABLE NANCY A. MILLER, DIVISION "I"
24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON,
CASE NO. 11-5008

---

MOTION FOR LEAVE TO SUPPLEMENT

REGAN & SANDHU, P.L.C.

MARTIN E. REGAN, JR., # 11153
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

IMAGED JUL 2 3 2013
pp. 1-4 - Motion
pp. 5-232 - Appendix

IN THE
STATE OF LOUISIANA
FIFTH CIRCUIT COURT OF APPEAL

NO. 2013-K-_____

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

APPLICATION FOR WRIT OF SUPERVISORY REVIEW AND PROHIBITION
TO REVIEW THE RULING OF
THE HONORABLE NANCY A. MILLER, DIVISION "I"
24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON,
CASE NO. 11-5008

**MOTION FOR LEAVE TO SUPPLEMENT**

NOW INTO COURT, comes undersigned counsel who respectfully moves
for leave to supplement the defendant's writ application with materials which will
assist in the consideration of the issues in this matter. These materials are germane
to the lower court's proceedings denying counsel's enrollment.

Respectfully submitted,

MARTIN E. REGAN, JR., # 11153
ADAM BECKMAN # 34243
REGAN & SANDHU, P.L.C.
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing writ application on opposing counsel by hand delivery and/or U.S. Mail this the 23ʳᵈ day of July, 2013.

Frank DeSalvo
739 Baronne St.
New Orleans, LA 70113
Counsel for defendant, Robert Scott

Cesar Vasquez, Esq.
Jefferson Parish Public Defender's Office
848 2nd Street, 3rd Floor
Gretna, LA 70053
Counsel for Lameeka McKinney

The Honorable Nancy Miller
24th Judicial District Court
200 Derbigny St.
Gretna, LA 70053

Terry Boudreaux, Assistant District Attorney
Jefferson Parish District Attorney's Office
200 Derbigny St.
Gretna, La 70053

_____
Attorney

IN THE

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL

NO. 2013-K-__548_____

_____

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

_____

APPLICATION FOR WRIT OF SUPERVISORY REVIEW AND PROHIBITION
TO REVIEW THE RULING OF
THE HONORABLE NANCY A. MILLER, DIVISION "I"
24TH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON,
CASE NO. 11-5008

_____

### ORDER

Considering the foregoing Motion for Leave to Supplement,

**IT IS ORDERED** that defendant's writ application is supplemented with

the attached materials.

GRETNA, LOUISIANA, this 23rd day of ___July_____ 2013.

_____
JUDGE

A TRUE COPY
GRETNA

JUL 2 3 2013

Nancy Vogg                DEPUTY
                          CLERK
COURT OF APPEAL, FIFTH CIRCUIT

4

IMAGED JUL 2 3 2013
1 of 1

IN THE

SUPREME COURT

STATE OF LOUISIANA

---

CASE NO. _____

---

STATE OF LOUISIANA

VERSUS

LAMEEKA MCKINNEY

---

**DEFENDANT'S APPLICATION FOR WRIT OF CERTIORARI AND
PROHIBITION TO REVIEW THE RULING OF THE
LOUISIANA FIFTH CIRCUIT COURT OF APPEAL IN NO. 2013-K-68
24TH DISTRICT COURT CASE NO. 11-5008, DIV. "I,"
THE HONORABLE NANCY MILLER, PRESIDING**

---

**APPENDIX**

---

MARTIN E. REGAN, JR., # 11153
Regan, Littlefield & Sandhu, P.L.C.
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

## INDEX

APPENDIX

1. True Bill of Indictment
2. Docket Master
3. Minute Entry of January 29, 2013
4. Defendant's Writ Application to the Fifth Circuit Court of Appeal
   A. True Bill of Indictment
   B. Docket Master
   C. Motion and Incorporated Memorandum for Conflict of Interest Inquiry
   D. Ruling and Minute Entry of January 29, 2013
   E. Notice of Intent to Seeks Emergency Writs
   F. Affidavit of Lameeka McKinney
   G. Affidavit of Robert Scott, III
   H. Transcript of proceedings from January 29, 2013
5. Defendant's Application for Rehearing
   A. Circuit Court ruling denying writ application
   B. Trial Court's Order removing counsel, dated January 29, 2013
   C. Ex Parte Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology
   D. Motion in Limine to Preclude "Other Crimes Evidence"
   E. Lameeka McKinney Affidavit

THE STATE OF LOUISIANA

Twenty-Fourth Judicial
Parish of Jefferson

LAMEEKA MCKINNEY B / F (12/16/1987)
ROBERT L SCOTT B/M (11/16/1985)

On the __19__ day of __January__ , __2012__ the Grand Jurors of the State of Louisiana, duly empanelled and sworn, in and for the body of the PARISH OF JEFFERSON, in the name and by the authority of the said State, upon their Oath, present: That one

LAMEEKA MCKINNEY Jail
ROBERT L SCOTT, III Jail

late of the Parish of Jefferson, on or between December 14th, 2010 and February 20th in the year of our Lord, Two Thousand Eleven with force of arms, in the parish aforesaid, and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated LA R.S. 14:30.1 in that they did commit the second degree murder of a Known Juvenile (DOB 10/3/10),

contrary to the form and Statute of the State of Louisiana, and against the peace and dignity of the State.

_Sunny Funk_
Sunny D. Funk
Assistant District Attorney

A True Bill

Ann Costanza

Foreperson of the Grand Jury,
Parish of Jefferson

DEPUTY CLERK
PARISH OF JEFFERSON, LA
2012 JAN 19  AH 10: 48
FILE FOR RECORD



**IMAGED**  JAN 1 9 2012

| Indictment for:  Class 2 | | | 051-166756 | | |
|---|---|---|---|---|---|
| Cnt | Def | Arrest Track | Item Num | Statute | Cls | Description |
| 1 | Lameeka Mckinney | 21123649 | B1961911 | 14:30.1 | 2 | Murder/Second Degree |
| 1 | Robert Scott | 21123546 | B1961911 | 14:30.1 | 2 | Murder/Second Degree |

Filed: _January   19_ , _2012_   Deputy Clerk:_____

11· 5008
I



EXHIBIT
1

| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|---|---|---|---|---|
| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |

I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant,_____, and that they were placed thereon by said defendant on this, the _____ day of _____, 20_____.

_____
Deputy Sheriff

| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|---|---|---|---|---|
| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |

I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant,_____, and that they were placed thereon by said defendant on this, the _____ day of _____, 20_____.

_____
Deputy Sheriff

| R. Thumb | R. Index | R. Middle | R. Ring | R. Little |
|---|---|---|---|---|
| L. Thumb | L. Index | L. Middle | L. Ring | L. Little |

I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant,_____, and that they were placed thereon by said defendant on this, the _____ day of _____, 20_____.

_____
Deputy Sheriff

TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

Division N

Judge: HANS J. LILJEBERG
Date: January 19, 2012.
Court Reporter: RICK SUMMERS

Partial return of the Jefferson Parish Grand Jury;

Present were:
Foreperson:   ANN CONSTANZA - FOREPERSON
              F. V. GRANDE
              JEANNINE COMPEAUX
              JUANITA MEANY
              VINCENT TERRITO JR.
              WILBERT REYNOSO
              CYNTHIA GRAHAM
              SHIRLEY SWEENY
              DANIEL KELLY

After being sworn and taking the stand, the following report was made by the foreperson,
ANN CONSTANZA

11-5008 LAMEEKA MCKINNEY B/F (12/16/0987)
  "I"  INDICTMENT FILED "A TRUE BILL" FOR THE FOLLOWING CHARGES:
        Count 1 – R.S.14:30.1 SECOND DEGREE MURDER

        ROBERT L. SCOTT B/M (11/16/1985)
        INDICTMENT FILED "A TRUE BILL" FOR THE FOLLOWING CHARGES:
        Count 1 – R.S.14:30.1 SECOND DEGREE MURDER

The Defendants are presently incarcerated in JPCC. Bonds in this matter were already set
at $750,000.00. The State requested the bonds remain the same at this time. The Court
granted this request. This was acceptable to the State.

