# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMEEKA MCKINNEY, # 1000176279** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0489** |
| **NEWELL NORMAN, SHERIFF**<br>**JEFFERSON PARISH** | **SECTION F (3)** |

<u>RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF</u>

The petitioner, Lameeka McKinney, is a Louisiana pretrial detainee currently awaiting trial for one count of second-degree murder in violation of La. R.S. 14:30.1. The petitioner's trial is scheduled to commence on <u>June 9, 2014</u>. By this pre-trial habeas corpus petition filed pursuant to 28 U.S.C. § 2241, the petitioner complains that the the Louisiana state courts have deprived her of her right to counsel of choice.

Petitioner McKinney's petition should not be entertained for two reasons. First, she does not state a claim that is cognizable in *habeas corpus* because the petitioner's claim involves a ruling that does not relate to the cause of the petitioner's being in custody. Second, the doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), requires abstention. Accordingly, petitioner's habeas

corpus application should be dismissed.

Because the respondent asserts that the merits of the petitioner's claim should not be entertained, the respondent does not address the merits of the petitioner's claim at this time. The respondent respectfully reserves the right to submit arguments on the merits should the Court determine that a merits response is necessary.

## I.     PRELIMINARY MATTERS.

### A.     NEXT SCHEDULED STATE COURT PROCEEDING.

The petitioner's second-degree murder trial is scheduled to commence on <u>June 9, 2014</u>.[1]

### B.     STATEMENT OF THE RECORD.

#### *i.*     Overview of the state court record.

Submitted along with this Response is the complete state court record relating to Petitioner's trial and appellate proceedings in the Louisiana courts to date. The records are presented in eight volumes and has been sequentially numbered by undersigned counsel.[2]

Volumes 1 and 2 consist of the record of the state district court proceedings under docket number docket number 11-5008 of the 24th Judicial District Court for the Parish of Jefferson, as maintained by the Clerk of Court of that Court.

Volume 3 consists of the petitioner's first application for supervisory review to the Louisiana Fifth Circuit Court of Appeal under docket number 13-K-68.

Volume 4 consists of the petitioner's first application of supervisory review to the Louisiana Supreme Court under docket number 2013-KK-0725.

Volumes 5 and 6 consist of the petitioner's second application for supervisory review to

---

1   State Court Record, Vol. 1, pg. 7 (minute entry).

2   Volumes 1-3 and 5-6 were presented to undersigned counsel in digital format. Volumes 4, 7, and 8 were presented to counsel in paper form. Counsel scanned those records into PDF format, then organized the records as noted above and thereafter used Adobe Acrobat Standard version 8.2.5 to superimpose page numbering on the records so compiled.

the Louisiana Fifth Circuit Court of Appeal under docket number 13-K-548.

Volumes 7 and 8 consist of the petitioner's second application for supervisory review to the Louisiana Supreme Court under docket number 2013-KK-2166.

### ii.     A note on citations to the state court record.

In this pleading, counsel will refer to the State Court Record as "R" followed by the volume number and the page number superimposed upon the page by computer software. Thus, for example, "$R_2$ at 279" would refer to page 279, which is located in the second volume of the state court record.

When referring to the petitioner's *habeas corpus* petition by page number, counsel refers to the page numbers assigned by the CM/ECF system (superimposed on the top of each page) rather than the page numbers contained on the documents submitted by the by the petitioner (contained on the bottom of each page). Thus, "Rec. Doc. 1, pg. 5" would correspond to the page marked "Page 5 of 145" (at the top of the page) even though that page is marked in the lower-right-hand corner as "Page 6 of 10."

## II.     PERTINENT FACTS AND PROCEDURAL HISTORY.

### A.     STATE COURT PROCEEDINGS.

#### i.

Petitioner Lameeka McKinney is one of two individuals indicted for second-degree murder (La. R.S. 14:30.1) in connection with the death of her 4½-month-old child, K.L.S. Her co-defendant, and the father of the child, is Robert L. Scott, III.[3] McKinney is indigent, and is incarcerated in the Jefferson Parish Correctional Center, having been unable to post bail.[4]

---

3  $R_2$ at 367; <u>see also</u> $R_2$ at 247-251 (independent cause of death determination).

