UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMEEKA MCKINNEY, # 1000176279** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-0489** |
| **NEWELL NORMAN, SHERIFF JEFFERSON PARISH** | **SECTION F (3)** |

<u>MEMORANDUM IN SUPPORT OF</u>
<u>RESPONDENT'S MOTION TO DISMISS 28 U.S.C. § 2241 PETITION</u>

MAY IT PLEASE THE COURT:

**I.   BACKGROUND.**

This case arises from a *pro se* petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241, in which the petitioner complains that the state courts denied her right to counsel of choice in a state court second-degree murder prosecution.

Counsel enrolled on behalf of the petitioner on June 30, 2014. Rec. Doc. 9. The Court ordered further briefing from petitioner's counsel on July 9, 2014. Rec. Doc. 11. The next day, however, the petitioner entered a plea of guilty to the lesser offense of manslaughter in the underlying state court criminal proceeding. Rec. Doc. 13.

1

On July 14, 2014, petitioner's counsel submitted it a pleading in which counsel "prays that this Honorable Court will maintain it's [sic] previously established briefing schedule in this matter." Rec. Doc. 17, pg. 2. That motion has yet to be ruled upon.

The respondent respectfully submits to this Court that the petitioner's plea of guilty in state court serves to render moot the instant petition for habeas corpus under 28 U.S.C. § 2241.

## II.   THE PETITION IS MOOT..

Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction. Yokey v. Collins, 985 F.2d 222, 228-229 (5th Cir. 1993). The petitioner sought federal habeas relief of a pre-trial issue: the pretrial disqualification of her retained counsel. She was subsequently convicted. See Rec. Doc. 13. Her claims for federal habeas relief of pretrial issues have been mooted by the conviction.

See also, e.g., Bridges v. Lawton, 13-3701 (E.D. Pa. 2/07/14), 2014 WL 516460, at *2 ("28 U.S.C. § 2241 vests a federal court with pretrial habeas corpus jurisdiction over prisoners in custody awaiting their state trials. However, since the filing of the instant § 2241 petition challenging certain aspects of his pretrial detention, Petition has been convicted and sentenced. Thus, Petitioner is no longer in pretrial custody and the instant petition is moot.") (citations omitted).

Because the petitioner's claim is moot, this Court should grant the respondent's motion to dismiss.

## III.   ADDRESSING THE ADDITIONAL CLAIMS ASSERTED BY PETITIONER'S COUNSEL IN PLEADINGS FILED SUBSEQUENT TO THE PETITIONER'S CONVICTION.

The petitioner appears to make additional claims through counsel attacking the validity of the guilty plea entered by the petitioner on July 10, 2014. See Rec. Doc. 17, pg. 1 ("Undersigned avers that the State cannot divest this Honorable Court of it's [sic] jurisdiction to

adjudicate a pretrial detainee's properly filed habeas petition asserting the deprivation of a federally guaranteed right by manipulating the judicial process to generate a 'guilty plea.' "). To the extent that petitioner's counsel claims that petitioner's plea of guilty was not voluntarily made, such claim is not properly before the court for two reasons: First, the claim has not been presented to the state courts; it is unexhausted. Second, 28 U.S.C. § 2241 only "empowers district courts to issue the writ [of habeas corpus] *before* a judgment [of conviction and sentence] is rendered in a criminal proceeding."[1] Following conviction and sentence, a petitioner must proceed under 28 U.S.C. § 2254 rather than through § 2241.[2]

To the extent that the petitioner seeks relief from her judgment of conviction, such claims are not properly before the court in a petition filed under 28 U.S.C. § 2241. Accordingly, such claims should have no effect on the adjudication of the instant matter.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
Parish of Jefferson
200 Derbigny Street
Gretna, Louisiana 70053
Tel: (504) 361-2687
Email: mcaplan@jpda.us

---

1  Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (emphasis supplied).

2  See, e.g., Coady v. Vaughn, 251 F.3d 480, 484-485 (3d Cir. 2001) (noting that § 2254 governs "writs of habeas corpus on behalf of a person *in custody pursuant to the judgment of a state court*" and discussing the "canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one") (emphasis supplied).

3

CERTIFICATE OF SERVICE

  I hereby certify that I have on this the 17th day of July, 2014, served a copy of this pleading on **Martin E. Regan, Jr.,** counsel of record for the petitioner, through the Court's CM/ECF electronic filing system.

                   /s/ Matthew Caplan
                   Matthew Caplan
                   La. Bar No. 31650
                   Assistant District Attorney
                   Parish of Jefferson