Representing the Assistant District Attorney's Office on this matter was Sunny Funk.

IT IS ORDERED BY THE COURT that the finding of the Grand Jury of the Partial
Return be filed with the Clerk of Court and the accused for Whom "A True Bill" was
found, be brought to Court to be Arraigned, if the accused for whom "A True Bill" was
found is not in custody, let a warrant be issued for their arrest. Those for whom "A No
True Bill" was returned, their bond(s) is (are) cancelled, if any, and they are to be
released from custody if incarcerated.

REANNA TURNER, Minute Clerk

DEPUTY CLERK
PARISH OF JEFFERSON, LA

FILE FOR RECORD
2012 JAN 19  AM 10: 48

IMAGED  JAN 19 2012

CASE: 11-05008                        STATE vs LAMEEKA MCKINNEY, ROBERT SCOTT

File Date: 01/19/2012                 Close Date: OPEN              Div: I

Defendant #1: LAMEEKA MCKINNEY Class: 2              DA Case Nbr: 51166756

### Address

| | | | |
|---|---|---|---|
| Name: | LAMEEKA MCKINNEY | | |
| Address: | 2800 MT KENNEDY DRV | | |
| | MARRERO LA | | |
| Phone1: | | | |
| Phone2: | | SID: | 2719665 |
| SSN: | | DL: | |
| DOB: | 12/16/1987 | CCN: | 1000176279 |
| Race/Sex: | B/F | B of I: | |

### Charge

| Item NBR | Count | Statute | Type | Class | Description | Charge | Disp DT | Disposition |
|---|---|---|---|---|---|---|---|---|
| B1961911 | 1 | 14:30.1 | F | 2 | MURDER/SECOND DEGREE | (Grand Jury Indictment A 'TRUE BILL" | | |

### Motion

| By | Motion | Disposition | Date |
|---|---|---|---|
| ATD | Other motion; | | |
| ATD | Omnibus motions; | | |
| ATD | Disclose impeaching information; | | |
| ATD | Discovery and inspection; | | |
| ATD | Other motion; | | |
| ATD | Preliminary hearing; | | |
| ATD | Produce police report; | | |
| ATD | Suppress confession; | | |
| ATD | Suppress evidence; | | |
| ATD | Suppress identification; | | |
| ATD | Reduce bond; | | |
| ATD | Subpoena Duces Tecum; | | |
| ATD | Continue; | | |
| ATD | Other motion; | | |
| ATD | Other motion; | | |

### Calendar

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/04/2013 | 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |
| 01/30/2013 | 02/04/2013 | JSR | Court Status Hearing: |
| 01/29/2013 | 01/30/2013 | JSR | Trial: trial continued from 01/29/2013 |
| 01/28/2013 | 01/29/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 11/05/2012 | 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 01/22/2013 | 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/18/2013 | 01/22/2013 | JSR | Pre-trial conference: |
| 10/18/2012 | 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| 09/14/2012 | 10/18/2012 | JSR | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 a.m.) |

EXHIBIT

2

| | | | |
|---|---|---|---|
| 09/10/2012 | 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 08/21/2012 | 09/10/2012 | JSR | Trial: |
| 08/27/2012 | 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/22/2012 | 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 06/18/2012 | 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 07/23/2012 | 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 06/18/2012 | 07/23/2012 | JSR | Pre-trial conference: |
| 04/25/2012 | 06/18/2012 | JSR | Pre-trial conference: |
| 05/24/2012 | 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 05/21/2012 | 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 04/25/2012 | 05/21/2012 | JSR | Pre-trial conference: |
| 04/23/2012 | 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |

---

**Minute**

| DocketDT | ScheduleDT | Clerk | Description |
|---|---|---|---|
| 03/19/2013 | 05/13/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 03/19/2013 |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 03/19/2013 | 03/19/2013 | JSR | Docket minute: The Motion to Set Aside Order is moot, Mr. Martin Regan was present on this motion only. |
| 02/21/2013 | 03/19/2013 | JSR | Motion hearing: Motion to Set Aside Order |
| 02/21/2013 | 02/21/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: Mr. Regan filed a motion for rehearing in the 5th Circuit Court. |
| 02/13/2013 | 02/13/2013 | DBD | Docket minute: Application For Rehearing With Incorporated Brief In Support filed |
| 02/08/2013 | 02/08/2013 | AMJ | Case active: Lameeka Mckinney Affidavit Filed and walked up |
| 02/07/2013 | 02/07/2013 | JHS | Case active: Motion to set aside order filed and walked up (SIGNED) |
| 02/04/2013 | 02/21/2013 | JSR | Court Status Hearing: Court Status Hearing continued from 02/04/2013 |
| 02/04/2013 | 02/04/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: pursuant to a bench conference. |
| 01/30/2013 | 01/30/2013 | MAM3 | Docket minute: 5th Circuit Court of Appeals Writ Denied 13K68 filed |
| 01/30/2013 | 02/04/2013 | JSR | Court Status Hearing: |
| 01/30/2013 | 01/30/2013 | DH1 | Motions: Motions Filed;Notice Of Intent To Seek Emergency Writs |
| 01/30/2013 | 01/30/2013 | DH1 | Case active: Affidavit Filed |
| 01/30/2013 | 01/30/2013 | DH1 | Case active: Application For Writ Of Certiorari And Prohibition To Review The Ruling Of The Honorable Nancy Miller,Division I The Parish Of Jefferson |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: a general hearing |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a general hearing. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/30/2013 | 01/30/2013 | JSR | Docket minute: Writ that Mr. Regan filed yesterday was denied by the 5th Circuit Court today. The Defense advised the Court that he wants to take a writ to the State Supreme Court. The Court asked the Defendant if she could afford an attorney, she said she could not, therefore the Court appointed IDB to represent this Defendant. The Court set |

this matter for status on 2/4/13 at 9:00 a.m.

| | | | |
|---|---|---|---|
| 01/30/2013 01/30/2013 | SYS | Case active: IDB REQUEST FOR APPT OF COUNSEL FILED |
| 01/30/2013 01/30/2013 | JSR | Case active: copy of application for writs from 5th Circuit, Writ denied |
| 01/29/2013 01/30/2013 | JSR | Trial: trial continued from 01/29/2013 |
| 01/29/2013 01/29/2013 | JSR | Docket minute: continuance: Requested by the Court. reason: pending ruling from the 5th Circuit Court. |
| 01/29/2013 01/29/2013 | JSR | Case active: Order signed by Judge Miller (SIGNED) |
| 01/29/2013 01/29/2013 | KH | Case active: NOITCE OF INTENT TO SEEK EMERGENCY WRITS WALKED TO DIV |
| 01/28/2013 01/28/2013 | ENJ | Docket minute: Motion for preliminary examination to perpetuate testimony filed and walked to div (SIGNED) |
| 01/28/2013 01/28/2013 | ENJ | Docket minute: Motion and incorporated memorandum for conflict of interest inquiry filed and walked to div (SIGNED) |
| 01/28/2013 01/29/2013 | JSR | Trial: trial continued from 01/28/2013, Motion for Conflict of Interest Inquiry, Motion for Preliminary Examination to Perpetuate Testimony |
| 01/28/2013 01/28/2013 | JHS | Motions: Motions Filed---Motion to compel testimony |
| 01/28/2013 01/28/2013 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: additional motions to be heard. |
| 01/28/2013 01/28/2013 | JSR | Docket minute: The State filed a Motion for Conflict of Interest Inquiry and Motion for Preliminary Examination, the Court set these motions for hearing on 1/29/13 at 9:00 a.m. |
| 01/25/2013 01/25/2013 | JSR | Case active: Order signed by Judge Miller, that the JP Public Defenders Office pay defense expert costs to George R. Nichols, II, M.D. in the amount of $5,075.00 (SIGNED) |
| 01/25/2013 01/25/2013 | JSR | Docket minute: a pre-trial conference |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: The Court issued an order to the Jefferson Parish Public Defenders Office to pay for expert costs to George R. Nichols, II M.D. in the amount of $5,075.00. Order served upon Mr. Richard Tompson personally this morning, per Judge Miller. |
| 01/25/2013 01/25/2013 | JSR | Docket minute: Motion in Limine filed by the Defense is premature, the Court will address this at the end of the Defense examination of Dr. Nichols, objection by the Defense counsel noted. The Court advised Mr. Regan that this trial is set to go forth on Tuesday,1/29/13 at 9:00 a.m. Pre-trial conference is satisfied. |
| 01/25/2013 01/25/2013 | JHS | Case active: Motion for the issuance of a subpoena duces tecum filed (SIGNED) |
| 01/24/2013 01/24/2013 | JHS | Case active: Notice of State's Discovery Materials provided to defense filed |
| 01/23/2013 01/23/2013 | JHS | Docket minute: Motion for continuance filed (SIGNED) |
| 01/23/2013 01/23/2013 | JHS | Motions: Motions Filed--Motion in Liminae filed (SIGNED) |
| 01/23/2013 01/23/2013 | JHS | Case active: Motion in Liminae filed |
| 01/22/2013 01/25/2013 | JSR | Pre-trial conference: Motion In Limine To Preclude State From Seeking To Introduce Uncharged "Other Crimes" Evidence (filed by the Defense) |
| 01/22/2013 01/22/2013 | JSR | Docket minute: a pre-trial conference |
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a pre-trial conference. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: Pre-Trial Conference was held in chambers, additional Pre-Trial Conference set for 1/25/13 at 9:30 a.m. |
| 01/22/2013 01/22/2013 | JSR | Docket minute: Richard Tompson was present representing the IDB. Pre-Trial Conference is concerning |
| 01/22/2013 01/22/2013 | JSR | Docket minute: IDB Funds and a possible Motion in Limine by the Defense. |
| 01/18/2013 01/22/2013 | JSR | Pre-trial conference: |
| 01/18/2013 01/18/2013 | JHS | Case active: Motion to set status conference filed and walked up (SIGNED) |
| 11/28/2012 11/28/2012 | DBD | Docket minute: Out of State subpoena return service |