4  See $R_2$ at 291 (motion asserting that "[t]he accused is an indigent" and that "[h]er family has secured private counsel to represent her"); $R_1$ at 7 (minute entry reflecting "The Defendant is in Jefferson Parish Prison").

respondent notes that, even if she had posted bail, she would still be "in custody" for habeas corpus purposes.[5]

The Jefferson Parish Grand Jury returned the indictment charging petitioner McKinney and co-defendant Scott with second-degree murder on January 19, 2012.[6] Initially, petitioner McKinney was represented by attorney Martin E. Regan, Jr. ("Regan"), and co-defendant Scott was represented by attorney C. Gary Wainwright ("Wainwright").[7] This changed when the Louisiana Supreme Court—on June 29, 2012— issued an order suspending Wainwright's license to practice law. See In re Wainwright, 12-1392 (La. 6/29/12), 91 So.3d 304. Wainwright subsequently withdrew as counsel of record for co-defendant Scott and joined Regan's firm in a non-lawyer capacity. But not in that orderL Wainwright joined Regan's firm on July 1, 2012, but did not move to withdraw as counsel for co-defendant Scott until July 23, 2013.[8]

The matter proceeded in an orderly fashion thereafter, until one of the prosecuting attorneys learned that Wainwright (co-defendant Scott's former counsel) had participated in the preparation of petitioner McKinney's defense. This information was learned on Saturday, January 26, 2013.[9] The next business day—Monday, January 28, 2013—the prosecution filed a "Motion and Incorporated Memorandum for Conflict of Interest Inquiry" (hereinafter "Motion for Conflict Inquiry").[10] The basis of that motion was that "[i]t has come to the [prosecution's] attention that Mr. Wainwright has not been screened from Ms. McKinney's case and has

---

5  See, e.g., Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 300-301 (1984); Marden v. Purdy, 409 F.2d 784, 785 (5th Cir. 1969).

6  $R_2$ at 367.

7  See $R_2$ at 380 (Motion to Enroll submitted by Regan on behalf of McKinney on October 5, 2011); $R_4$ at 854 (minute entry reflecting that co-defendant Scott was represented by Wainwright at his January 24, 2012 arraignment).

8  See $R_3$ at 491, lines 10-19 (testimony of Mr. Wainwright from transcript of proceedings held January 29, 2013); $R_2$ at 310 (motion to withdraw as counsel of record filed by Mr. Wainwright).

9  See $R_3$ at 455-456 (January 29, 2013 testimony of Assistant District Attorney Sunny Funk).

10  $R_1$ at 183-188.

provided assistance to Mr. Regan at a minimum, but drafting pleadings for Mr. Regan's review and signature and by interacting with one or more potential defense witnesses."[11] The prosecution explained in the body of the *Motion for Conflict Inquiry* that the purpose of the filing of the motion was to "put[] the Court on notice of a possible issue relating to a conflict of interest, given that the defendants' defenses are likely to be antagonistic in part (while the primary defense will likely to be a challenge to the conclusion that the victim's death was a homicide, each parent will likely also point the finger of blame at the other in the event the trier of fact concludes that the death was a homicide), and given that Mr. Scott will be called to the stand by the State of Louisiana during Ms. McKinney's trial."[12]

### ii.

The district court, on January 28, 2013—the day the *Motion for Conflict Inquiry* was filed—set the matter to be heard on January 29, 2013.[13]

On January 29, 2013, the district court examined four individuals in connection with its conflict inquiry: the prosecuting attorney whose knowledge formed the basis for the Conflict of Interest Inquiry (Assistant District Attorney Sunny Funk), Mr. Wainwright, petitioner Lameeka McKinney, and co-defendant Robert Scott.[14] The testimony adduced at that hearing reflected that Mr. Wainwright had performed work on behalf of Ms. McKinney at the direction of Mr. Regan, and had done so without the knowledge of either petitioner McKinney or co-defendant Scott. At the conclusion of that hearing, the state district court entered an order disqualifying Regan and

---

11 R₁ at 183.

12 R₁ at 183-184. See also R₁ at 191 (prosecution's *Motion for Preliminary Examination to Perpetuate Testimony* containing the following assertion: "The State of Louisiana intends to compel the testimony of Robert Scott during Lameeka McKinney's trial, pursuant to L.S.A.-C.Cr.P. Art. 439.1.").