| | | | |
|---|---|---|---|
| 11/05/2012 01/28/2013 | JSR | Trial: trial continued from 11/05/2012, Status on Motion for IDB Funds |
| 11/05/2012 11/05/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: waiting on Dr's report. |
| 10/18/2012 11/05/2012 | JSR | Trial: trial continued from 10/18/2012, Status on Motion for IDB Funds |
| 10/18/2012 10/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: to obtain completed reports from the Dr.. |
| 09/25/2012 09/25/2012 | JHS | Case active: Notice of State's supplemental discovery filed |
| 09/19/2012 09/19/2012 | DH1 | Case active: Subpoena Return |
| 09/18/2012 09/18/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 09/14/2012 10/18/2012 | JSR | Trial: trial continued from 09/14/2012, Status on Motion for IDB Funds (set at 11:00 a.m.) |
| 09/14/2012 09/14/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 09/14/2012 09/14/2012 | JSR | Docket minute: The Court took up the Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology: |
| 09/14/2012 09/14/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 09/14/2012 09/14/2012 | JSR | Docket minute: W - Robert Scott |
| 09/14/2012 09/14/2012 | JSR | Docket minute: Exhibit #1 - copy of fees and expenses - Defense Evidence |
| 09/14/2012 09/14/2012 | JSR | Docket minute: Exhibit #2 - Curriculum Vitae of Dr. George R. Nichols, II, M.D. - Defense Evidence |
| 09/14/2012 09/14/2012 | JSR | Docket minute: this matter was continued for status on 10/18/12 at 11:00 a.m. |
| 09/13/2012 09/13/2012 | JSR | Case active: (3) orders signed by Judge Miller for subpoena duces tecum |
| 09/12/2012 09/12/2012 | PWB | Motions: Motion And Order For Subpoena Duces Tecum filed (Children's Hospital) |
| 09/12/2012 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (East Jefferson General Hospital) |
| 09/12/2012 09/12/2012 | PWB | Case active: Motion And Order For Subpoena Duces Tecum filed (Ochsner Medical Center) |
| 09/10/2012 09/14/2012 | JSR | Trial: trial continued from 09/10/2012, Motion for IDB Funds for Expert Assistance in the field of Forensic Pathology (set at 11:00 a.m.) |
| 09/10/2012 09/10/2012 | JSR | Docket minute: continuance: Requested jointly. reason: No reason given |
| 08/27/2012 09/04/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology continued from 08/27/2012 |
| 08/27/2012 08/27/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 08/22/2012 08/22/2012 | JHS | Docket minute: waiver of right to speedy trial filed and walked up |
| 08/22/2012 08/27/2012 | JSR | Motion hearing: Motion for IDB Funds for Expert Assistance in the Field of Forensic Pathology |
| 08/22/2012 08/22/2012 | JHS | Case active: Ex-Parte motion for I.D.B. funds for expert assistance in the field of forensic pathology filed and walked up |
| 08/22/2012 08/22/2012 | JSR | Case active: Order signed by Judge Miller, setting Motion for IDB Funds for hearing on 8/27/12 |
| 08/21/2012 09/10/2012 | JSR | Trial: |
| 08/21/2012 08/21/2012 | JSR | Docket minute: a pre-trial hearing |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The defense attorney waives the presence of the Defendant, LAMEEKA MCKINNEY. |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The Defendant was represented by MARTIN E. REGAN. |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The Defendant is presently incarcerated at the Jefferson Parish Correctional Center. |
| 08/21/2012 08/21/2012 | JSR | Docket minute: The Court reset the trial in this matter for 9/10/12 at 9:00 a.m., objection by the Defense |
| 08/21/2012 08/21/2012 | JSR | Docket minute: counsel noted. |
| 08/20/2012 08/20/2012 | KH | Case active: CERTIFIED ELECTRONIC SIGNATURE RETURN RECEIPT FILED |
| 08/20/2012 08/20/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 08/09/2012 08/09/2012 | HTS | Case active: SERVICE - Subpoena sent Certified Mail - (Scott Benton.MD FAAP) |
| 08/08/2012 08/08/2012 | JHS | Docket minute: State Witness List filed |

| | | | |
|---|---|---|---|
| 📄 08/08/2012 08/08/2012 | JSR | Case active: Order signed by Judge Steib, State's Motion for Discovery and Alibi Defense |
| 📄 08/07/2012 08/07/2012 | TAG | Docket minute: States motion for discovery and alibi defense filed |
| 📄 07/26/2012 07/26/2012 | JSR | Docket minute: a general hearing |
| 07/26/2012 07/26/2012 | JSR | Docket minute: The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for a Pre-Trial Conference. |
| 07/26/2012 07/26/2012 | JSR | Docket minute: The Defendant was represented by WILLIAM M. DOYLE. |
| 07/26/2012 07/26/2012 | JSR | Docket minute: The Defendant is currently incarcerated in Jefferson Parish Prison. |
| 07/26/2012 07/26/2012 | JSR | Docket minute: Pre-Trial Conference is satisfied, by lack of attendance of trial counsel, Mr. Martin Regan. |
| 07/26/2012 07/26/2012 | JSR | Docket minute: Trial is currently set for 8/20/12 at 9:00 a.m. |
| 📄 07/23/2012 07/23/2012 | JHS | Docket minute: Motion to withdraw as counsel of record filed and walked up |
| 07/23/2012 07/26/2012 | JSR | Pre-trial conference: pre-trial conference continued from 07/23/2012 |
| 📄 07/23/2012 07/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 07/23/2012 07/23/2012 | JSR | Docket minute: The Court ordered that Mr. Regan appear in person on 7/26/12 at 9:00 a.m. to update the status of this case, and that this case will go to trial on 8/20/12. |
| 06/18/2012 08/20/2012 | JSR | Trial: trial continued from 06/18/2012 |
| 06/18/2012 07/23/2012 | JSR | Pre-trial conference: |
| 📄 06/18/2012 06/18/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 06/18/2012 06/18/2012 | JSR | Docket minute: Pre-Trial Conference is continued by the Defense to 7/23/12 at 9:00 a.m. |
| 📄 05/30/2012 05/30/2012 | JSR | Docket minute: a pre-trial conference |
| 05/30/2012 05/30/2012 | JSR | Docket minute: Pre-trial conference is satisfied, Defense received all medical records. Defense wants to hire |
| 05/30/2012 05/30/2012 | JSR | Docket minute: a medical expert. |
| 05/24/2012 05/30/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/24/2012 |
| 📄 05/24/2012 05/24/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 05/21/2012 05/24/2012 | JSR | Pre-trial conference: pre-trial conference continued from 05/21/2012 |
| 📄 05/21/2012 05/21/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 06/18/2012 | JSR | Pre-trial conference: |
| 04/25/2012 05/21/2012 | JSR | Pre-trial conference: |
| 📄 04/25/2012 04/25/2012 | DH1 | Case active: State Evidence Receipt Filed |
| 📄 04/25/2012 04/25/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/25/2012 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 5/21/12 at 9:00 a.m. |
| 04/25/2012 04/25/2012 | JSR | Docket minute: The Court set a Pre-Trial Conference for 6/18/12 at 9:00 a.m. |
| 04/23/2012 04/25/2012 | JSR | Trial: trial continued from 04/23/2012 |
| 📄 04/23/2012 04/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 04/23/2012 04/23/2012 | JSR | Docket minute: At the hour of 3:15 p.m. the Court took up the Motion to Suppress Statement and Evidence: |
| 04/23/2012 04/23/2012 | JSR | Docket minute: W - Det. Jeffery Rodrigue, JPSO |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#7 - copy of rights of arrestee or suspects form - State Evidence |
| 04/23/2012 04/23/2012 | JSR | Docket minute: W - Matthew Vasquez, JPSO |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#1 - copy of JPSO rights of arrestee or suspects form - State Evidence |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#2 - transcribed taped statement of Lameeka McKinney - State Evidence |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#3 - copy of consent to search form - State Evidence |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#4 - search warrant for telephone - State Evidence |
| 04/23/2012 04/23/2012 | JSR | Docket minute: S#5 - application for search warrant - State Evidence |