13 R₁ at 199.

14 See R₁ at 179 (minute entry); R₃ at 424-561 (transcript). See particularly R₃ at 455-475 (testimony of Ms. Funk); id. at 476-508 (testimony of Mr. Wainwright); id. at 508-514 (testimony of petitioner McKinney); id. at 514-517 (testimony of co-defendant Scott).

his firm as follows:

> Counsel for the defendant, Martin Regan, is laboring under an actual conflict of interest created when Ms. McKinney's co-defendant's former counsel, who was hired by Mr. Regan as a paralegal, performed work on Ms. McKinney's case.[15]

The petitioner sought review of this decision from the Louisiana Fifth Circuit Court of

Appeal. That court declined to exercise its supervisory jurisdiction, reasoning as follows:

> The trial court correctly determined that counsel for relator, Martin Regan, is laboring under an actual conflict of interest created when co defendant's former counsel, who was hired by Mr. Regan's firm as a paralegal, actually performed work on relator's case. An attorney laboring under an actual conflict of interest cannot render effective legal assistance to the defendant he is representing. State v. Cisco, 01-2732 (La. 12/3/03), 861 So.2d 118, 129. If an actual conflict exists, there is no need for a defendant to prove that he was also prejudiced thereby. Id. at 130. Here, the co defendant's former counsel testified that he performed work on relator's case prior to anyone speaking to relator about any potential conflict.

> Accordingly, this writ application is denied. Relator's request for a stay of these proceedings is also denied.

---

15 R₁ at 180.

The state district court's finding—that Mr. Regan was disqualified because his paralegal (who was formerly co-defendant's counsel) had performed work on the case—was remarkably similar to the finding of a Louisiana appellate court in a case cited by the prosecution in its argument to the court during the conflict inquiry hearing. See R₃ at 522, citing T.S.L. v. G.L., 976 So.2d 793 (La. App. 3 Cir. 2008). In that case, a Louisiana appellate court reasoned:

> WRIT GRANTED AND MADE PEREMPTORY. We find that the trial court abused its discretion in denying relator's motion to disqualify counsel. A lawyer is responsible for the conduct of their nonlawyer employees, and the lawyer "having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer." La.Rules Prof.Conduct Rule 5.3. Without informed, written consent, a lawyer is prohibited from representing a person in the same or substantially related matter in which a firm with which the lawyer was previously associated represented a client with materially adverse interests from the person or "about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter." La.Rules Prof. Conduct Rule 1.9(b). Here, a paralegal employed by the attorney for respondent had prior access to relator's privileged information while working for relator's former counsel. Therefore, because respondent's counsel is responsible for the conduct of her employees and because her paralegal has a direct conflict of interest in this case, this conflict disqualifies her from representing respondent. Therefore, we reverse, set aside, and vacate the trial court's ruling. We remand this matter to the trial court for further action in accordance with this ruling.

976 So.2d at 793-794.

6

*State v. Lameeka McKinney*, 13-K-68 (La. App. 5 Cir. 1/30/13) (unpub'd).[16] The Louisiana Fifth

Circuit Court of Appeal refused rehearing on March 4, 2013.[17]

     The petitioner then applied for relief from the Louisiana Supreme Court (docket 2013-

KK-0725) on April 3, 2013.[18] However, the petitioner moved to withdraw that application on

April 22, 2013, before any action was taken by the Louisiana Supreme Court.[19]

### *iii.*

     Petitioner's disqualified counsel returned to the state district court on May 20, 2013, and

filed a "Motion to Enroll."[20] The matter was addressed by the state district court on June 21,

2013, at which time the prosecution orally moved to "strike" the motion as the matter had

already been litigated. The state district court agreed, reasoning:

> As far as this Court's concerned, the Record is straight. The issue of
> whether or not a conflict existed was taken up, heard and affirmed by the
> Fifth (5th) Circuit. An actual conflict does exist, and the Court is going to
> strike the Motion to Enroll.[21]

The petitioner again sought review from the Louisiana Fifth Circuit of Appeal.[22]

     That court again denied relief, reasoning:

> On the showing made, we find no error in the trial court's "striking" the
> motion to enroll as counsel filed by Martin Regan. The issue of Mr.
> Regan;s representation of Lameeka McKinney has previously been ruled
> upon by the trial court. On January 29, 2013, the trial court ordered that
> Mr. Regan be removed as counsel for relator due to an actual conflict of
> interest. Relator thereafter sought review of the trial court's ruling in this

---

16 R$_3$ at 564.

17 See R$_3$ at 565-596 (application for rehearing); R$_3$ at 597 (court action).

18 R$_4$ at 598.

19 R$_4$ at 862-863.

20 R$_1$ at 30-34.

21 R$_5$ at 953-986 (transcript), particularly id. at 966:4 – 968:7 (prosecution argumetn) & id. at 973:2 – 973:12 (trial
court's reasons for ruling).