| | | | |
|---|---|---|---|
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: S#6 - return on search warrant for telephone - State Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: W - Lameeka McKinney |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: heard - submitted - at the hour of 4:21 p.m. the Motion to Suppress Statement and Evidence |
| 04/23/2012 | 04/23/2012 | JSR | Docket minute: were denied by the Court, objection by the Defense counsel noted. |
| 03/23/2012 | 04/23/2012 | JSR | Trial: trial continued from 03/23/2012 |
| 03/23/2012 | 03/23/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/27/2012 | 03/23/2012 | JSR | Trial: trial continued from 02/27/2012 |
| 02/27/2012 | 02/27/2012 | JSR | Docket minute: continuance: Requested by the defense attorney. reason: No reason given |
| 02/13/2012 | 02/27/2012 | JSR | Trial: trial continued from 02/13/2012 (set for status) |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: continuance: Requested by the Court. reason: No reason given |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: 3 disks of discovery was provided to the Defense today in open Court. |
| 02/13/2012 | 02/13/2012 | JSR | Docket minute: Set for status. |
| 02/02/2012 | 02/02/2012 | JHS | Docket minute: State witness list |
| 02/01/2012 | 02/01/2012 | JSR | Motions: Motions Filed |
| 02/01/2012 | 02/01/2012 | JSR | Case active: Order signed by Judge Miller, setting omnibus motions for hearing on 2/13/12 |
| 01/31/2012 | 01/31/2012 | SMD | Motions: Motions Filed: OMNIBUS MOTIONS AND ORDER FOR PRE-TRIAL MOTIONS |
| 01/20/2012 | 02/13/2012 | JMP | Trial: Trial set Monday, February 13, 2012 |
| 01/20/2012 | 01/20/2012 | JMP | Arraignment: |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Written notice given to the Defendant |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: arraignment |
| 01/20/2012 | 01/20/2012 | JMP | Plea: Plea NOT GUILTY |
| 01/20/2012 | 01/20/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/20/2012 | 01/20/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/19/2012 | 01/19/2012 | VBL | Docket minute: Indictment Filed - Case re-allotted - To Division 1 Judge NANCY A. MILLER |
| 01/19/2012 | 01/19/2012 | VBL | Charge: Cnt 1 Item B1961911 RS 14:30.1 |
| 01/17/2012 | 01/17/2012 | JMP | 701 Motion: |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: a general hearing |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 01/17/2012 | 01/17/2012 | JMP | Docket minute: Motion continued to 1-24-12. |
| 01/17/2012 | 01/17/2012 | JMP | Case active: JAIL COURT DISPO |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 1 MOTION PRELIM HEAR V. |
| 01/04/2012 | 01/04/2012 | VBL | Docket minute: Open Cnt 2 MOTION TO REDUCE BND V |
| 01/03/2012 | 01/03/2012 | JHS | Motions: Motions Filed |
| 01/03/2012 | 01/03/2012 | JHS | Case active: Motion for release pursuant to article 701 filed |
| 11/16/2011 | 11/16/2011 | JMP | Motion for Bond Reduction: |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: a preliminary hearing |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Probable cause was found to hold on the 14:30.1 under item number B-19619-11. |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: Motion for Bond Reduction - Denied |
| 11/16/2011 | 11/16/2011 | JMP | Case active: JAIL COURT DISPO |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 1 MOTION PRELIM HEAR V (PROBABLE CAUSE FOUND) |
| 11/16/2011 | 11/16/2011 | JMP | Docket minute: class V motion 11/16/2011 Cnt 2 MOTION TO REDUCE BND V (DENIED) |
| 11/02/2011 | 11/02/2011 | JMP | Motion for Bond Reduction: |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: continuance: Requested jointly. reason: officer not available. |
| 11/02/2011 | 11/02/2011 | JMP | Docket minute: Remanded to Jefferson Parish Prison |

| | | | |
|---|---|---|---|
| 11/02/2011 11/02/2011 | JMP | Docket minute: ADA requested if co - defendant has a Preliminary hearing filed before this day to set it the same day. | |
| 11/02/2011 11/02/2011 | JMP | Case active: JAIL COURT DISPO | |
| 10/07/2011 10/07/2011 | GMV | Docket minute: ORDER PE MBR AND MOTION TO ENROLL SIGNED BY COMMISSIONER | |
| 10/05/2011 10/05/2011 | VBL | Docket minute: Case allotted - Class V Division A Judge Raymond S. Steib Jr. | |
| 10/05/2011 10/05/2011 | VBL | : Cnt 1 Item B1961911 RS MOTION PRELIM HEAR | |
| 10/05/2011 10/05/2011 | VBL | : Cnt 2 Item B1961911 RS MOTION TO REDUCE BND | |

## Party

| PartyType | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| Attorney | CESAR J VAZQUEZ | 848 2ND STREET THIRD FLOOR | GRETNA | LA | 70053 |
| Witness | BRADY J BUCKLEY | | | | |
| Witness | CHARLES SCHIBER | | | | |
| Witness | DANA TROXCLAIR | | | | |
| Witness | DR. ERIC ZICKERMAN | | | | |
| Witness | DWANA BAILEY | | | | |
| Witness | EDWIN J KLEIN | | | | |
| Witness | ELIZABETH KLEIN | | | | |
| Witness | JARROD J GERVAIS | | | | |
| Witness | JEFFERY E RODRIGUE | | | | |
| Witness | MATTHEW A VASQUEZ | | | | |
| Witness | MICHELLE RUDA MD | | | | |
| Witness | RENOID BERTHELOT | | | | |
| Witness | RICHARD TOMPSON | | | | |
| Witness | SCOTT BENTON MD FAAP | | | | |
| Witness | WAYNE G RUMORE JR. | | | | |