22 R$_5$ at 864-874.

Court. On January 30, 2013, this Court agreed with the trial court's determination that Mr. Regan had an actual conflict of interest and denied relator's writ application. State v. McKinney, 13-68 (La. App. 5 Cir. 1/30/13) (unpublished writ disposition). On March 4, 2013, this Court denied relator's application for rehearing.

We fmd that reconsideration of this issue is not warranted. No subsequent record has been presented to establish that this Court's prior determination was patently erroneous or produced unjust results. Although Mr. Regan did subsequently present the trial court with relator's affidavit/conflict of interest waiver, we find that such waiver does not mandate enrollment of counsel. Wheat v. United States, 486 U.S. 153, 162, 108 S.Ct. 1692, 1698, 100 L.Ed.2d 140 (1988).

Accordingly, we find no error in the trial court's ruling on relator's motion to enroll. This writ application is denied.

State v. McKinney, 13-K-548 (La. App. 5 Cir. 8/09/13) (unpub'd).

The petitioner then applied for relief with the Louisiana Supreme Court on September 9, 2013.[23] The Supreme Court declined to exercise its supervisory jurisdiction on December 6, 2013. State v. McKinney, 13-2166 (La. 12/06/13), 129 So.3d 535.[24]

## B.   FEDERAL COURT PROCEEDINGS.

Petitioner McKinney has filed a petition under 28 U.S.C. § 2241. She asserts three interrelated grounds for relief. The first is "Sixth Amendment Violation," the second is "[f]ailure to conduct a 'Garcia hearing,'" and the third is "[e]rroneous determination that a mere violation of a Rule of Professional Conduct required removal and that 'such conflict' was not waivable. . . ."[25] The relief that petitioner requests is "order me released or . . . allow me to have

---

23 R₇ at 1252-1265.

*A note on timeliness.*   The petitioner had thirty days from August 9, 2013, to seek review pursuant to La. S. Ct. Rule X, § 5(a). The thirtieth day was September 8, 2013. However, that date was a Sunday, and therefore the petitioner had until Monday, September 9, 2013, to seek review. See La. R.S. 1:55(E); La. C.Cr.P. art. 13; La. C.C.P. art. 5059. Although the writ application is stamped as received by the Louisiana Supreme Court on September 10, 2013 (R₇ at 1252), the official United States postmark reflects that the writ application was mailed on September 9, 2013 (R₇ at 1270). See La. S.Ct. Rule X, § 5(d). The application was thus timely filed.

24

25 Rec. Doc. 1, pp. 6-7.

8

privately retained counsel of choice."[26]

### III.    ANALYSIS OF MCKINNEY'S HABEAS CORPUS PETITION.

#### A.    TIMELINESS.

Respondent does not contend that the petition is untimely.

#### B.    EXHAUSTION.

Although § 2241 contains no express exhaustion requirement, such a requirement has been imposed jurisprudentially. See Dickerson v. Louisiana, 816 F.2d 220, 223 (5th Cir. 1987). Although McKinney's first application to the Louisiana Supreme Court was withdrawn (docket 13-KK-0725), the Louisiana Supreme Court did have an opportunity to rule on the merits of her claim when she filed her second application (docket 13-KK-2166). The purpose of the exhaustion requirement has thus been met.

#### C.    FAILURE TO STATE A CLAIM.

The *habeas corpus* statute, 28 U.S.C. § 2241, "shall not extend to a prisoner unless . . . [sh]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*, subsection (c)(3).

In this case, the petitioner is in custody as a result of an indictment for second-degree murder. Her claim—that she is being denied counsel of choice—is wholly independent of the cause of her custody. The indictment against her will remain pending until trial without regard to the identity of her attorney. She will thus remain in custody—whether detained or on bail— without regard to the identity of her attorney.

Because the petitioner fails to allege that the *cause* of her custody is a violation of the Constitution, she  fails to allege she is "*in custody* in violation of the Constitution" (emphasis supplied) so as to fall within the purview of the habeas corpus statute.  Her claim thus does not

---

26 Rec. Doc. 1, pg. 8 ("Request for Relief").

form a basis for the granting of habeas corpus relief. For this reason, the petitioner's habeas corpus petition should be dismissed.

### D.    <u>YOUNGER</u> ABSTENTION.

The United States Fifth Circuit Court of Appeals has held that the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), applies to a pre-trial petitions for habeas corpus relief. <u>See</u> <u>Kolski v. Watkins</u>, 544 F.2d 762, 764-765 (5th Cir. 1977). That doctrine requires that federal courts to decline to exercise jurisdiction over state criminal defendants' claims when the following three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." <u>Bice v. Louisiana Public Defender Board</u>, 677 F.3d 712, 716 (5th Cir. 2012) (citations omitted).