## Subpoena

| | Schedule | Printed | Hearing | Type | SVC | Date | Party | Name |
|---|---|---|---|---|---|---|---|---|
| | 05/13/2013 | 03/26/2013 | OTH | Subpoena | | | DEF | ROBERT L SCOTT III |
| | 05/13/2013 | 03/26/2013 | OTH | Subpoena | | | ATD | FRANK G DESALVO |
| 📄 | 05/13/2013 | 03/20/2013 | OTH | Subpoena | O | 03/26/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 05/13/2013 | 03/20/2013 | OTH | Subpoena | P | 03/27/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/06/2013 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DANA TROXCLAIR |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | MATTHEW A VASQUEZ |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/04/2013 | WTS | MICHELLE RUDA MD |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | WAYNE G RUMORE JR. |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | O | 03/08/2013 | WTS | CHARLES SCHIBER |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | EDWIN J KLEIN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | ELIZABETH KLEIN |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JEFFERY E RODRIGUE |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | RENOID BERTHELOT |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | BRADY J BUCKLEY |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | Q | 02/25/2013 | WTS | JARROD J GERVAIS |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/01/2013 | WTS | DWANA BAILEY |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/05/2013 | WTS | SCOTT BENTON MD FAAP |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 03/21/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | ATD | FRANK G DESALVO |
| 📄 | 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 03/20/2013 | 02/25/2013 | OTH | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/07/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | WTD | RICHARD TOMPSON |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 03/01/2013 | ATD | MARTIN E REGAN |
| 📄 | 03/19/2013 | 02/25/2013 | MOT | Subpoena | P | 02/28/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/08/2013 | ATD | CESAR J VAZQUEZ |
| 📄 | 02/21/2013 | 02/05/2013 | OTH | Subpoena | P | 02/26/2013 | DEF | LAMEEKA MCKINNEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | ATD | FRANK G DESALVO |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | RENOID BERTHELOT |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | EDWIN J KLEIN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | ELIZABETH KLEIN |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DANA TROXCLAIR |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | DWANA BAILEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | MATTHEW A VASQUEZ |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTD | RICHARD TOMPSON |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | JEFFERY E RODRIGUE |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | MICHELLE RUDA MD |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | WAYNE G RUMORE JR. |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | P | 01/31/2013 | WTS | CHARLES SCHIBER |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | O | 02/14/2013 | WTS | SCOTT BENTON MD FAAP |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | BRADY J BUCKLEY |
| 📄 | 02/19/2013 | 01/25/2013 | PTC | Subpoena | Q | 01/25/2013 | WTS | JARROD J GERVAIS |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 02/11/2013 | DEF | ROBERT L SCOTT III |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | A | 11/16/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JARROD J GERVAIS |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DANA TROXCLAIR |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/16/2012 | WTS | DWANA BAILEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | F | 11/15/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | EDWIN J KLEIN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/04/2012 | ATD | FRANK G DESALVO |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/15/2012 | WTD | RICHARD TOMPSON |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | RENOID BERTHELOT |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | ATD | MARTIN E REGAN |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | O | 12/04/2012 | WTS | CHARLES SCHIBER |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 12/07/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 01/28/2013 | 11/13/2012 | TRL | Subpoena | P | 11/14/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | ATD | MARTIN E REGAN |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | ATD | FRANK G DESALVO |
| | 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | A | 10/24/2012 | DEF | LAMEEKA MCKINNEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTD | RICHARD TOMPSON |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/30/2012 | WTS | BRADY J BUCKLEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MATTHEW A VASQUEZ |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DANA TROXCLAIR |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | DWANA BAILEY |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/31/2012 | WTS | JARROD J GERVAIS |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | MICHELLE RUDA MD |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/24/2012 | WTS | DR. ERIC ZICKERMAN |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | JEFFERY E RODRIGUE |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/29/2012 | DEF | ROBERT L SCOTT III |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | EDWIN J KLEIN |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/26/2012 | WTS | WAYNE G RUMORE JR. |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/23/2012 | WTS | CHARLES SCHIBER |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 11/01/2012 | WTS | RENOID BERTHELOT |
| 11/05/2012 | 10/22/2012 | TRL | Subpoena | P | 10/26/2012 | WTS | ELIZABETH KLEIN |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/19/2012 | ATD | FRANK G DESALVO |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | WILLIAM N DOYLE |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | ROBERT L SCOTT III |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | ATD | MARTIN E REGAN |
| 10/18/2012 | 09/14/2012 | MOT | Subpoena | P | 09/18/2012 | DEF | LAMEEKA MCKINNEY |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | MARTIN E REGAN |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | LAMEEKA MCKINNEY |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/13/2012 | DEF | ROBERT L SCOTT III |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | P | 09/11/2012 | WTD | RICHARD TOMPSON |
| 09/14/2012 | 09/10/2012 | MOT | Instanter | | | ATD | FRANK G DESALVO |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | ROBERT L SCOTT III |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | SCOTT BENTON MD FAAP |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DWANA BAILEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | BRADY J BUCKLEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | CHARLES SCHIBER |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | DEF | LAMEEKA MCKINNEY |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | P | 08/23/2012 | ATD | WILLIAN N DOYLE |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | EDWIN J KLEIN |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DR. ERIC ZICKERMAN |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | MICHELLE RUDA MD |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | ELIZABETH KLEIN |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | WAYNE G RUMORE JR. |
| 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | DANA TROXCLAIR |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| | 09/10/2012 | 08/21/2012 | TRL | Subpoena | | | ATD | MARTIN E REGAN |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | WTD | RICHARD TOMPSON |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | MARTIN E REGAN |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/11/2012 | ATD | FRANK G DESALVO |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | P | 09/10/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 09/04/2012 | 09/07/2012 | MOT | Subpoena | T | 09/10/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | EDWIN J KLEIN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | CHARLES SCHIBER |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Instanter | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DWANA BAILEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | MATTHEW A VASQUEZ |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | JEFFERY E RODRIGUE |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/20/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Instanter | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| | 08/20/2012 | 08/13/2012 | TRL | Instanter | | | WTS | SCOTT BENTON MD FAAP |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | BRADY J BUCKLEY |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| 📄 | 08/20/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 08/20/2012 | 07/24/2012 | PTH | Subpoena | P | 07/26/2012 | ATD | MARTIN E REGAN |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | P | 06/21/2012 | WTS | DANA TROXCLAIR |
| 📄 | 08/20/2012 | 06/19/2012 | TRL | Subpoena | | | WTS | MATTHEW A VASQUEZ |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | DEF | LAMEEKA MCKINNEY |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | MARTIN E REGAN |
| 📄 | 07/23/2012 | 06/19/2012 | PTC | Subpoena | P | 06/21/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DANA TROXCLAIR |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/28/2012 | ATD | C. GARY WAINWRIGHT |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | RENOID BERTHELOT |
| 📄 | 07/23/2012 | 06/21/2012 | PTH | Subpoena | P | 06/29/2012 | DEF | ROBERT L SCOTT III |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | JEFFERY E RODRIGUE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | WAYNE G RUMORE JR. |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | ELIZABETH KLEIN |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/02/2012 | WTS | JARROD J GERVAIS |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | O | 05/01/2012 | WTS | MICHELLE RUDA MD |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | CHARLES SCHIBER |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | EDWIN J KLEIN |
| 📄 | 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 06/08/2012 | WTS | MATTHEW A VASQUEZ |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/03/2012 | WTS | DR. ERIC ZICKERMAN |
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 04/30/2012 | WTS | DWANA BAILEY |
| 07/23/2012 | 04/26/2012 | TRL | Subpoena | P | 05/01/2012 | WTS | BRADY J BUCKLEY |
| 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | ROBERT L SCOTT III |
| 06/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | ATD | C. GARY WAINWRIGHT |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 06/18/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | WILLIAM M DOYLE |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 04/30/2012 | ATD | MARTIN E REGAN |
| 05/21/2012 | 04/26/2012 | PTH | Subpoena | P | 05/01/2012 | DEF | LAMEEKA MCKINNEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | JARROD J GERVAIS |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | ATD | C. GARY WAINWRIGHT |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | MARTIN E REGAN |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | CHARLES SCHIBER |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | JEFFERY E RODRIGUE |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | WTS | DANA TROXCLAIR |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | DEF | LAMEEKA MCKINNEY |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/30/2012 | WTS | MICHELLE RUDA MD |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/28/2012 | WTS | MATTHEW A VASQUEZ |
| 04/23/2012 | 03/27/2012 | TRL | Subpoena | P | 03/29/2012 | ATD | WILLIAM M DOYLE |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | ROBERT L SCOTT III |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| 04/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | WAYNE G RUMORE JR. |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | CHARLES SCHIBER |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DANA TROXCLAIR |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MATTHEW A VASQUEZ |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | DR. ERIC ZICKERMAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/03/2012 | WTS | RENOID BERTHELOT |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/05/2012 | WTS | BRADY J BUCKLEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | ELIZABETH KLEIN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/02/2012 | DEF | LAMEEKA MCKINNEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | WILLIAM M DOYLE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 02/29/2012 | WTS | DWANA BAILEY |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | ATD | MARTIN E REGAN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | EDWIN J KLEIN |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | JEFFERY E RODRIGUE |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | | | WTS | JARROD J GERVAIS |
| 03/23/2012 | 02/28/2012 | TRL | Subpoena | P | 03/01/2012 | WTS | MICHELLE RUDA MD |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/21/2012 | WTS | BRADY J BUCKLEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | ELIZABETH KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | EDWIN J KLEIN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | DR. ERIC ZICKERMAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | DEF | LAMEEKA MCKINNEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | | | WTS | RENOID BERTHELOT |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | MICHELLE RUDA MD |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | WAYNE G RUMORE JR. |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | MATTHEW A VASQUEZ |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | MARTIN E PEGAN |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DWANA BAILEY |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | JEFFERY E RODRIGUE |
| 02/27/2012 | 01/24/2012 | TRL | Subpoena | P | 01/24/2012 | DEF | ROBERT L SCOTT III |
| 02/27/2012 | 01/25/2012 | TRL | Subpoena | P | 01/30/2012 | ATD | C. GARY W WAINRIGHT |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | ATD | WILLIAM H DOYLE |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/17/2012 | WTS | JARROD J GERVAIS |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/16/2012 | WTS | CHARLES SCHIBER |
| 02/27/2012 | 02/13/2012 | TRL | Subpoena | P | 02/15/2012 | WTS | DANA TROSCLAIR |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | WILLIAM H DOYLE |
| 02/13/2012 | 01/25/2012 | TRL | Subpoena | P | 01/26/2012 | ATD | MARTIN E PEGAN |
| 02/13/2012 | 01/20/2012 | TRL | Subpoena | P | 01/20/2012 | DEF | LAMEEKA MCKINNEY |
| 01/24/2012 | 01/23/2012 | ARR | Subpoena | P | 01/23/2012 | DEF | ROBERT L SCOTT III |