*Interference with an ongoing state judicial proceeding.*    There is an ongoing state judicial proceeding (case number 11-5008 on the docket of the 24th Judicial District Court for the State of Louisiana) and "an order from the federal court to the state court to reinstate prior counsel would interfere with the ongoing state criminal prosecution." <u>Langley v. Belleque</u>, 2005 WL 293639, at *11 (D. Or. 2005).[27]

---

[27] The <u>Langley</u> case involved a defendant who had been convicted of capital murder, was sentenced to death, and was thereafter granted a new penalty phase trial. At issue was the state district court's disqualification of the attorney that the petitioner had designated as his counsel of choice for the re-trial of the penalty phase. The federal district court abstained pursuant to <u>Younger</u> , as follows:

> In the event that Petitioner receives a death sentence in the state prosecution, he will be entitled to challenged his sentence in the state court on direct appeal and in post-conviction proceedings to assert his right to a new trial. Petitioner is not challenging the continued legality of his custody or the right to be free from retrial. A petitioner claiming constitutional injury from jury selection procedures or a discovery ruling has the same interest in avoiding trial prior to the resolution of his asserted constitutional violations as the Petitioner in this case.

> It is well established that defending oneself in a state criminal prosecution does not constitute irreparable injury in the special legal sense of that term required to justify federal interference. The exercise of federal jurisdiction at this stage in this proceedings

*Importance of state interest.* The interest at stake is the ability of the state courts to regulate the practice of law by attorneys in criminal cases. This is evidenced by the petitioner's Claim 3, which asserts that she is entitled to relief because of the "[e]rroneous determination that a mere violation of a Rule of Professional Conduct required removal" of her counsel. Those "mere" rules constitute a significant state interest, as was recognized by the United States Supreme Court in <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, 457 U.S. 423, 434-435 (1982).

*Adequate opportunity to challenge.* The petitioner here has twice sought review from the Louisiana Fifth Circuit Court of Appeal (13-K-68, 13-K-542), and has twice sought review from the Louisiana Supreme Court (2013-KK-0725, 2013-KK-2166). The petitioner has had ample opportunity to challenge the state district court's ruling.

*Lack of extraordinary circumstances.* In <u>Younger v. Harris</u>, *supra*, the Court recognized that "unusual situations calling for federal intervention might also arise, but there is no point in our attempting now to specify what they might be." It sufficed to note that, in that case, the petitioner had "failed to make any showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief." 401 U.S. at 54.

The United States Supreme Court reasoned that "trial courts, *when alerted by objection from one of the parties*, have an independent duty to ensure that criminal defendants receive a trial that is fair and does not contravene the Sixth Amendment." <u>Wheat v. United States</u>, 486 U.S. 153, 161 (1988) (emphasis supplied). Because a conflict of interest—if discovered after the trial—may result in a new trial, the prosecution has a valid interest in attempting to determine in advance of

---

in order to avoid the conduct of the trial does not amount to the irreparable injury necessary to circumvent the general rule against federal intervention in an ongoing state criminal prosecution.

2005 WL 293639, at *11 (citations omitted)

trial whether a conflict exists. All the prosecution did in this case was alert the court to a potential conflict of interest as soon as the prosecution became aware of that potential conflict. The prosecution's *Motion for Conflict of Interest Inquiry* was not submitted to the district court in bad faith or for the purpose of harassment.

The petitioner has failed to make any showing of bad faith, harassment, or other unusual circumstance calling for federal intervention in the state court proceedings. For these reasons, abstention pursuant to <u>Younger v. Harris</u> is warranted in this case.

<u>CONCLUSION</u>

Based on the foregoing, the State of Louisiana submits that petitioner Lameeka McKinney's claim for *habeas corpus* cannot and should not be entertained by this Court. Her petition should therefore be denied.

Respectfully Submitted,

<u>/s/ Matthew Caplan</u>
Matthew Caplan, #31650
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, Louisiana 70053
Tel: (504) 361-2535
Email: mcaplan@jpda.us

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a

copy, postage pre-paid, to:

> Ms. Lameeka McKinney, CCN # 1000176279
> Jefferson Parish Correctional Center
> 100 Dolhonde Street
> Gretna, LA 70053
> *Petitioner, pro se*.

This <u>16th</u> day of <u>April</u>, 20<u>14</u>, Gretna, Louisiana.

<u>/s/ Matthew Caplan</u>
Matthew Caplan
La. Bar No. 31650
Assistant District Attorney
Parish of Jefferson