Case

| Case Nbr | DA Case Nbr | File DT | Class | Close DT | State vs |
|---|---|---|---|---|---|
| 1105008 | 51166756 | 01/19/2012 | 2 | null | LAMEEKA MCKINNEY, ROBERT SCOTT |

# 24th Judicial District Court
## Parish of Jefferson - State of Louisiana

State of Louisiana
  Versus
LAMEEKA MCKINNEY
DOB:        12/16/1987
Judge:      NANCY A. MILLER
ADA:        Douglas W. Freese, Sunny
            Funk

Case Number:      11-5008
Division:         I
Complaint:        B1961911
Date:             01/28/2013
Court Reporter:   Cherie Mollere

The Defendant, LAMEEKA MCKINNEY, appeared before the bar of the Court this day for trial.

The Defendant was represented by KEVIN KELLY (standing in for MARTIN E. REGAN).

The Defendant is in Jefferson Parish Prison.

The State filed a Motion for Conflict of Interest Inquiry and Motion for Preliminary Examination, the Court set these motions for hearing on 1/29/13 at 9:00 a.m.

The trial was ordered continued and re-set for Tuesday, January 29, 2013.

The continuance was requested by the defense attorney.

The reason for the continuance is: additional motions to be heard.

/s/Janet Ryan

_____

Janet Ryan, Deputy Clerk

**EXHIBIT**

3

IN THE

FIFTH CIRCUIT COURT OF APPEAL

STATE OF LOUISIANA

'13 -KR- 68

STATE OF LOUISIANA

VERSUS

LAMEEKA McKINNEY

APPLICATION FOR WRIT OF CERTIORARI AND PROHIBITION
TO REVIEW THE RULING OF
THE HONORABLE NANCY MILLER, JUDGE, DIVISION "I"
TWENTY-FOURTH DISTRICT COURT FOR
THE PARISH OF JEFFERSON
CASE NO. 11-05008

**** EMERGENCY CONSIDERATION REQUESTED ****
*** STAY ORDER REQUESTED ***

***TRIAL IS SET for JANUARY 30, 2013 at 9:30 a.m.***

REGAN, LITTLEFIELD, THOMAS
& SANDHU, P.L.C.
MARTIN E. REGAN, JR., # 11153
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

EXHIBIT
4

## TABLE OF CONTENTS

EXPEDITED CONSIDERATION/MOTION FOR STAY            3

ORDER                                             3

JURISDICTION OF THE COURT                         4

STATEMENT OF THE CASE                             4

STATEMENT OF THE FACTS                            5

ISSUE PRESENTED                                   6

LAW AND ARGUMENT                                  6

CONCLUSION                                        12

CERTIFICATE OF SERVICE                            13

AFFIDAVIT                                         --

EXHIBITS

    A.    True Bill of Indictment

    B.    Docket Master

    C.    Motion and Incorporated Memorandum for Conflict of Interest Inquiry

    D.    Minute Entry of January 29, 2013

    E.    Notice of Intent to Seeks Emergency Writs

    F.    Affidavit of Lameeka McKinney

    G.    Affidavit of Robert Scott, III

    H.    Transcript of proceedings from January 29, 2013

## REQUEST FOR EXPEDITED CONSIDERATION OR IN THE ALTERNATIVE A STAY OF THE TRIAL COURT PROCEEDINGS

On January 29, 2013, this matter came before the trial court for hearing on the State's Motion for Conflict of Interest Inquiry. (Ex. D). After hearing the testimony presented, the trial court ordered defense counsel, Martin E. Regan, Jr., withdrawn as counsel for Lameeka McKinney. Id.

The defense objected and filed notice of intent to seek supervisory review with this Honorable Court. (Ex. E). The trial court granted a return deadline of January 30, 2013 at 8:30 a.m. Id.

The trial court continued trial proceedings, pending ruling by this Honorable Court on defense counsel's writ, until January 30, 2013 at 9:30 a.m. (Ex. D). As such, the defense respectfully requests expedited consideration, or in the alternative, a stay of the trial court proceedings until this Court can render a full review of the trial court's decision.


## ORDER

Considering the Defendant's MOTION FOR STAY;

IT IS HERBY ORDERED that the request for a stay is granted and all proceedings in this matter are stayed pending the resolution of this application for supervisory writ.

GRETNA, Louisiana, this _____ day of JANUARY 2013.


_____
JUDGE
FIFTH CIRCUIT COURT OF APPEAL

3

<u>JURISDICTION OF THE COURT</u>

This Honorable Court has jurisdiction over this case pursuant to Article V, Section 10 of the Louisiana Constitution of 1974. The defendant has no remedy of appeal from this adverse ruling.

<u>STATEMENT OF THE CASE</u>

On January 19, 2012, the State filed a true bill of indictment charging Lameeka McKinney and Robert Scott, III, with one count of second degree murder, each for the December 14, 2010, death of Known Juvenile (DOB 10/3/10). Exh. A. On January 20, 2012, Lameeka McKinney and Robert Scott, III, appeared for arraignment and pled not guilty. Id. On April 23, 2012, pretrial suppression motions on evidence and statement were heard by the trial court and denied. Exh. B. On May 30, 2012, the defense received all medical records and stated the intent for a medical expert. On August 22, 2012, the defense moved for IDB Funds for Expert Assistance in the Field of Forensic Pathology. Id. The matter was set for hearing and continued.

On September 25, 2012, notice of supplemental discovery was filed by the State. Id. On October 18, the status on IDB Funds was continued to allow for the defense to obtain completed medical reports. Id. On January 22, 2013, the parties appeared for pretrial conference and defendants moved to exclude 404(B) evidence from introduction at trial. Id. On January 25, 2013, the trial court ruled that defendants' *Motion in Limine* was prematurely filed and would be addressed after defense examination of the expert was completed, further ordering trial to begin on January 29, 2013. Id. On January 28, 2013, the State moved for Conflict of Interest Inquiry and for Preliminary Examination to Perpetuate Testimony. Id.

On January 29, 2013, the Motion for Conflict of Interest Inquiry and for Preliminary Examination to Perpetuate Testimony came before the trial court. The

trial court ruled that counsel for defendant, Lameeka McKinney, be withdrawn from representation for an actual conflict of interest. Exh. D. The defense filed notice of intent to seek writs and was granted until January 30, 2013, at 8:30 a.m., by which to apply with this Honorable Court. The trial court further ordered the trial proceedings continued until January 30, 2013, at 9:30 a.m., pending ruling by this Honorable Court. This writ timely follows.

## STATEMENT OF THE FACTS

In the present matter, the State charged defendants Lameeka McKinney and Robert Scott, III, with the second degree murder of their infant child. Prior to indictment, Ms. McKinney retained the representation of Martin E. Regan, Jr. Prior to indictment, until July 23, 2012, Mr. Scott was represented by C. Gary Wainwright. On July 23, Mr. Wainwright withdrew from representation due to suspension from the practice of law. Mr. Scott then retained Mr. Frank DeSalvo as defense counsel. With the approval of the Louisiana Supreme Court, Mr. Regan hired Mr. Wainwright to be a paralegal at his firm. Since July 2012, the State has been aware of Mr. Wainwright's employment at Mr. Regan's law firm.

When Mr. Wainwright became employed at Mr. Regan's office, Robert Scott's file was physically sealed and attorney Frank DeSalvo enrolled to represent Mr. Scott. The file was physically delivered to Mr. DeSalvo and Mr. Wainwright did not retain any of his work-product from his work on behalf of Mr. Scott. No "privileged" material was ever disclosed by Mr. Wainwright to Mr. Regan.

The State has raised four issues regarding a potential conflict of interest that may arise because the State plans to call Mr. Scott to testify at these proceedings and because the State anticipates antagonistic defenses by both parties. Specifically, the State moved for inquiry by the trial court into 1) whether Mr. Regan's law firm has a present, actual conflict of interest due to Mr. Wainwright's

5

participation in Ms. McKinney's defense; 2) whether Mr. Regan's law firm has a potential conflict of interest due to Mr. Wainwright's participation in Ms. McKinney's defense; 3) whether Mr. Scott and Ms. McKinney waive any conflict of interest; and 4) whether the Court should accept any waiver of conflict by Mr. Scott or Ms. McKinney.

## ISSUE PRESENTED

Whether the trial court abused its discretion in removing Martin Regan as counsel for Lameeka McKinney, finding an actual conflict of interest had occurred, that Ms. McKinney never waived conflict, that any conflict was unwaivable.

## LAW AND ARGUMENT

The Sixth Amendment to the United States Constitution guarantees the right to effective counsel, including the right to select and be represented by counsel of choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 1696, 100 L. Ed. 2d 140 (1988). *See also Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 58, 77 L. Ed. 158 (1932) (stating "it is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.").

In *State v. Garcia*, the Louisiana Supreme Court provided a thoughtful analysis into the meaning of "conflict of interest." Citing *Mickens v. Taylor*, 535 U.S. 162, 122 S. Ct. 1237, 152 L. Ed. 2d 291 (2001), the *Garcia* Court quoted at great length the United States Supreme Court:

> Notably, the *Mickens* Court made great effort in explaining the phrase "an actual conflict of interest" means "precisely a conflict that affected counsel's performance —as opposed to a mere theoretical division of loyalties." *Mickens*, 535 U.S. at 171, 122 S.Ct. at 1243. The Court clarified the term "was shorthand for the statement in *Sullivan* that 'a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief.'" *Id.* (quoting *Sullivan*, 446 U.S., at 349-350, 100 S.Ct. 1708). In a footnote, the Court went on to explain:

We have used "actual conflict of interest" elsewhere to mean what was required to be shown in *Sullivan*. See *United States v. Cronic*, 466 U.S. 648, 662, n. 31, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("[W]e have presumed prejudice when counsel labors under an actual conflict of interest .... See *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)"). And we have used "conflict of interest" to mean a division of loyalties that affected counsel's performance. In *Holloway*, 435 U.S., at 482, 98 S.Ct. 1173, we described our earlier opinion in *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), as follows:

> The record disclosed that Stewart failed to cross-examine a Government witness whose testimony linked Glasser with the conspiracy and failed to object to the admission of arguably inadmissible evidence. This failure was viewed by the Court as a result of Stewart's desire to protect Kretske's interests, and was thus **'indicative of Stewart's struggle to serve two masters.'** After identifying this conflict of interests, the Court declined to inquire whether the prejudice flowing from it was harmless and instead ordered Glasser's conviction reversed."

> Thus, the Louisiana Supreme Court has concluded that the *Sullivan* standard is not properly read as requiring inquiry into actual conflict as something separate and apart from adverse effect. An **"actual conflict," for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance** .

*Garcia*, 09-1578, 2012 La. LEXIS 3085 (La. 2012) (emphasis added) (*quoting Mickens*, 535 U.S. at 172, n.5, 122 U.S. at 1244).

1.   **The trial court clearly abused its discretion in finding an actual conflict in these proceedings.**

Mr. Regan did not labor under an actual conflict created by Mr. Wainwright's work as a paralegal on the present matter. The circumstances in this case do not present a substantial potential for a serious conflict of interest. Any potential conflict created by Mr. Wainwright's participation in these proceedings is waivable. Consequently, these circumstances do not constitute grounds for rejecting Ms. McKinney's choice of counsel.

Mr. Wainwright's work on this matter was not only limited in scope, but also client-neutral. Mr. Wainwright testified before the court, and was subject to examination by the parties, regarding the work he performed in this matter. A review of these specific tasks demonstrates that Mr. Wainwright's work did not create an actual conflict under which Mr. Regan labored during these proceedings:

A.     Mr. Wainwright drafted a motion for IDB funding to retain a forensic pathologist. This motion was drafted after the medical records from the deceased infant were received by the defense. Specifically, the records contradicted the Coroner's opinion that attributed the infant's death to homicide. Instead, however, the records revealed that the infant was not the victim of a homicide. To refute the Coroner's opinion, which formed the basis for the State's charges against *both* parents, both defendants moved for IDB funding to retain the defense expert to rebut the State's theory.

Mr. Wainwright's motion did not present a client-biased argument. By all accounts, Mr. Scott's attorney, Mr. DeSalvo, did not object to filing the motion, the arguments made or the relief requested. In fact, Mr. DeSalvo relied on the motion filed and on Mr. Regan's efforts to find and secure the expert witness to refute the State's theory. If anything, these efforts would be beneficial to the defense of Mr. Scott and Ms. McKinney. No actual conflict was presented by Mr. Wainwright's performance of this task.

B.     Mr. Wainwright drafted a motion to exclude the introduction of other crimes evidence. This pleading was not exclusive to Ms. McKinney or Mr. Scott. Both defendants equally refute the State's theory that the infant's death was a homicide. Consequently, the defendants argued for the exclusion of alleged 404(B) evidence, i.e., any alleged misconduct of either defendant. Mr. Scott's attorney, Mr. DeSalvo, was copied on the pleading, did not object to the motion, its

contents, or the arguments lodged against admissibility of such acts. This motion was also beneficial to both defendants. Likewise, Mr. Wainwright's performance of this task did not create an actual conflict for either defendant, as the academic arguments made in the motion did not favor one defendant over the other.

C.    Mr. Wainwright attended a meeting in which Mr. DeSalvo, his associate, and Mr. Regan were present with the Coroner. Mr. Scott's defense team did not object to Mr. Wainwright's presence, nor did Mr. Wainwright even actively participate in the meeting. Mr. Wainwright's presence at this meeting, attended by all parties to these proceedings, did not create an actual conflict with Mr. Scott's defense.

D.    Mr. Wainwright inquired into the concern that Judge Miller's husband, a Jefferson Parish Sheriff's Deputy, had participated in the arrest of Mr. Scott. This inquiry did not present a conflict of interest between the defense of Mr. Scott and Ms. McKinney. To the contrary, this inquiry sought to clarify whether the trial court in this matter had a conflict from the prosecution of charges against the parties. The Judge's husband was found not have participated in the investigation or arrest of Mr. Scott. Mr. Wainwright's performance of this task did not present an actual conflict for either defendant, but, instead, sought to maintain impartiality in the proceedings.

The work performed by Mr. Wainwright, as demonstrated above, was client-neutral, beneficial to both defendants. The trial court erred in finding Mr. Regan to have labored under an actual conflict.

2.    **Any conflicts in this matter are potential conflicts which are waivable.**

As demonstrated above, Mr. Wainwright's actions in this matter have not given rise to an actual conflict of interest. Mr. Regan has not labored under actual conflicts. Contrary to the State's allegations, the circumstances of this case have

presented potential conflicts which are waivable. Specifically, the State cites the possibility of antagonistic defenses, which could manifest on cross-examination by Mr. Regan of Mr. Scott. The State argues that it will call Mr. Scott to the stand, in accordance with 439.1, in furtherance of this argument.

Although the possibility exists that Mr. Scott will be called to testify, Mr. Scott is represented by separate counsel. Mr. Scott has waived any potential conflict. Mr. DeSalvo is well-seasoned in defending parties with competing interests to their co-defendants. Even if that were the case in this instance, Mr. Scott is well-represented, with his own team of defense counsel. Mr. DeSalvo, with over 40 years experience as an attorney, would have objected were to the potential conflict herein raised by the State raises, a grave concern, or one which rises to the level of an actual conflict. On the contrary, the conflict here is potential, and, under the circumstances, remote. The trial court clearly abused its discretion in removing counsel from representing Ms. McKinney. See La.C.Cr.P. art 517.

As noted by the United States Supreme Court considering the issue of handling potential conflicts which may rise to the level of actual conflicts,

> the Government may seek to "manufacture" a conflict in order to prevent a defendant from having a particularly able defense counsel at his side; but trial courts are undoubtedly aware of this possibility, and must take it into consideration along with all of the other factors which inform this sort of a decision.

*Wheat*, 486 U.S. 163. In the present matter, such consideration has not been afforded. The mere *possibility* of a conflict does not create an actual conflict. See *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). The Louisiana Supreme Court in *State v. Kahey*, defined an actual conflict of interest as being

> established when the defendant proves that his attorney was placed in a situation inherently conducive to divided loyalties. *Zuck v.*

10

*Alabama*, 588 F.2d 436 (5th Cir.), cert. denied, 444 U.S. 833, 100 S. Ct. 63, 62 L. Ed. 2d 42 (1979).

> If a defense attorney owes duties to a party whose interests are adverse to those of the defendant, then an actual conflict exists. The interest of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client.

588 F.2d at 439.

*Kahey*, 436 So2d 475, 485 (La. 1983). Mr. Regan has not been placed in a position of competing loyalties. He owes no duties to other parties in these proceedings. Additionally, Mr. Wainwright never disclosed to Mr. Regan, any privileged information from his prior representation of Mr. Scott. Indeed, the concern for potential conflict, albeit present, does not rise to the level that the State would have the Courts here believe. Mr. Wainwright's actions in this matter are demonstrably defendant-neutral.

### 3.   Mr. Scott and Ms. McKinney have each waived any conflict of interest, which should be accepted by the Court.

As explained, although an absolute potential issue of conflict exists in this matter, both defendants testified in court under oath that they each had been advised regarding their rights regarding any attorney conflicts and potential conflicts in this matter. Exhs. F, G.

In its Memorandum, the State argues that the waivers should not be accepted pursuant to Rule 1.7 of the La. Rules of Professional Conduct and La.C.Cr. P. art 517. Under Rule 1.7, as discussed above, a potential conflict exists should Mr. Scott be called to testify as the State has referenced. The potential conflict is not concurrent. Mr. Scott is represented by his own counsel, Mr. DeSalvo. Mr. Regan does not represent Mr. Scott nor has he in the past. Mr. Regan's representation of Ms. McKinney is independent of Mr. DeSalvo's representation of Mr. Scott.

Second, Mr. Regan's representation of Ms. McKinney will not be materially limited by competing interests or duties to a former client or third party. Mr. DeSalvo has more than 40-years of experience defending interests. Mr. Scott is well-equipped to have any objections lodged to protect his interests. Mr. Scott's counsel has not objected to Ms. McKinney's representation, choice of counsel or defense. He received the sealed file of Mr. Wainwright's work. Mr. Wainwright has not engaged in any discussions of trial strategy with either Mr. DeSalvo or Mr. Regan. There is no concurrent conflict, nor risk of serious conflict that could be created in Mr. Scott's cross-examination by Mr. Regan.

Additionally, as part of the considerations to be taken by the Court, each party is represented by competent and diligent counsel. Rule 1.7(b). Mr. DeSalvo competently, diligently and independently represents Mr. Scott. Likewise, Mr. Regan competently, diligently and independently represents Ms. McKinney. The defendants believe in the competent and diligent representation by their respective attorneys. Rule 1.7(b)(1). Mr. Regan has done nothing wrong. There is no law prohibiting Mr. Regan's representation of Ms. McKinney. And the State has presented no evidence to show why Mr. Regan should not represent Ms. McKinney. Rule 1.7(b)(2).

Neither has asserted a claim or cause of action against the other arising out of this matter, the same litigation. Rule 1.7(b)(3).

Finally, both defendants have waived any conflicts or potential conflicts arising in this matter. Each defendant gave their informed consent waiving conflict in writing and orally. Rule 1.7(b)(4).

The State's reliance on *Wheat* is inapposite. *Wheat* dealt with one attorney representing multiple defendants with competing interests. That is not the case in this matter. However, as the Sixth Amendment guarantees effective counsel and

the right to choice of counsel, it was also "designed to assure fairness in the adversary criminal process." *Wheat*, 486 U.S. at 158. There has been no showing, by pleading or in testimony adduced at the hearing, that the trial proceedings would not be fair. Neither defendant nor defense counsel has objected or shown that the proceedings cannot be fair. The testimony adduced demonstrated that Mr. Wainwright was screened from this case upon employment at Mr. Regan's office, and that these proceedings would be fair with representation left intact.

It should be noted that Mr. Regan was prevented during the hearing, from calling Mr. DeSalvo as a witness to testify regarding each issue raised. When Mr. Regan attempted to call Mr. DeSalvo to testify, the court instructed that this was her hearing and that Mr. Regan could not call witnesses in his defense. Due process requires the trial court to allow the defendant to call witnesses. In this matter, the trial court flatly refused this most basic of requests. See Exh. H.

<u>CONCLUSION</u>

For the foregoing reasons, the rulings of the trial court were erroneous and should be overturned by this Honorable Court.

Respectfully submitted,
Regan, Littlefield, Thomas & Sandhu, P.L.C.

MARTIN E. REGAN, JR., # 11153
2125 St. Charles Avenue
New Orleans, Louisiana 70130
Tel.: 504.522.7260
Fax: 504.522.7507

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the foregoing to the trial

court and to the State of Louisiana through the District Attorney for the Parish of

Jefferson by HAND DELIVERY this _____ day of January 2013, to:

**The Honorable Nancy Miller**
24th Judicial District Court
200 Derbigny St.
Gretna, LA 70053

**Jefferson Parish District Attorney**
200 Derbigny St.
Gretna, La 70053


_____
Attorney

## VERIFICATION AFFIDAVIT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, appeared MARTIN E. REGAN, JR. to me personally known, who, after being duly sworn, did depose and say:

1. That he is an attorney for the defendant, Lameeka McKinney.

2. That he has reviewed the foregoing brief and attachments thereto and that the allegations contained therein are truthful.

3.    That he has delivered a copy of this brief to the Judge of the Trial Court, and opposing counsel, State of Louisiana, through the District Attorney's Office for Parish of Jefferson.

_____
Affiant

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS THE 29th
DAY OF JANUARY 2013.

_____
NOTARY PUBLIC .
Nisha Sandhu
Notary Public ID # 92285, LSB # 30340
Statewide Jurisdiction
Commission for Life